**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

**STATE OF RHODE ISLAND,** by and through
**the RHODE ISLAND DEPARTMENT OF**
**ENVIRONMENTAL MANAGEMENT**

COPY

*Plaintiff,*

**Civil Action No. ______**

**TOWN OF COVENTRY, RHODE ISLAND,**
**A. CARDI REALTY CO., INC.,**
**ARKWRIGHT, INC.,**
**CNA HOLDINGS, INC., f/k/a Hoechst Chemical Corp. and American Hoechst Corp.,**
**CHEVRON U.S.A. INC.,**
**CIBA SPECIALTY CHEMICALS CORPORATION,**
**GARLAND INDUSTRIES, INC.,**
**MALLINCKRODT INC.,** f/k/a International Minerals & Chemicals Corp.,
**SOLUOL, INC.,**
**SUNOCO, INC.,**
**TEXACO, INC.,**
**UNIROYAL HOLDING, INC.,**
**UNION OIL COMPANY OF CALIFORNIA** (d/b/a Unocal), for its former subsidiary American Mineral Spirits Co.,
**WHITTAKER CORPORATION**

*Defendants.*

**PARTIAL CONSENT DECREE**

## I. BACKGROUND

A. This Partial Consent Decree ("Consent Decree") is entered into by the State of Rhode Island (the "State") and the entities listed in Appendix A (the "Settling Defendants") in order to resolve potential liability for State claims concerning the Coventry Landfill Site (the "Site") in Coventry, Rhode Island, under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*; the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901, *et seq.*; the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws §§ 23-19.1; 46-12; the Rhode Island Industrial Property

Remediation and Reuse Act, R.I. Gen. Laws §§ 23-19.14, et seq., the Rhode Island Groundwater Protection Act, R.I. Gen. Law §§ 46-13.1, et seq., the Rhode Island Water Pollution Act, R.I. Gen. Laws §§ 46-12-1, et seq., and the common law of nuisance and strict liability. .

B. Following the issuance by the Rhode Island Department of Environmental Management ("RIDEM" or the "Department") of Letters of Responsibility ("LORs") to a large number of Potentially Responsible Parties ("PRPs") in June 2003, a group of PRPs identified in Exhibit A as the Settling Defendants executed the Coventry Landfill Group Agreement under the terms of which the Settling Defendants agreed to finance and perform certain environmental investigation activities at the Site in accordance with CERCLA and the Department's Rules and Regulations for the Investigation and Remediation of Hazardous Material Releases (the "Remediation Regulations").

C. The State, in its complaint, and in entering into this Consent Decree, seeks to resolve certain issues involving the payment and performance of a Remedial Investigation/Feasibility Study ("RI/FS") by the Settling Defendants at the Site consistent with the National Contingency Plan, 40 CFR Part 300 (as amended) ("NCP"), the Remediation Regulations, and State law, and the reimbursement of Oversight Costs incurred by the State for the RI/FS conducted at the Site. This Consent Decree is an interim agreement and is not intended to be a final resolution of all issues related to the Site. Accordingly, all parties expressly reserve their rights as set forth in Section VI, Paragraph D, regarding any issues not addressed herein.

D. The Settling Defendants specifically deny all liability arising out of any alleged transactions or occurrences relating to the Site, and they deny that the release or threatened release of hazardous substance(s) at or from the Site constitutes an imminent or substantial

endangerment to the public health or welfare or the environment. The State asserts that Site conditions pose a threat of release of hazardous substances within the meaning of CERCLA, the Remediation Regulations, and other applicable law.

E. This Consent Decree shall not constitute or be interpreted, construed or used as evidence of any admission of liability, law, or fact, or as an admission of any wrongdoing, or violation of law. Except to enforce the terms of this Consent Decree, including obtaining access to the Coventry Landfill and/or any surrounding affected property, or in connection with insurance coverage proceedings, this Consent Decree shall not be admissible in evidence in any judicial or administrative proceeding.

F. The Parties recognize that Nicholas Cambio, Commerce Park Realty, LLC, Universal Properties or another entity owned or controlled by Mr. Cambio: (1) is in possession of a long-term lease of the Coventry Landfill, and (2) owns other property surrounding the Landfill, and that access will be required to the Coventry Landfill and other properties controlled by Mr. Cambio in order for the Remedial Investigation/Feasibility Study to be performed.

