# UNITED STATES DISTRICT COURT

**FOR THE**

# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND, ET AL.** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 05-346ML** |
| | ) | |
| **TOWN OF COVENTRY, R.I. et al.** | ) | **Motion to Amend Complaint** |
| | ) | |
| **Defendants** | ) | |

The State of Rhode Island ("State"), by and through the authority of the Department of Environmental Management ("RIDEM"), hereby moves the Court for permission to amend the Complaint in the above-captioned matter to add two (2) new defendants: Commerce Park Associates 9, LLC and Commerce Park Realty, LLC. A copy of the State's proposed First Amended Complaint is appended hereto as an exhibit. In support of this Motion, Plaintiff relies on the Memorandum of Law filed herewith.

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

BRIAN A. WAGNER (No. 4033)
235 Promenade Street
Providence, Rhode Island 02908
Tel. (401) 222-6607
Fax (401) 222-3378

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2006, a copy of the within Motion to Amend Complaint was served on the following parties:

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903-2808

Gregory Benik, Esq.
Holland & Knight
1800 Hospital Trust Tower
Providence, RI 02903

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse St.
Williamsburg, VA 23188

Jean Warshaw Esq.
177 East 87th Street
Suite 201C
New York, NY 10128

Richard Sherman, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Pat Duft
Vice President, Legal
675 McDonnell Blvd.
St. Louis, MO 63042

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Jill A. Tracy, Esq.
376 South Valencia Ave.
Brea, CA 92823

Thomas J. Haines
Sunoco, Inc (R&M)
Law Department
1735 Market St., Suite LL
Philadelphia, PA 19103

Eric G. Lardiere
Vice President, Secretary & General Counsel
Whittaker Corporation
1955 North Surveyor Avenue
Simi Valley, CA 93063

Richard T. Hughes, Esq.
ChevronTexaco
Law Department
1500 Louisiana St.
Room 36050 C
Houston, TX 77002

S. Paul Ryan, Esq.
670 Willett Ave.
East Providence, RI 02915

By regular mail, postage pre-paid.

Ilene Lennox

# UNITED STATES DISTRICT COURT

**FOR THE**

# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND, ET AL.** <br> **Plaintiffs** <br> **v.** <br> **TOWN OF COVENTRY, R.I. et al.** <br> **Defendants** | ) | **C.A. No. 05-346ML** <br> **Memorandum Supporting Plaintiff's Motion to Amend Complaint** |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff, State of Rhode Island (the "State") hereby seeks to amend its complaint in the above-captioned matter for the purpose of adding two (2) new defendants: Commerce Park Associates 9, LLC and Commerce Park Realty, LLC. Each of these limited liability corporations are potentially responsible parties under CERCLA by virtue of their ownership, operation or control of property upon which wastes or contamination relating to the Coventry Municipal Landfill have come to be located. The two corporations in question are related in that they are either directly or indirectly owned and/or operated by one Nicholas E. Cambio.[1] (Collectively referred to herein as the "Cambio Corporations."). The Cambio Corporations have made themselves necessary parties to the within matter by refusing to allow reasonable access to their properties by other responsible parties to conduct a Court-approved Remedial Investigation/Feasibility Study ("RI/FS").

On August 15, 2005, the State filed a complaint and lodged a Partial Consent Decree (the "Partial CD") concerning the Coventry Municipal Landfill located on Arnold Road in the Town of Coventry, Rhode Island (the "Landfill"). The Partial CD represents a settlement between the State and the fourteen (14) defendants named in the original Complaint (the "Settling Defendants"), wherein the defendants agree to finance and perform a RI/FS in accordance with CERCLA and the State's Rules and Regulations for the Investigation and Remediation of

[1] Incorporation records from the Rhode Island Secretary of State indicate that: (i) Nicholas E. Cambio is a Manager of Commerce Park Associates 9, LLC and Commerce Park Realty, LLC; (ii) the registered agent for each limited liability corporation is Universal Properties Group, Inc., of which Mr. Cambio is president; and that (iii) the registered address for Mr. Cambio and the three corporations is 207 Quaker Lane, Suite 300, West Warwick, Rhode Island.

Hazardous Material Releases (the "Remediation Regulations"). No objections to the Partial CD were received during the public notice and comment period that preceded this Court's entry of the Partial CD on October 13, 2005.

