# UNITED STATES DISTRICT COURT

FOR THE

# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND, ET AL.** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 05-346ML** |
| | ) | |
| **TOWN OF COVENTRY, R.I. et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## Motion for Injunctive Relief Authorizing Access to Property to Perform RI/FS

The State of Rhode Island ("State"), by and through the authority of the Department of Environmental Management ("RIDEM"), hereby moves the Court for injunctive relief authorizing the Performing Settling Defendants, as identified in the Partial Consent Decree entered by the Court on October 13, 2005, to enter upon properties owned and leased by defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC for the purpose of performing the Remedial Investigation/Feasibility Study identified in the Partial Consent Decree. In support of this Motion, Plaintiff relies on the Memorandum of Law filed herewith.

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

BRIAN A. WAGNER (No. 4033)
235 Promenade Street
Providence, Rhode Island 02908
Tel. (401) 222-6607
Fax (401) 222-3378

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2006, a copy of the within Motion to for Injunctive Relief was served on the following parties:

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903-2808

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse St.
Williamsburg, VA 23188

Jean Warshaw Esq.
177 East 87th Street
Suite 201C
New York, NY 10128

Richard Sherman, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Pat Duft
Vice President, Legal
675 McDonnell Blvd.
St. Louis, MO 63042

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

S. Paul Ryan, Esq.
670 Willett Ave.
East Providence, RI 02915

Thomas J. Haines
Sunoco, Inc (R&M)
Law Department
1735 Market St., Suite LL
Philadelphia, PA 19103

Eric G. Lardiere
Vice President, Secretary &
General Counsel
Whittaker Corporation
1955 North Surveyor Avenue
Simi Valley, CA 93063

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana St.
Room 36050 C
Houston, TX 77002

Stephen H. Burke, Esq.
Ratcliffe Burke Harten &
Elias LLP
1600 Financial Plaza
Providence, RI 02903

By regular mail, postage pre-paid.

Kathleen A. Zuwogian

# UNITED STATES DISTRICT COURT
FOR THE
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, R.I. et al. | ) | |
| | ) | |
| Defendants | ) | |

## Memorandum Supporting Rhode Island's Motion for Injunctive Relief Authorizing Access to Property to Perform RI/FS

By order dated March 3, 2006, this Court granted Plaintiff's motion to amend its complaint to add Commerce Park Associates 9, LLC and Commerce Park Realty, LLC as defendants. These corporations, both potentially responsible parties under CERCLA by virtue of their ownership, operation or control of the Coventry Municipal Landfill and adjacent properties, made themselves necessary parties to the within matter when they refused to allow reasonable access to their properties by other responsible parties to perform the Remedial Investigation/Feasibility Study ("RI/FS") approved by the Court in the Partial Consent Decree ("Partial CD") entered on October 13, 2005. The Plaintiff State of Rhode Island ("State") now seeks the assistance of the Court in obtaining access to the properties owned and leased by these two new defendants in order to enable the Court-approved RI/FS to proceed.

On August 15, 2005, the State filed a complaint and lodged a Partial Consent Decree (the "Partial CD") concerning the Coventry Municipal Landfill located on Arnold Road in the Town of Coventry, Rhode Island (the "Landfill"). The Partial CD is a settlement between the State and thirteen (13) defendants (the "Settling Defendants"), wherein the defendants agree to finance and

perform a RI/FS in accordance with CERCLA and the State's Rules and Regulations for the Investigation and Remediation of Hazardous Material Releases (the "Remediation Regulations"). No objections to the Partial CD were received during the public notice and comment period that preceded this Court's entry of the Partial CD on October 13, 2005.

Once the Partial CD was entered, Settling Defendants' first step towards implementing the RI/FS was to request access to the Landfill and adjacent properties (collectively, the "Site") where waste from landfill operations is believed to exist. The Landfill itself, although owned by the Town of Coventry (a defendant and party to the Partial CD), is leased to defendant Commerce Park Associates 9, LLC. The adjacent properties that are believed to be impacted by waste from the Landfill are owned by defendant Commerce Park Realty, LLC. These two defendant corporations are related, in that both of them are directly or indirectly controlled by Nicholas E. Cambio.[1] On October 26, 2005, the Settling Defendants to the Partial CD wrote to Mr. Cambio to request access to the Site in order to begin the Court-approved RI/FS. *(A copy of the letter is attached hereto as "Exhibit 1.")* Included with the request was a proposed access agreement. Three months later, on January 24, 2006, the State and the Settling Defendants received an edited version of their proposed access agreement by e-mail from Mr. Cambio's attorney. Among other things, the edited access agreement demands that the State and the Settling Defendants provide Mr. Cambio's corporations with a covenant not to sue and contribution protection as a prerequisite to obtaining access to the Site. In addition, unlike the

