**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**LIMITED OBJECTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC TO MOTION OF THE STATE OF RHODE ISLAND FOR INJUNCTIVE RELIEF AUTHORIZING ACCESS TO PROPERTY TO PERFORM RI/FS**

Now come Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively, "Commerce") and hereby object to the Motion of the State of Rhode Island for Injunctive Relief Authorizing Access to Property to Perform RI/FS. In support of this Objection, Commerce relies on the Supporting Memorandum of Law filed herewith.

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax: 401-331-3440
sburke@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 19th day of April, 2006, a copy of the within Limited Objection of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC to Motion for Injunctive Relief was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere
Vice President, Secretary &
General Counsel
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M. Pansera

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC IN SUPPORT OF LIMITED OBJECTION TO MOTION FOR INJUNCTIVE RELIEF AUTHORIZING ACCESS TO PROPERTY TO PERFORM RI/FS**

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (hereinafter, collectively, "Commerce") hereby submit this Memorandum in Support of Limited Objection to Motion for Injunctive Relief Authorizing Access to Property to Perform RI/FS. The State seeks access to certain property in Coventry that Commerce owns or leases (hereinafter, the "Site", as specifically defined in the Complaint and Amended Complaint). Commerce has no objection to providing such access and objects to the terms (or lack thereof) pursuant to which the State seeks it. Commerce also objects to the State's Motion to the extent that it seeks relief against an individual not a party to the Complaint. Commerce respectfully requests that this Court enter an order setting forth reasonable terms for such access to the Site.

Commerce owns part of, and leases part of, the Site. In November 2005, the Performing Settling Defendants (hereinafter, the "PSDs") sought access to the Site to perform the RI/FS described in the Complaint. To that end, the PSDs forwarded a proposed access agreement to Commerce's counsel for review (the First Draft Access

Agreement). Commerce's counsel reviewed the First Draft Access Agreement and, in January 2006, returned it to the PSDs' counsel with requests for changes marked thereon. (the Red-Line Access Agreement.).

No further substantive communication occurred between the parties. Neither the State nor the PSDs responded to the proposed changes offered by Commerce's counsel; the State simply moved to add Commerce as defendants in this lawsuit and filed the instant motion. Apparently, it is the State's position that Commerce's conduct in asking that certain terms be included in the access agreement was so outrageous that further discussion was unwarranted and litigation was the only reasonable alternative. Commerce is mystified by this result. Its requests were not insignificant; nevertheless, a simple "no," after having reviewed the comments, would have sufficed.

Commerce is not opposed in principal to the State or the PSDs having access to its property subject to an appropriate access agreement or court order.[1] Commerce thought that it was negotiating to that end when it responded to the First Draft Access Agreement. Commerce believes that, in the absence of an agreed order (see below) the court should grant relief similar to that requested at page 4 of the State's Memorandum: it should require Commerce to permit the Performing Settling Defendants to have access to the Site for the purpose of performing the RI/FS. The court should also, in fairness, impose clear and reasonable obligations on the PSDs designed to protect Commerce's interest in the property. This equitable concession is especially appropriate since

[1] The State's motion requests that the Court grant an injunction "authorizing the Performing Settling Defendants . . . to enter upon properties owned and leased by [Commerce]." Defendants have assumed for purposes of this filing that the State has inartfully phrased its intention, and that the injunction it actually desires would be directed to Commerce, and would order Commerce to permit the Performing Settling Defendants to have access to Commerce's properties. This interpretation is consistent with the much broader request for relief which is described in the State's accompanying memorandum of law.

Commerce has violated no law or regulation concerning hazardous or other waste, and is involved in this lawsuit simply because it suffers from the misfortune of owning or leasing properties which the State believes other persons have polluted.

Commerce respectfully requests that the Court enter an order generally consistent with the First Draft Agreement, but modified so as to incorporate those requests made by Commerce (in the Redline First Draft Agreement) as to which neither the State nor the PSDs have objected. A proposed order is attached hereto as Exhibit A. The terms and conditions incorporated in the proposed order are, with minor modifications, the original First Draft Agreement, amended to include those modifications suggested by Commerce in the Red Line Draft, but for those comments to which the State has objected. Commerce respectfully points out that the State has failed to sue Commerce Park Associates 4, LLC, a Rhode Island limited liability company the consent of which will be required in order to fully effectuate the State's intent to have access to the entire Site. Although Commerce Park Associates 4 LLC is not a defendant in this case, as a gesture of good faith, Commerce Park Associates 4, LLC will voluntarily agree to comply with the terms of the proposed order, should the Court see fit to adopt it as its decision on this motion and provided that the other parties agree to that their obligations thereunder will also extend to Commerce Park Associates 4, LLC.

Commerce objects to any order against Nicholas Cambio individually. Despite the long-winded and wholly unnecessary recitation of Mr. Cambio's business relationships in the State's Memorandum, no fact has been alleged in any pleading in this matter concerning Mr. Cambio's failure to perform any obligation, breach of any trust, violation of any law or regulation, or interference with any environmental enforcement action. Mr.

Cambio is not a party to this litigation nor has any reason been offered which would support injunctive relief against him.

Respectfully submitted,

Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax; 401-331-3440
sburke@rbhelaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on the 19th day of April, 2006, a copy of the within Memorandum of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC in Support of Limited Objection to Motion for Injunctive Relief was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere, Esq.
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M Pearson