**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND, *et al.*,** Plaintiffs, | ) | |
| vs. | ) | **Civil Action No. 05-346-T** |
| **TOWN OF COVENTRY, RHODE ISLAND, *et al.*,** Defendants, | ) | |

**REPLY TO STATE OF RHODE ISLAND'S MOTION FOR INJUNCTIVE RELIEF AUTHORIZING ACCESS TO PROPERTY TO PERFORM RI/FS**

This reply brief is filed on behalf of TOWN OF COVENTRY, ARKWRIGHT, INC.; CHEVRON U.S.A., INC.; CIBA SPECIALTY CHEMICALS, INC.; CNA HOLDINGS, INC.; GARLAND INDUSTRIES, INC.; MALLINCKRODT, INC.; SOLUOL, INC.; SUNOCO, INC.; TEXACO, INC.; UNION OIL OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; WHITTAKER CORP. (collectively, the "Settling Defendants") in response to the Motion for Injunctive Relief Authorizing Access to Property to Perform RI/FS (the "Motion") filed in this matter by the Rhode Island Department of Environmental Management ("RIDEM"). Although the Motion is not directed at the Settling Defendants, they are parties to the suit, and do have an interest in the Court's decision regarding the Motion. They therefore have filed this reply to clarify their stake in the litigation and their position regarding the Motion.

Like Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC ("Commerce Park"), the Settling Defendants are all potentially responsible parties ("PRPs") at the Coventry Landfill (the "Site"). Like Commerce Park, each of the Settling Defendants received Letters of Responsibility in May 2003, from RIDEM concerning the Site. Unlike

Commerce Park, however, the Settling Defendants elected to cooperate with RIDEM and agreed to perform a Remedial Investigation/Feasibility Study ("RI/FS") at the Site. To that end, this Court entered a Partial Consent Decree on October 13, 2005 titled Rhode Island Department of Environmental Management vs. Town of Coventry, Rhode Island, et al., Civil Action No 05-346ML (the "Consent Decree").

Immediately after the Court entered the Consent Decree, the Settling Defendants approached Commerce Park about obtaining access to the Site in order to conduct the RI/FS. The Settling Defendants drafted a reasonable Access Agreement, a copy of which was attached to RIDEM's Memorandum Supporting Rhode Island's Reply to the Limited Objection to its Motion for Access. That Access Agreement closely tracks similar agreements used at another waste site in Coventry, the Picillo Pig Farm Site. After incorporating suggestions from RIDEM's counsel, the Settling Defendants provided the Access Agreement to Commerce Park on October 26, 2005.

Commerce Park offered no response for three months. Then, on January 24, 2006, Commerce Park replied with a revised version of the Access Agreement. Their version, however, included unusual and outrageous demands in return for simply allowing the Settling Defendants to perform the RI/FS. Commerce Park's version of the Access Agreement contained provisions that essentially relieved Commerce Park of any responsibility as a PRP in this matter. As a PRP, Commerce Park should be sharing in the costs of performing the RI/FS. Instead, Commerce Park took the untenable position that the Settling Defendants should undertake the RI/FS on their behalf, while providing Commerce Park with contribution protection and indemnity that would effectively absolve Commerce Park of their own liability. In marked contrast, the Access Agreement provided to Commerce Park would have imposed reasonable

responsibilities and obligations, such as providing to Commerce Park a copy of all information provided to RIDEM and restoring the Site to its pre-RI/FS condition.

As argued in the Motion and RIDEM's Reply to Limited Objections of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC, Commerce Park simply are not "innocent landowners," as their Limited Objections implies. If they had qualified as "innocent landowners" under CERCLA, RIDEM would not have sent them a Letter of Responsibility concerning the Site.

Moreover, Commerce Park's suggested changes to the Access Agreement, a copy of which is attached to their Limited Objections, are hardly "minor modifications." See Limited Objections at 3. For example, Commerce Park seeks (1) all information generated by the RI/FS, whether or not it would otherwise be confidential, see Limited Objections, Ex. 1, ¶ 2; (2) a limitation of liability on injury or damage, even if caused by its own negligence in owning or managing the Site, id. at ¶ 8; and (3) broad indemnity for actions outside the scope of the Work proposed in the Access Agreement. Id. at ¶ 12. In short, Commerce Park seeks to receive the benefit of the RI/FS and follow-on remediation, without bearing its fair share of the costs.

Commerce Park's position, if adopted by this Court, would impose restrictions and burdens upon the Settling Defendants that very likely will lead to further litigation and delay the ultimate goal: the performance of the RI/FS and cleanup of the Site. While the draconian nature of the injunctive relief sought by RIDEM may not be warranted in its entirety, neither should Commerce Park be allowed to "whistle past the graveyard" and receive absolution for their share of the liability in connection with the contamination of the Site. On the other hand, if Commerce Park are willing to participate in and pay a share of the costs of the RI/FS, they would be entitled

to all the benefits of the other Settling Defendants, including access to all privileged and confidential information.

In conclusion, the Settling Defendants attach a proposed Order they believe fairly and with common sense achieves the ultimate goal of allowing the RI/FS to proceed immediately and safeguarding the rights of Commerce Park as a landowner, while not completely absolving Commerce Park of their liability in connection with the Site contamination. The Settling Defendants therefore request this Court to grant RIDEM's Motion and enter the Order attached hereto as **Exhibit 1**.

Respectfully submitted,

TOWN OF COVENTRY; ARKWRIGHT, INC.
CHEVRON U.S.A., INC.; CIBA SPECIALTY CHEMICALS, INC.
CNA HOLDINGS, INC.; GARLAND INDUSTRIES, INC.
MALLINCKRODT, INC.; SOLUOL, INC.
SUNOCO, INC.; TEXACO, INC.
UNION OIL OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; and
WHITTAKER CORP.
By their attorneys,

David B. Graham, Esq.
Kaufman & Canoles, PC
4801 Courthouse Street, Suite 300
P.O. Box 6000
Williamsburg, Virginia 23188
Telephone: (757) 259-3855
Facsimile: (757) 259-3838
*Common Counsel*

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, Rhode Island 02816
Telephone: (401) 823-7991
Facsimile: (401) 823-4040
*Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15 day of May, 2006, a copy of the within Reply to Motion of State of Rhode Island for Injunctive Relief Authorizing Access to Property to Perform RI/FS was delivered to:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02908

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Weybosset Street
Providence, RI 02903-2808

Stephen H. Burke, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

By regular mail, postage pre-paid.

6093202\1