UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND, by and through
the Rhode Island Department of Environmental
Management

v. C.A. No. 05-346-T

TOWN OF COVENTRY, RHODE ISLAND, et al.

ANSWER OF A. CARDI REALTY CO., INC.,
TO CROSS-CLAIM OF COMMERCE PARK DEFENDANTS

Defendant A. Cardi Realty Co., Inc. ("Cardi"), submits the following as its answer to the "Cross-Claims Against All Cross-Claim Defendants" ("Cross-Claim") of defendants Commerce Park Associates 9, LLC, and Commerce Park Realty, LLC (collectively "Commerce Park").

For purposes of this Answer, Cardi assumes that the allegations of paragraphs 1 through 31 of the "Cross-Claim Complaint of Defendants Commerce Park Realty, LLC and Commerce Park Associates, LLC [sic] Against All Plaintiffs" ("Cross-Claim Complaint") are allegations "upon which [Commerce Park] relies" in the Cross-Claim, within the meaning of Rule 8(b), Federal Rules of Civil Procedure. Accordingly, Cardi responds to those allegations, as well as to the allegations of paragraphs 45 through 48 of the Cross-Claim.

The numbering of Cardi's responses is such as to correspond to the numbering used in the Cross-Claim Complaint and the Cross-Claim.

1. Cardi is without information sufficient to form a belief as to the truth of this allegation.

2. Cardi is without information sufficient to form a belief as to the truth of this allegation.

3. Admitted.

4. Admitted.

5. Cardi is without information sufficient to form a belief as to the truth of this allegation.

6. Cardi is without information sufficient to form a belief as to the truth of this allegation.

7. Cardi is without information sufficient to form a belief as to the truth of this allegation.

8. Cardi is without information sufficient to form a belief as to the truth of this allegation.

9. Cardi is without information sufficient to form a belief as to the truth of this allegation.

10. Cardi is without information sufficient to form a belief as to the truth of this allegation.

11. Cardi is without information sufficient to form a belief as to the truth of this allegation.

12. Cardi is without information sufficient to form a belief as to the truth of this allegation.

13. Cardi is without information sufficient to form a belief as to the truth of this allegation.

14. Cardi is without information sufficient to form a belief as to the truth of this allegation.

15. Cardi is without information sufficient to form a belief as to the truth of this allegation.

16. Cardi is without information sufficient to form a belief as to the truth of this allegation.

17. Cardi is without information sufficient to form a belief as to the truth of this allegation.

18. Cardi admits that the Court has jurisdiction over Count IV ("Statutory Contribution") of the Cross-Claim, but denies that the Court has or should exercise jurisdiction over Count V ("Common Law Contribution") thereof.

19. Admitted.

20. Cardi is without information sufficient to form a belief as to the truth of the allegations of the first sentence. Cardi denies that the document attached as Appendix A is "a true and accurate copy of the Lease" since it lacks the Exhibits to which it refers, including the environmental studies and other materials which were "included as an Appendix to [the] Lease and referred to as 'Exhibit B.'" Lease, p. 15.

21. References to the "Property," without supplying Exhibit A to the referenced lease, render the allegations of this paragraph unclear (Exhibit A to the lease purports to be a particular description of the parcel subject to the lease). Accordingly, Cardi is

without information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Cardi is without information sufficient to form a belief as to the truth of the allegations of the first sentence. The allegations of the second sentence are denied.

23. [Omitted]

24. Cardi refers the Court to the language of the State's First Amended Complaint for the nature and meaning of the allegations set forth therein.

25. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions. As for the last sentence of paragraph 25, Cardi is without information sufficient to form belief as to its truth.

26. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

27. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

28. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

29. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

30. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

31. Cardi refers the Court to the language of the lease for the nature and meaning of its terms and provisions.

Count IV
("Statutory Contribution")

45. Cardi incorporates by reference its responses to paragraphs 1 through 31, as set forth above.

46. Denied.

Affirmative Defense to Count IV - Lack of Standing

If Commerce Park, as it contends (see, for example, its responses to ¶¶ 42 and 47 of the First Amended Complaint), is not a potentially responsible party within the meaning of CERCLA, then it lacks standing to bring a contribution action under the provisions of 42 U.S.C. §9613. See, e.g., United Technologies Corp. v. Browning-Ferris Industries, 33 F.3d 96, 103 (1st Cir. 1994).

Count V
("Common Law Contribution")

47. Cardi incorporates by reference its responses to paragraphs 1 through 31, as set forth above.

48. Denied.

Affirmative Defense to Count V - Preemption

Claims for common law contribution are preempted by CERCLA's "elaborate settlement scheme aimed at the efficient resolution of environmental disputes." In re Reading Co., 115 F.3d 1111, 1117 (3d Cir. 1997).

WHEREFORE, Cardi demands judgment in its favor and an appropriate award of costs.

A. Cardi Realty Co., Inc.
By its attorneys,

5/26/06

[signature]

Anthony F. Muri (No. 539)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
401-421-7300 - Voice
401-421-7352 - Fax
afm@goldenberg-muri.com – E-mail

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2006, a true copy of the within Answer of A. Cardi Realty Co., Inc. to Cross-Claim of Commerce Park Defendants was sent by first class mail, postage prepaid, to:

Stephen H. Burke, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark O. Denehy, Esq.
Geoffrey W. Millsom, Esq
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

David B. Graham, Esq.
Kaufman & Canoles, PC
4801 Courthouse Street, Suite 300
P.O. Box 6000
Williamsburg, Virginia 23188

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Brian A. Wagner, Esq.
Deputy Chief Legal Counsel
RIDEM – Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908-5767

Fatima F. Do Vale
Fatima F. Do Vale