**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through The RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

Civil Action No. 05-346ML

TOWN OF COVENTRY, RHODE ISLAND, A. CARDI REALTY CO., INC., ARKWRIGHT, INC. CNA HOLDINGS, f/k/a Hoechst Chemical Corp. and American Hoechst Corp., CHEVRON U.S.A., INC., CIBA SPECIALTY CHEMICALS CORPORATION, GARLAND INDUSTRIES, INC. MALLINCKRODT, Inc., f/k/a International Minerals & Chemicals Corp., SOLUOL, INC., SUNOCO, INC., TEXACO, INC., UNIROYAL HOLDING, INC., UNION OIL COMPANY OF CALIFORNIA (d/b/a Unocal), for its former Subsidiary American Mineral Spirits Co., WHITTAKER CORPORATION, COMMERCE PARK REALTY, LLC and COMMERCE PARK ASSOCIATES 9, LLC

Defendants.

## ANSWER TO CROSS-CLAIM

Now come defendants, Arkwright, Inc.; Chevron U.S.A. Inc.; CIBA Specialty Chemicals Corporation; CNA Holdings, Inc.; Garland Industries, Inc.: Mallinckrodt, Inc.; Soluol, Inc.; Sunoco, Inc.; Texaco Inc.; Union Oil Company of California; Uniroyal Holdings, Inc.; and Whittaker Corporation (collectively, the "Settling Defendants"), by common counsel, and hereby answer the cross-claim of Defendants, Commerce Park Realty, LLC and Commerce Park Associates 9, LLC ("Commerce Park") as follows:

1. The Settling Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 , and therefore deny the same.

2. The Settling Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore deny the same

3. The Settling Defendants admit the allegations of paragraph 3.

4. The Settling Defendants admit the allegations of paragraph 4.

5. The Settling Defendants admit the allegations of paragraph 5.

6. The Settling Defendants admit the allegations of paragraph 6.

7. The Settling Defendants admit the allegations of paragraph 7.

8. The Settling Defendants admit the allegations of paragraph 8.

9. The Settling Defendants admit the allegations of paragraph 9.

10. The Settling Defendants admit the allegations of paragraph 10.

11. The Settling Defendants admit the allegations of paragraph 11.

12. The Settling Defendants admit the allegations of paragraph 12.

13. The Settling Defendants admit the allegations of paragraph 13.

14. The Settling Defendants admit the allegations of paragraph 14.

15. The Settling Defendants admit the allegations of paragraph 15.

16. The Settling Defendants admit the allegations of paragraph 16.

17. The Settling Defendants admit the allegations of paragraph 17.

18. The Settling Defendants are not named as defendants to Counts I through III of the Cross-Claim, and therefore no response to paragraph 18 as it relates to those Counts is

required of them. The Settling Defendants admit that this Court has jurisdiction over Count IV (Statutory Contribution), but denies that jurisdiction is appropriate over Count V (Common Law Contribution).

19. The Settling Defendants admit the allegations of paragraph 19.

20. The Settling Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 20, and therefore deny the same.

21. As they are unclear as to the definition of "Property" in paragraph 21, the Settling Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 21, and therefore deny the same.

22. As they are unclear as to the definition of "Property" in paragraph 21, the Settling Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 22, and therefore deny the same.

23. There is no paragraph 23 in the Cross-Claim.

24. The allegations of the First Amended Complaint filed by the State of Rhode Island Department of Environmental Management ("RIDEM") speak for themselves and paragraph 24 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 24 to the extent they may mischaracterize or misquote the allegations of the First Amended Complaint

25. The Lease referenced in the allegations of paragraph 25 speaks for itself and paragraph 25 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 25 to the extent they may mischaracterize or misquote the Lease.

26. The Lease referenced in the allegations of paragraph 26 speaks for itself and paragraph 26 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 26 to the extent they may mischaracterize or misquote the Lease.

27. The Lease referenced in the allegations of paragraph 27 speaks for itself and paragraph 27 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 27 to the extent they may mischaracterize or misquote the Lease.

28. The Lease referenced in the allegations of paragraph 28 speaks for itself and paragraph 28 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 28 to the extent they may mischaracterize or misquote the Lease.

29. The Lease referenced in the allegations of paragraph 29 speaks for itself and paragraph 29 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 29 to the extent they may mischaracterize or misquote the Lease.

30. The Lease referenced in the allegations of paragraph 30 speaks for itself and paragraph 30 therefore requires no response from the Settling Defendants. In the event a response may be required, the Settling Defendants deny the allegations of paragraph 30 to the extent they may mischaracterize or misquote the Lease.

31. The Lease referenced in the allegations of paragraph 31 speaks for itself and paragraph 31 therefore requires no response from the Settling Defendants. In the event a

response may be required, the Settling Defendants deny the allegations of paragraph 31 to the extent they may mischaracterize or misquote the Lease.

