**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through The RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>Plaintiff,<br><br>TOWN OF COVENTRY, RHODE ISLAND, A. CARDI REALTY CO., INC., ARKWRIGHT, INC. CNA HOLDINGS, f/k/a Hoechst Chemical Corp. and American Hoechst Corp., CHEVRON U.S.A., INC., CIBA SPECIALTY CHEMICALS CORPORATION, GARLAND INDUSTRIES, INC. MALLINCKRODT, Inc., f/k/a International Minerals & Chemicals Corp., SOLUOL, INC., SUNOCO, INC., TEXACO, INC., UNIROYAL HOLDING, INC., UNION OIL COMPANY OF CALIFORNIA (d/b/a Unocal), for its former Subsidiary American Mineral Spirits Co., WHITTAKER CORPORATION, COMMERCE PARK REALTY, LLC and COMMERCE PARK ASSOCIATES 9, LLC<br><br>Defendants. | Civil Action No. 05-346ML |

**MOTION TO DISMISS**

Now come defendants, Arkwright, Inc.; Chevron U.S.A. Inc.; CIBA Specialty Chemicals Corporation; CNA Holdings, Inc.; Garland Industries, Inc.: Mallinckrodt, Inc.; Soluol, Inc.; Sunoco, Inc.; Texaco Inc.; Union Oil Company of California; Uniroyal Holdings, Inc.; and Whittaker Corporation (collectively, the "Settling Defendants"), by common counsel, for their Motion to Dismiss V ("Common Law Contribution") of the Cross claim filed by co-defendants

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC ("Commerce Park") respectfully state as follows:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Settling Defendants move this Court to dismiss with prejudice Count V ("Common Law Contribution") of the Cross-Claim filed by Commerce Park, as any such claim in the context asserted has been clearly and unequivocally preempted by federal statute. In further support of said motion, the Settling Defendants refer the Court to their Memorandum of Points and Authorities filed herewith.

Respectfully submitted,

ARKWRIGHT, INC.; CHEVRON U.S.A. INC.;
CIBA SPECIALTY CHEMICALS CORPORATION; CNA HOLDINGS, INC.;
GARLAND INDUSTRIES, INC.; MALLINCKRODT, INC.;
SOLUOL, INC.; SUNOCO, INC.; TEXACO INC.;
UNION OIL COMPANY OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; and
WHITTAKER CORPORATION
By their attorneys,

David B. Graham, Esq.
Kaufman & Canoles, PC
4801 Courthouse Street, Suite 300
P.O. Box 6000
Williamsburg, Virginia 23188
Telephone: (757) 259-3855
Facsimile: (757) 259-3838
*Common Counsel*

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
*Local Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, I caused a true copy of the within document to be served on the following individuals by regular mail, postage prepaid:

| | |
|---|---|
| Stephen H. Burke, Esq.<br>Ratcliffe, Burke, Harten & Elias, LLP<br>1600 Financial Plaza<br>Providence, RI 02903 | David B. Graham, Esq.<br>Kaufman & Canoles<br>4801 Courthouse Street, Suite 300<br>Williamsburg, VA 23188 |
| Anthony F. Muri, Esq.<br>Goldenberg & Muri, LLP<br>10 Weybosset Street<br>Providence, RI 02903 | Jean Warshaw, Esq.<br>177 87th Street<br>Suite 201 C<br>New York, NY 10128 |
| Patrick J. Sullivan, Esq.<br>505 Tiogue Avenue<br>Coventry, RI 02816 | Susan Shumway, Esq.<br>155 Post Road East, Suite 12<br>Westport, CT 06880 |
| Mark O. Denehy, Esq.<br>Geoffrey W. Millsom, Esq.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | Richard Sherman, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, RI 02903 |
| Thomas J. Jaines, Esq.<br>Sunoco, Inc. (R&M)<br>Law Department<br>1735 Market Street, Suite LL<br>Philadelphia, PA 19103 | Eric G. Lardiere, Esq.<br>Vice President, Secretary & General Counsel<br>Whittaker Corporation<br>1955 North Surveyor Avenue<br>Simi Valley, CA 93063 |
| Brian A. Wagner, Esq.<br>Deputy Chief Counsel<br>R.I. Dept. of Environmental Mgmt.<br>235 Promenade Street<br>Providence, RI 02908-5767 | |

Michele Biagetti

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND, ET AL.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | **Civil Action No. 05-346ML** |
| | ) | |
| **TOWN OF COVENTRY, RHODE ISLAND, et al.** | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS BY THE SETTLING DEFENDANTS**