G. For the purposes of Section 113(f) and (j) of CERCLA, and R.I. Gen. Laws 23-19.14 *et seq*., the RI/FS to be paid for and performed by the Settling Defendants pursuant to this Decree shall constitute a response action taken or ordered by the State and is deemed to be consistent with the NCP, compliant with the Remediation Regulations, and conforming to the applicable or relevant and appropriate requirements of State law.

H. The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and that implementation of this Consent Decree will expedite the investigation of environmental conditions at the Site and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree

is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1345, and 42 U.S.C § 9607, and 9613(b). This Court also has personal jurisdiction over the Settling Defendants. The Court has pendent jurisdiction over State claims related to this Site. Solely for the purposes of this Consent Decree, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not file comments opposing entry of this Decree and shall, if required, join in a motion to approve and to enter the Decree. Settling Defendants shall not challenge the terms of the Decree and shall not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

This Consent Decree applies to and is binding upon the State and upon Settling Defendants and their successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets of real or personal property shall in no way alter such Settling Defendant's responsibilities under this Consent Decree.

## IV. DEFINITIONS

Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in CERCLA shall have the meaning assigned to them in CERCLA. Whenever the terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

*Court* shall mean the United States District Court for the District Rhode Island.

*Covered Matters* shall mean the State's costs and claims in connection with the Site, including Past Response Costs and interest on these obligations and Oversight Costs, through and including the State's approval of the performance of the RI/FS. Covered Matters shall also include any State costs that are reimbursed by private parties. All of these claims are being compromised and resolved in return for the undertakings of the Settling Defendants as set forth in this Consent Decree.

*Day* shall mean a calendar day. In computing any period of time under this Consent Decree where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

*Interest* shall mean interest at the rate specified for interest or investments of the Hazardous Substance Superfund established under Subchapter A of Chapter 98 of Title 26 of the U.S. Code, and in accordance with 42 U.S.C. § 9607(a).

*National Contingency Plan* or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 CFR part 300, including, but not limited to, any amendments thereto.

*Oversight Costs* shall mean all costs incurred by the State in reviewing plans, reports, and other items pursuant to this Consent Decree, verifying the work or in otherwise overseeing and implementing this Consent Decree including, but not limited to, payroll costs of technical and legal personnel, contractor costs, travel costs, and laboratory costs.

*Parties* shall mean the State of Rhode Island and the Settling Defendants, and "Party" shall mean any one of these Parties.

*Past Response Costs* shall mean all costs, including, but not limited, to, those incurred or paid with regard to the Site, whether by letter agreement or otherwise, prior to and including the date on which the Court enters this Consent Decree. This term shall include, but not be limited to, all costs incurred or paid by the State as of the entry of this Consent Decree, regardless of whether such costs are paid from the State's Environmental Response Fund, R.I. Gen. Laws §§ 23-19.1-23 or from other funding sources or otherwise. The term shall include all costs that the State has incurred or paid with regard to any investigation, monitoring and/or assessment of the Site, including but not limited to the Preliminary Assessment, Site Evaluation Report and any State costs associated with the operation, maintenance and closure of the Site by the owners of the Site. Past Response Costs also include legal fees for attorneys and legal assistants employed by the Rhode Island Department of Environmental Management and the Rhode Island Attorney General's Office, fees of any independent counsel hired by the State, costs of travel and investigation associated with enforcement, document production costs, and any court costs.

*Paying Settling Defendants* shall mean those entities identified in Appendix B.

*Performing Settling Defendants* shall mean those entities identified in Appendix C.

*Potentially Responsible Parties, or PRPs,* shall mean all those entities identified in Appendix D that received Letters of Responsibility from the State for alleged environmental conditions at the Coventry Landfill.

*Remedial Investigation/Feasibility Study, or "RI/FS"* shall mean the work performed by the Performing Settling Defendants under this Consent Decree.

*Remedial Investigation/Feasibility Study Work Plan or "RI/FS Work Plan"* shall mean the Work Plan attached to this Consent Decree (with appendices omitted and with comments by the State and the reply to those comments by the Performing Settling Defendants), identified as

Appendix E. Under the State's Remediation Regulations, the RI/FS is denominated as a "Site Investigation."

*Resource Conservation and Recovery Act ("RCRA")* shall mean the Solid Waste Disposal Act, Subtitle III as amended, 42 U.S.C. §§ 6921-6956.