Although the Landfill is owned by the Town of Coventry, one of the Settling Defendants, the property is currently leased to Commerce Park Associates 9, LLC. In addition, waste from Landfill operations is known to have been disposed of on one or more adjacent properties owned by Commerce Park Realty, LLC. Once the Partial CD was entered, Settling Defendants' first step towards implementing the RI/FS was to request access to the Landfill and adjacent properties (collectively, the "Site") from the Cambio Corporations. (A copy of the Settling Defendants' October 26 2005 request to Nicolas E. Cambio for access to the Site is attached hereto as "Exhibit 1.") On January 24, 2006, three months after the Settling Defendants request for access was proffered, the State and the Settling Defendants received an edited version of their access agreement by e-mail from Mr. Cambio's attorney. Among other things, the edited access agreement demands that the State and the Settling Defendants provide the Cambio Corporations with a covenant not to sue and contribution protection in order to secure access to the Landfill and adjacent properties. In addition, unlike the limited protections provided to the Settling Defendants in the Partial CD, which covered only the performance of the RI/FS, the demand made by the Cambio Corporations seeks full protection from suit for both the investigation and remedial phases of the clean up process.

Given that the Cambio Corporations are potentially responsible parties under CERCLA, see 42 U.S.C. 9607(a)(1), the State finds that their demand for full indemnification and protection from suit in return for simply allowing access to the Site, is wholly unreasonable, substantively and procedurally unfair to the parties funding and performing the RI/FS and inconsistent with the purposes of CERCLA. See United States v. Cannons Engineering Corp., 889 F.2d 79, 85 (1st Cir. 1990); see also, United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1085 (1st Cir. 1994); and United States v. DiBiase, 45 F.3d 541, 544 (1st Cir. 1995). The State considers such a demand to be so far outside the bounds of fairness required for CERCLA settlements as to be unworthy of consideration or response. Furthermore, even if the State were amenable to such terms, it doubts very strongly that either the Court or the Settling Defendants would permit the Cambio Corporations to be absolved from their liabilities under CERCLA in return for simply allowing others to investigate and clean up the contamination on their properties given current case law regarding the entry of CERCLA settlements.

The State notes that Commerce Park Realty, LLC was amongst the first potentially responsible parties to receive Letters of Responsibility back in May 2003. Commerce Park Realty, LLC was not named as a defendant in the original Complaint because, unlike the remaining defendants, Mr. Cambio vehemently refused to participate in any investigation or clean up of the Site. However, neither the State nor the Settling Defendants believed that Mr. Cambio's refusal to *participate* in the investigation or clean up of his property would lead him to prevent others from stepping forward to perform that work by denying them access to the Site.

For these reasons, the State seeks leave to amend its complaint to add the Cambio Corporations as defendants to the within matter so as to: (1) facilitate reasonable access to the Site; and (2) adjudicate the Cambio Corporations' liability under CERCLA.

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

BRIAN A. WAGNER (R.I. Bar No. 4033)
235 Promenade Street
Providence, Rhode Island 02908
Tel. (401) 222-6607
Fax (401) 222-3378

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2006, a copy of the within Memorandum Supporting Plaintiff's Motion to Amend Complaint was served on the following parties:

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903-2808

Gregory Benik, Esq.
Holland & Knight
1800 Hospital Trust Tower
Providence, RI 02903

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse St.
Williamsburg, VA 23188

Jean Warshaw Esq.
177 East 87th Street
Suite 201C
New York, NY 10128

Richard Sherman, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Pat Duft
Vice President, Legal
675 McDonnell Blvd.
St. Louis, MO 63042

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Jill A. Tracy, Esq.
376 South Valencia Ave.
Brea, CA 92823

Thomas J. Haines
Sunoco, Inc (R&M)
Law Department
1735 Market St., Suite LL
Philadelphia, PA 19103

Eric G. Lardiere
Vice President, Secretary &
General Counsel
Whittaker Corporation
1955 North Surveyor Avenue
Simi Valley, CA 93063

Richard T. Hughes, Esq.
ChevronTexaco
Law Department
1500 Louisiana St.
Room 36050 C
Houston, TX 77002

S. Paul Ryan, Esq.
670 Willett Ave.
East Providence, RI 02915

By regular mail, postage pre-paid.

Ilona Lennox