[1] Incorporation records from the Rhode Island Secretary of State indicate that: (i) Nicholas E. Cambio is a Manager of Commerce Park Associates 9, LLC and Commerce Park Realty, LLC; (ii) the registered agent for each limited liability corporation is Universal Properties Group, Inc., of which Mr. Cambio is president; and that (iii) the registered address for Mr. Cambio and the three corporations is 207 Quaker Lane, Suite 300, West Warwick, Rhode Island.

limited protections provided to the Settling Defendants in the Partial CD,[2] Mr. Cambio is demanding **full** protection from suit for both the investigation and remedial phases of the clean up process. Given that Mr. Cambio's corporations are potentially responsible parties under CERCLA, see 42 U.S.C. 9607(a)(1), the State finds his demands for full indemnification and protection from suit in return for simply allowing access to the Site to be wholly unreasonable, substantively and procedurally unfair to the parties funding and performing the RI/FS, and inconsistent with the purposes of CERCLA. *See United States v. Cannons Engineering Corp., 889 F.2d 79, 85 (1st Cir. 1990); see also, United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1085 (1st Cir. 1994); and United States v. DiBiase, 45 F.3d 541, 544 (1st Cir. 1995).* Even if the State were amenable to such terms, given current case law regarding the entry of CERCLA settlements, the State seriously doubts that either the Court or the Settling Defendants would permit the State to absolve Mr. Cambio's corporations of their liabilities under CERCLA simply for allowing others to investigate and clean up the contamination on the properties controlled by his corporations.

The State notes that Commerce Park Realty, LLC was amongst the first potentially responsible parties to receive Letters of Responsibility back in May 2003. Commerce Park Realty, LLC was not named as a defendant in the original Complaint because, unlike the remaining defendants, Mr. Cambio vehemently refused to participate in any investigation or clean up of the Site. However, neither the State nor the Settling Defendants believed that Mr. Cambio's refusal to participate in the investigation or clean up of his property would lead him to

---

[2] The Partial CD provides the Settling Defendants with contribution protection and covenants not to sue with respect to the performance of the RI/FS. The Settling Defendants remain fully liable to the State with respect to the final remediation of the Site.

prevent others from stepping forward to perform that work by denying them access to the Site. The State and the Settling Defendants see this case as an example of how voluntary clean ups remedy past contamination issues quickly and cost efficiently. Such voluntary processes would be seriously endangered if non-participating owner/operators of contaminated sites could avoid their responsibilities under CERCLA and state law in return for simply allowing others to clean up their property for them.

For these reasons, the State requests that the Court issue an Order requiring defendants Commerce Park Associates 9, LLC and Commerce Park Realty, LLC to allow the Settling Defendants and their employees/agents/contractors and the Rhode Island Department of Environmental Management and its employees/agents/contractors to access the Site (including Coventry Tax Assessor's Plat 15, Lots 96, 97.1 and 97.2) for the purpose of performing the RI/FS approved by the Court in the Partial CD entered on October 13, 2005. In addition, the State requests that the Court enjoin Mr. Cambio, his corporations and their employees/agents/contractors from engaging in any activities on the Site that might interfere with performance of the RI/FS or any future remedy of the Site without the prior written consent of the Settling Defendants and the State. Examples of enjoined activities include but are not necessarily limited to: interference with personnel; tampering with equipment or wells; construction; excavation; grading; underground injection of liquids; withdrawal of groundwater; and storage of vehicles, equipment or materials that could limit Site access or impact the results of the RI/FS.

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
By its attorney,

[signature]
BRIAN A. WAGNER (No. 4033)
235 Promenade Street
Providence, Rhode Island 02908
Tel. (401) 222-6607
Fax (401) 222-3378

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of April, 2006, a copy of the within Memorandum Supporting Motion to for Injunctive Relief was served on the following parties:

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903-2808

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse St.
Williamsburg, VA 23188

Jean Warshaw Esq.
177 East 87th Street
Suite 201C
New York, NY 10128

Richard Sherman, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Pat Duft
Vice President, Legal
675 McDonnell Blvd.
St. Louis, MO 63042

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

S. Paul Ryan, Esq.
670 Willett Ave.
East Providence, RI 02915

Thomas J. Haines
Sunoco, Inc (R&M)
Law Department
1735 Market St., Suite LL
Philadelphia, PA 19103

Eric G. Lardiere
Vice President, Secretary &
General Counsel
Whittaker Corporation
1955 North Surveyor Avenue
Simi Valley, CA 93063

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana St.
Room 36050 C
Houston, TX 77002

Stephen H. Burke, Esq.
Ratcliffe Burke Harten &
Elias LLP
1600 Financial Plaza
Providence, RI 02903

By regular mail, postage pre-paid.

[signature]