32. The Settling Defendants incorporate their previous answers as if fully set forth herein.

33. The allegations of paragraph 33 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

34. The allegations of paragraph 34 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

35. The allegations of paragraph 33 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

36. The Settling Defendants incorporate their previous answers as if fully set forth herein.

37. The allegations of paragraph 37 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

38. The allegations of paragraph 38 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

39. The Settling Defendants incorporate their previous answers as if fully set forth herein.

40. The allegations of paragraph 40 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

41. The allegations of paragraph 41 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

42. The allegations of paragraph 42 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

43. The allegations of paragraph 43 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

44. The allegations of paragraph 44 do not apply to the Settling Defendants and therefore no response is required. To the extent a response may be required, the Settling Defendants deny the same and demand strict proof thereof.

45. The Settling Defendants incorporate their previous answers as if fully set forth herein.

46. The Settling Defendants deny the allegations in paragraph 46 and demand strict proof thereof.

47. The Settling Defendants incorporate their previous answers as if fully set forth herein.

48. The Settling Defendants deny the allegations of paragraph 48 and demand strict proof thereof.

49. The Settling Defendants deny any and all allegations not specifically addressed above.

50. The Settling Defendants deny that they are liable to Commerce Park or indebted to them in any manner or for any reason whatsoever.

**Affirmative Defenses**

51. The Settling Defendants intend to rely on the affirmative defense that Commerce Park has failed to state a claim upon the requested relief can be granted.

52. The Settling Defendants intend to rely on the affirmative defense of assumption of the risk.

53. The Settling Defendants intend to rely on the affirmative defense of comparative negligence.

54. The Settling Defendants intend to rely on the affirmative defense of accord and satisfaction.

55. The Settling Defendants intend to rely on the affirmative defense of estoppel.

56. The Settling Defendants intend to rely on the affirmative defense of waiver.

57. Regarding Count IV, the Settling Defendants intend to rely on the affirmative defense that Commerce Park lacks standing to maintain a claim of statutory contribution.

58. Regarding Count V, the Settling Defendants intend to rely on the affirmative defense that CERCLA, and specifically 42 U.S.C. § 9613, preempts any claim of contribution based on common law.

59. Regarding both Count IV and Count V, this Court entered a Partial Consent Decree on October 26, 2005, which provides protection from contribution actions or claims, such

as the ones alleged by Commerce Park, and therefore bars Count IV and Count V in connection with all Covered Matters, as defined in that Order.

60. The Settling Defendants reserve the right to rely on any other affirmative defense that may present itself prior to or during the trial of the Cross-Claim.

Respectfully submitted,

ARKWRIGHT, INC.; CHEVRON U.S.A. INC.;
CIBA SPECIALTY CHEMICALS CORPORATION; CNA HOLDINGS, INC.;
GARLAND INDUSTRIES, INC.; MALLINCKRODT, INC.;
SOLUOL, INC.; SUNOCO, INC.; TEXACO INC.;
UNION OIL COMPANY OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; and
WHITTAKER CORPORATION
By their attorneys,

David B. Graham (by GLB)

David B. Graham, Esq.
Kaufman & Canoles, PC
4801 Courthouse Street, Suite 300
P.O. Box 6000
Williamsburg, Virginia 23188
Telephone: (757) 259-3855
Facsimile: (757) 259-3838
*Common Counsel*

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
*Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, I caused a true copy of the within document to be served on the following individuals by regular mail, postage prepaid:

| | |
|---|---|
| Stephen H. Burke, Esq.<br>Ratcliffe, Burke, Harten & Elias, LLP<br>1600 Financial Plaza<br>Providence, RI 02903 | David B. Graham, Esq.<br>Kaufman & Canoles<br>4801 Courthouse Street, Suite 300<br>Williamsburg, VA 23188 |
| Anthony F. Muri, Esq.<br>Goldenberg & Muri, LLP<br>10 Weybosset Street<br>Providence, RI 02903 | Jean Warshaw, Esq.<br>177 87th Street<br>Suite 201 C<br>New York, NY 10128 |
| Patrick J. Sullivan, Esq.<br>505 Tiogue Avenue<br>Coventry, RI 02816 | Susan Shumway, Esq.<br>155 Post Road East, Suite 12<br>Westport, CT 06880 |
| Mark O. Denehy, Esq.<br>Geoffrey W. Millsom, Esq.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | Richard Sherman, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, RI 02903 |
| Thomas J. Jaines, Esq.<br>Sunoco, Inc. (R&M)<br>Law Department<br>1735 Market Street, Suite LL<br>Philadelphia, PA 19103 | Eric G. Lardiere, Esq.<br>Vice President, Secretary & General Counsel<br>Whittaker Corporation<br>1955 North Surveyor Avenue<br>Simi Valley, CA 93063 |
| Brian A. Wagner, Esq.<br>Deputy Chief Counsel<br>R.I. Dept. of Environmental Mgmt.<br>235 Promenade Street<br>Providence, RI 02908-5767 | |

/Michele Biagetti