NOW COME defendants ARKWRIGHT, INC.; CHEVRON U.S.A. INC.; CIBA SPECIALTY CHEMICALS CORPORATION.; CNA HOLDINGS, INC.; GARLAND INDUSTRIES, INC.; MALLINCKRODT, INC.; SOLUOL, INC.; SUNOCO, INC.; TEXACO INC.; UNION OIL COMPANY OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; WHITTAKER CORPORATION (collectively, the "Settling Defendants"), by common counsel, and file this Memorandum of Points and Authorities in support of their Motion to Dismiss Count V ("Common Law Contribution") of the Cross-Claim filed by co-defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC ("Commerce Park"), and for their grounds state as follows:

**Facts**

This matter is related to the evaluation and eventual clean-up of a landfill site in the Town of Coventry, Rhode Island. The State of Rhode Island Department of Environmental Management ("RIDEM") named 15 defendants as potentially responsible parties for hazardous waste found at the site, and filed this suit pursuant to, *inter alia*, the Comprehensive

Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601, *et seq.*

The site of interest to RIDEM (the "Site") includes the Coventry Landfill and certain adjacent properties that may have been affected by the disposal of wastes at the Landfill. The Landfill is owned by the Town of Coventry, which operated the Landfill from the late 1930s until 1975, at which time it ceased operations. During the time that it operated as a waste disposal site, the Landfill generally accepted household, commercial and industrial waste, including certain substances RIDEM alleges are hazardous substances pursuant to CERCLA.

In or about 1999, the Town of Coventry leased the Landfill property to Commerce Park Associates 9, LLC. Defendant Commerce Park Realty, LLC is the current owner of one or more properties adjacent to the Landfill that contain waste from former Landfill operations. RIDEM alleges that all named Defendants are "potentially responsible parties" under CERCLA, 42 U.S.C. § 9607.

Concurrent with suit being filed, the Settling Defendants, the Town of Coventry and RIDEM entered into a Partial Consent Decree, representing a settlement between RIDEM and the Settling Defendants wherein the Settling Defendants agreed to finance and perform a Remedial Investigation/Feasibility Study ("RI/FS"). This Court entered the Partial Consent Decree on October 26, 2005.

RIDEM then filed a Motion for Injunctive Relief Authorizing Access to Property against the Commerce Park defendants, who had refused to enter into the Partial Consent Decree and who have refused access to the Site for the purpose of conducting the RI/FS. Commerce Park opposed RIDEM's Motion, filed an Answer to the First Amended Complaint and filed the instant Cross-Claim against the Town of Coventry and the Settling Defendants.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) enables a party to seek dismissal of a count in a Complaint when the count fails to state a claim upon which relief can be granted. In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted," Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted), and the well-pleaded allegations are considered in the light most favorable to plaintiffs. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Dismissal is appropriate, however, if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**Argument**

In Count V of the Cross-Claim, Commerce Park has alleged a right of contribution under common law.[1] In cases involving environmental clean-up pursuant to CERCLA, however, such state law rights have been preempted and afford Commerce Park no relief.

Under CERCLA,

> [a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.

42 U.S.C. § 9613(f)(1). This provision and others of CERCLA, as amended by the Superfund Amendments and Reauthorizations Act of 1986 ("SARA"), set forth an "elaborate settlement scheme aimed at the efficient resolution of environmental disputes." In re Reading, 115 F.3d 1111, 1117 (3rd Cir. 1997).

---

[1] Presumably, Commerce Park rely on the Uniform Construction Among Tortfeasors Act (the "Act"), G.L. 1956 § 10-6-3, which provides the right of contribution among joint tortfeasors, and the attendant case law.

In the CERCLA case Bedford Affiliates v. Sills, 115 F.3d 416 (2nd Cir. 1998), for example, the United States Court of Appeals for the Second Circuit considered the issue of preemption in connection with state claims for contribution and restitution. The Second Circuit pointed out that:

> Conflict preemption occurs either when 'compliance with both federal and state regulations is a physical impossibility,' Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132 (1963) or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' Hines v. Davidowitz, 312 U.S. 52 (1941).

Bedford Affiliates, 115 F.3d at 426. See also, Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669 (3rd Cir. 2002); Hidden Lakes Dev., L.P. v. Allina Health System and Park Constr. Co., Civil Action No. 02-406, 2004 U.S. Dist. LEXIS 19360 (D. Minn. 2004) (holding common law claim of contribution preempted by CERCLA); Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028 (W.D. Tenn. 2003) (same). Citing In re Reading, supra, the Second Circuit found that allowing state claims for contribution and restitution would allow claimants to bypass the "carefully crafted settlement system" that Congress had put together with CERCLA and amended with SARA. Therefore, such claims were preempted.