*RIDEM* shall mean the Rhode Island Department of Environmental Management and any successors, departments or agencies of the State.

*Section* shall mean a portion of this Consent Decree identified by a Roman numeral.

*Settling Defendants* shall mean those entities identified in Appendix A.

*Site* shall mean the Coventry Landfill and the affected adjacent property located in Coventry, Rhode Island.

*State* shall mean the State of Rhode Island.

*Waste Material* shall mean: (1) any "hazardous substance" under § 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any pollutant or contaminant under § 101(33) of CERCLA, 42 U.S.C. § 9601(33); (3) any "solid waste" under

§ 1004(27) of RCRA, 42 U.S.C. § 6903(27); and (4) any "hazardous material" under the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws §§ 23-19.1 and 23-19.14.

## V. GENERAL PROVISIONS

### A. Objectives of the Parties

The objectives of the Parties in entering into this Consent Decree are to protect public health and welfare and the environment at the Site by facilitating the design and implementation of response actions at the Site through the payment and performance of the RI/FS by the Settling Defendants.

B. Commitments by Settling Defendants

1. The Paying Settling Defendants shall pay prior to the effective date of this Consent Decree an amount equal to $83,664 (the "Cash Payment") with total payments by each of $11,952 in an escrow account to be established by the Performing Settling Defendants for performance of the RI/FS by the Performing Settling Defendants pursuant to this Consent Decree.

2. The Performing Settling Defendants shall be jointly and severally obligated to perform the RI/FS in accordance with the RI/FS Work Plan attached to this Consent Decree as Appendix E.

3. The Performing Settling Defendants shall reimburse the State for Oversight Costs as defined in Section IV. The obligation of the Performing Settling Defendants to reimburse amounts owed the State for Oversight Costs under this Consent Decree are joint and several.

4. In the event of the insolvency or other failure of any one or more of the Performing Settling Defendants to implement the requirements of this Consent Decree, the remaining Performing Settling Defendants shall complete all such requirements. The Performing Settling Defendants shall cooperate with State authorities discharging their duties at the Site.

C. "Force Majeure"

1. "Force Majeure" for purposes of this Consent Decree is defined as any event arising from causes beyond the control of the Performing Settling Defendants, or any entity controlled by Performing Settling Defendants, or of Performing

Settling Defendants' contractors, that may delay or results in a delay or prevents the performance of any obligation under this Consent Decree, provided, however, that Performing Settling Defendants shall not be required under this Consent Decree to pay any other PRP as listed on Appendix D or an affiliated person or entity for access to property required to perform the RI/FS. This term includes the obstruction of access to such property or interference with the performance of the RI/FS required under this Consent Decree by any person or entity.

2. If any event occurs, has occurred or is reasonably expected to occur that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Performing Settling Defendants shall notify the State verbally within forty-eight hours and in writing within seven days of actual notice to the Performing Settling Defendants of the occurrence or likely occurrence of such an event. This notice shall include an explanation and description of the potential delay, the anticipated duration of the delay, any actions taken to prevent or minimize the delay, a schedule for implementation of any actions to address or mitigate the delay, and a statement setting forth the Performing Settling Defendants' rationale for attributing such delay to a force majeure event.

3. If the State agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree affected by the force majeure event shall be extended for such time as the State believes is reasonably necessary to complete such obligations. The State shall notify the Settling Defendants in writing of the length of any such extension. If the State does not agree that the delay or potential delay is attributable to a force majeure event, it shall so notify the Settling Defendants in writing within 10 days of receipt of notice of the delay or potential delay. Disputes concerning force majeure claims shall be resolved in accordance with the Dispute

Resolution provisions of this Consent Decree.

4. If a force majeure event arises or is reasonably anticipated from actions taken or threatened by any person or entity who owns or controls property the access to which is necessary to perform the RI/FS, and such force majeure event obstructs access to such property or impedes the performance of the RI/FS provided for under this Consent Decree, then upon request from Performing Settling Defendants, the State will in its discretion take or assist the Performing Settling Defendants in taking appropriate action in federal or state court, or take administrative action pursuant to the State's authority under applicable state law, to secure appropriate access and to terminate interference with the performance of the RI/FS provided for in this Consent Decree. The Performing Settling Defendants agree that they will pursue all reasonable remedies prior to seeking the assistance of the State. In the event the State acts under this provision, Performing Settling Defendants agree to cooperate fully with the State in any such action.