In In re Reading, 115 F.3d 1111 (3rd Cir. 1997), the Third Circuit considered whether common law claims of contribution filed by Consolidated Rail Corporation ("Conrail") against Reading Railroad were preempted by CERCLA. Conrail had filed a claim against Reading related to the clean-up of a 50-acre site along the Schuykill River near Douglassville, Pennsylvania. At the time, Conrail was one of 36 primary defendants who had filed a third-party complaint against 600 other potentially responsible parties, including Reading. Conrail's claims included cost recovery and contribution claims under the applicable provisions of CERCLA, as well as common law claims for contribution and restitution.

The Third Circuit acknowledged that "in enacting CERCLA, Congress did not explicitly preempt all state law, nor did it create a comprehensive scheme of regulation leaving no room for regulation." Id. at 1117. However, the Third Circuit concluded that, in the area of contribution claims, and specifically with 42 U.S.C. § 9613(f),

> Congress expressly created a statutory right of contribution . . . [and] it made that remedy a part of an elaborate settlement scheme aimed at the efficient resolution of environmental disputes. Permitting independent common law remedies would create a path around the statutory settlement scheme, raising an obstacle to the intent of Congress. Id.

Therefore, the Third Circuit held, Conrail's common law claims of contribution and restitution were preempted by CERCLA.

The present case is no different. Commerce Park have alleged that any damages were caused, in whole or in part, by the intentional, reckless and/or negligent acts or omissions of the cross-claim defendants. This is the sole allegation in Count V, and the other parties are left to surmise from the title of Count V that this allegation states a claim for contribution under the common law of Rhode Island. While such a naked allegation, without more, certainly fails to state a claim under the state common law, such an argument is immaterial. Any claim under the law of Rhode Island for contribution has been preempted, in this instance, by the contribution claim afforded by 42 U.S.C. § 9613(f).

**Conclusion**

Therefore, for the reasons stated above, the Settling Defendant move this Honorable Court to dismiss Count V of the Cross-Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failing to state a claim upon which relief can be granted.

Respectfully submitted,

ARKWRIGHT, INC.; CHEVRON U.S.A. INC.;
CIBA SPECIALTY CHEMICALS, INC.; CNA HOLDINGS, INC.;
GARLAND INDUSTRIES, INC.; MALLINCKRODT, INC.;
SOLUOL, INC.; SUNOCO, INC.; TEXACO INC.
UNION OIL COMPANY OF CALIFORNIA; UNIROYAL HOLDINGS, INC.; and
WHITTAKER CORPORATION
By their attorneys,

David B. Graham

David B. Graham, Esq.
Kaufman & Canoles, PC
4801 Courthouse Street, Suite 300
P.O. Box 6000
Williamsburg, Virginia 23188
Telephone: (757) 259-3855
Facsimile: (757) 259-3838
*Common Counsel*

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Nixon Peabody, LLP
One Citizens Plaza
Providence, Rhode Island 02903
Telephone: (401) 454-1000
Facsimile: (401) 454-1030
*Local Counsel*

6095522

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th 6th day of June, I caused a true copy of the within document to be served on the following individuals by regular mail, postage prepaid:

| | |
|---|---|
| Stephen H. Burke, Esq.<br>Ratcliffe, Burke, Harten & Elias, LLP<br>1600 Financial Plaza<br>Providence, RI 02903 | David B. Graham, Esq.<br>Kaufman & Canoles<br>4801 Courthouse Street, Suite 300<br>Williamsburg, VA 23188 |
| Anthony F. Muri, Esq.<br>Goldenberg & Muri, LLP<br>10 Weybosset Street<br>Providence, RI 02903 | Jean Warshaw, Esq.<br>177 87th Street<br>Suite 201 C<br>New York, NY 10128 |
| Patrick J. Sullivan, Esq.<br>505 Tiogue Avenue<br>Coventry, RI 02816 | Susan Shumway, Esq.<br>155 Post Road East, Suite 12<br>Westport, CT 06880 |
| Mark O. Denehy, Esq.<br>Geoffrey W. Millsom, Esq.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | Richard Sherman, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, RI 02903 |
| Thomas J. Jaines, Esq.<br>Sunoco, Inc. (R&M)<br>Law Department<br>1735 Market Street, Suite LL<br>Philadelphia, PA 19103 | Eric G. Lardiere, Esq.<br>Vice President, Secretary & General Counsel<br>Whittaker Corporation<br>1955 North Surveyor Avenue<br>Simi Valley, CA 93063 |
| Brian A. Wagner, Esq.<br>Deputy Chief Counsel<br>R.I. Dept. of Environmental Mgmt.<br>235 Promenade Street<br>Providence, RI 02908-5767 | |

Michele Biagetti