D. Dispute Resolution

1. Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the Parties to the dispute. The period for informal negotiations shall not exceed 20 days from the time the dispute arises, unless it is modified by written agreement of the Parties to the dispute. The dispute shall be considered to have arisen when one Party sends the other Parties a written Notice of Dispute.

2. In the event that the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the State shall be considered binding, unless within 21 days after the conclusion of the information negotiation period, the Performing

Settling Defendants file with the Court and serve on the Parties a motion for judicial review of the matter. The State may file a response to such motion within 21 days of service.

## VI. COVENANTS BY STATE

A. In consideration of Paying Settling Defendants' execution and compliance with this Consent Decree, including payment of the Cash Payment, the State covenants not to sue Paying Settling Defendants for Covered Matters pursuant to Sections 106, 107, 113, or 310 of CERCLA, RCRA, the Rhode Island Hazardous Waste Management Act, or pursuant to any other Federal or State statute or common law. In consideration of the Performing Settling Defendants' execution and compliance with this Consent Decree, including but not limited to performance of the RI/FS pursuant to this Consent Decree and the incorporated RI/FS Work Plan (except as specifically provided in Section VI.C.), and payments of the State's Oversight Costs, as defined in Section V, by the Performing Settling Defendants, the State covenants not to sue Performing Settling Defendants for Covered Matters pursuant to Sections 106, 107, 113, or 310 or CERCLA, RCRA, the Rhode Island Hazardous Waste Management Act, or pursuant to any other Federal or State statute or common law. The covenants not to sue in this Section shall take effect upon entry of this Consent Decree by the Court pursuant to Section XI. These covenants not to sue are conditioned upon the satisfactory performance by Paying Settling Defendants and Performing Settling Defendants of their respective obligations under this Consent Decree. "Satisfactory Performance" for purposes of this Section shall mean for the former payment of the Cash Payment as provided in this Consent Decree and for the latter, implementation and completion of the RI/FS and receipt of a letter of compliance and a certification of completion of the RI/FS from the State as provided in the RI/FS Work Plan and payment of all Oversight Costs. These covenants not to sue extend only to the Settling Defendants and do not extend to any other

person.

B. State's reservations. Notwithstanding any other provision of this Consent Decree, the State reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action seeking to compel Settling Defendants to carry out their obligations under this Consent Decree and/or the RI/FS Work Plan attached hereto.

C. General Reservations of Rights. The covenants not to sue in Sections VI and VII do not pertain to any matters other than Covered Matters. The State reserves, and this Consent Decree is without prejudice to all rights against Settling Defendants with respect to all other matters, and Settling Defendants reserve all their rights (including defenses, counterclaims, and setoffs) against the State with respect to all other matters, including but not limited to the following:

a. claims based on a failure by Paying Settling Defendants or Performing Settling Defendants to meet a requirement of this Consent Decree or the RI/FS Work Plan, including but not limited to litigation or other costs incurred by the State in the enforcement of this Consent Decree and the right to request monetary non-compliance penalties for failures to comply with the Consent Decree or RI/FS Work Plan that are willful, knowing or not promptly mitigated;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials at sites other than the Coventry Landfill except where said Waste Materials have migrated, from the Coventry Landfill;

c. criminal liability, if any;

d. liability, if any, for violations of Federal or State law beyond the purview of covenants by the State in Section VI A;

e. liability for damages to wetlands, groundwater or other natural resources of the State; and

f. liability for remedial design and remedial action subsequent to the remedial investigation and feasibility study provided for in this Consent Decree.

As among Settling Defendants, in case of any inconsistency between this Consent Decree and their agreements among themselves, the agreements shall control as among themselves.

**VII. COVENANTS BY SETTLING DEFENDANTS**

Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the State with respect to the Site or this Consent Decree and/or Covered Matters (see Section IV). However, the Settling Defendants reserve, and this Consent Decree is without prejudice to, actions against the State based on negligent actions taken directly by the State after the date of entry of this Consent Decree or the date that work commences on the RI/FS, whichever is earlier (excluding claims relating to: (1) emergency response actions; (2) the State's oversight or approval of the Settling Defendant's plans or activities or (3) any claim for negligent regulation or failure to regulate the activities giving rise to conditions at the Site as of the date of entry or the date of the commencement of the RI/FS) that are brought pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is found in a statute other than CERCLA.

## VIII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person or entity not a signatory to this decree may have under applicable law. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

A. The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants are entitled, as of the Effective Date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) and Section 122(h), 42 U.S.C. § 9622(h) for Covered Matters, and as provided by Rhode Island General Laws § 23-19.14 for Covered Matters.

B. The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for Covered Matters, they will notify the State in writing no later than 30 days prior to the initiation of such suit or claim.

C. The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for Covered Matters, they will notify in writing the State within 20 days of service of the complaint on them. In addition, Settling Defendants shall notify the State within 7 days of service or receipt of any Motion for Summary Judgment and within 7 days of receipt of any order from a court setting a case for trial.

D. The Parties agree, and by entering this Consent Decree this Court finds, that the payments and obligations required by this Consent Decree represent an assumption by all Settling

Defendants of not less than their equitable share of all responsibility at the Site.

## IX. NOTICES AND SUBMISSIONS

Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent to the State, by Settling Defendants or to the Settling Defendants by the State, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Should there be change notice must be given within 30 days of such written notices to the State and to the Settling Defendants shall be sent as follows.

As to the State:

Laurie Grandchamp
Supervising Engineer
RIDEM – Office of Waste Management
235 Promenade Street
Providence, R.I. 02908

As to the Settling Defendants:

Sheila Patnode
Town of Coventry
1670 Flat River Road
Coventry, RI 02816-8911

## X. EFFECTIVE DATE

The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court.

## XI. RETENTION OF JURISDICTION

The Court retains jurisdiction over the subject matter of this Consent Decree and the

Parties for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XII. APPENDICES

The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is the complete list of the Settling Defendants. "Appendix B" is the list of Paying Settling Defendants. "Appendix C" is the list of Performing Settling Defendants. "Appendix D" is a complete list of known Potentially Responsible Parties at the Site as of the date the Consent Decree was lodged with the Court. "Appendix E" is the RI/FS Work Plan (with appendices omitted and with comments by the State and the reply to those comments by the Performing Settling Defendants included).

## XIII. MODIFICATION

A. Schedules specified in this Consent Decree may be modified by agreement of the State and the Settling Defendants. All such modifications shall be made in writing.

B. Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

A. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The State shall also publish notice of the Consent Decree in a newspaper of general circulation within the State, and allow thirty days from the publication to receive public comments about the Consent Decree addressed to the supervising engineer. After the public comment period, the State may modify or withdraw its

consent to this Consent Decree if comments received disclose facts or considerations which indicate that this Consent Decree is inappropriate or inadequate.

B. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of the State or any Settling Defendant as to that entity and the terms of the agreement may not be used as evidence in any litigation between or against the State and any of the Settling Defendants.

## XV. SIGNATORIES/SERVICE

A. Each undersigned representative of a Settling Defendant and the State of Rhode Island certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

B. Each Settling Defendant hereby agrees to join in a motion to approve and enter this Consent Decree by this Court. Each Settling Defendant agrees not to challenge any provision of this Consent Decree.

C. Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

So order this _______ day of ___________________________, 2005

_________________________________________
United States District Judge

THE PLAINTIFF, State of Rhode Island, by and through its DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, hereby enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry et al., relating to the Coventry Landfill.

RHODE ISLAND DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT

Leo Hellested, Chief
RIDEM – Office of Waste Management

Date: July 28, 2005

Agent authorized to accept service on behalf of the above-named party:

Brian A. Wagner, Esq.
Deputy Chief Legal Counsel
RIDEM – Office of Legal Services
235 Promenade Street
Providence, RI 02908
Telephone (401) 222-6607

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Town of Coventry

Date: 8-11-05

By [signature]

Print Name: Richard P. Sullivan

Title: Acting Town Manager

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Patrick J Sullivan

Title: Town Solicitor

Address: 535 Tiogue Ave Suite 3
Coventry RI 02816

Telephone: 401- 823-7991

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For A. Cardi Realty Co., Inc.

Date: May 3, 2005

By ______________________

Print Name: Stephen A. Cardi

Title: Treasurer

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Anthony F. Muri

Title: Goldenberg & Muri LLP

Address: 10 Weybosset Street

Providence, RI 02903

Telephone: 401-421-7300

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Arkwright, Inc.

Date: May 31, 2005

By [signature]

Print Name: Gregory L. Benik

Title: Counsel for Arkwright, Inc.

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Gregory L. Benik

Title:

Address: Holland & Knight LLP
One Financial Plaza 18th Floor

Telephone: Providence, RI 02903



(401) 824-5104
greg.benik@hklaw.com.

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For CNA Holdings Inc (Celanese)

Date: 4/25/2005

By [signature]

Print Name: Richard G. Hanlon

Title: Sr. Manager, Remediation

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: David B. Graham

Title: ____________________

Address: Kaufman & Canoles

4801 Courthouse St., Suite 300

Williamsburg, VA 23188

Telephone: 757-259-3855

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Chevron Environmental Management Company,
for itself and on behalf of Chevron U.S.A. Inc. and Texaco Inc.

Date: 05/02/05

By: [signature]

Print Name: Gordon A. Turl

Title: Business Unit Manger
Chevron Environmental Management Company

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Corporation Service Company

Title: ______________________

Address: 222 Jefferson Blvd., Suite 200

Warwick, RL 02888

Telephone: 1-800-222-2122

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Ciba Specialty Chemicals Corporation (assuming any liability of Ciba-Geigy Corporation for purposes of this matter) for itself and Novartis Corporation

Date: April __, 2005

By: [signature]

Print Name: Douglas J. Hefferin

Title: VP Env Health Safety

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Jean Warshaw
Address: 177 East 87th Street, Suite 201C
New York, New York 10128
Telephone: 212 722-2240

and

Name: Dayna Jordan
Address: Ciba Specialty Chemicals Corporation
540 White Plains Road
Tarrytown, New York 10591
Telephone: 212 722-2240

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Garland Industries, Inc.

Date: May 12, 2005

By [signature]

Print Name: Louise Lanoie

Title: President

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: ______________________

Title: ______________________

Address: ______________________

______________________

Telephone: ______

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Mallinckrodt Inc., a New York corporation, fka International Minerals & Chemicals Corp.

Date: April 28, 2005

By Patricia H Duft

Print Name: Patricia H. Duft

Title: Vice President, Legal

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Patricia H. Duft

Title: Vice President, Legal

Address: 675 McDonnell Blvd.
St. Louis MO 63042

Telephone: 314-654-6314

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Solvol, Inc.

Date: 4-18-05

By [signature]

Print Name: William A McCourt

Title: CFO / Treasurer

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Richard A. Sherman, Esq.

Title: Edwards & Angell LLP

Address: 2800 Financial Plaza

Providence RI 02903

Telephone: 401-276-6513

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Sunoco, Inc (R&M)

Date: May 10, 2005

By [signature]

Print Name: Thomas J. Haines

Title: Senior Counsel

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: C T Corporation

Title: ________

Address: 10 Weybosset Street

Providence, Rhode Island 02903

Telephone: (401) 861-7400

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Union Oil Company of California, doing business as Unocal, for its former subsidiary American Mineral Spirits Company

Date: 6/7/05

By [signature]

Print Name: BRIAN J. KELLY

Title: ATTORNEY-IN-FACT

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: _Elaine M. Perry_

Title: ______

Address: _14141 Southwest Freeway_

_Sugar Land, TX 77478_

Telephone: _(281) 287-6001_

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For UNIROYAL HOLDING, INC.

Date: April 15, 2005

By Robert V. D'Angelo Jr.

Print Name: Robert V. D'Angelo Jr.

Title: Vice President and General Counsel

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Susan H. Shumway

Title: Attorney

Address: 155 Post Road East

Westport CT 06880

Telephone: 203-221-8710

THE UNDERSIGNED SETTLING DEFENDANT enters into this Consent Decree in the matter of State of Rhode Island v. Town of Coventry, Rhode Island, et al., relating to the Coventry Landfill.

For Whittaker Corporation

Date: May 3, 2005

By [signature]

Print Name: Eric G. Lardiere

Title: Vice President, Secretary and General Counsel

Agent authorized to accept service on behalf of the above-signed Party, exclusive of Summons and Complaint in this action:

Name: Eric G. Lardiere

Title: Vice President, Secretary and General Counsel

Address: 1955 N. Surveyor Avenue

Simi Valley, CA 93063

Telephone: (805)526-5700 ext 6650