**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**MOTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9 TO AMEND CROSS-CLAIM COMPLAINT**

Now come Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively, "Commerce") and hereby move to amend Count V of their Cross-claim to more clearly identify the statutory basis of that claim. A copy of the proposed amended pleading is attached to this Motion. In support of this Motion, Commerce relies on the Supporting Memorandum of Law filed herewith.

Respectfully submitted,

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
Jenny M. Cordero, Esq. (#7200)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax; 401-331-3440
sburke@rbhelaw.com
jcordero@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 7th day of July, 2006, a copy of the within Memorandum of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC in Support of Motion to Amend was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12

Westport, CT 06880

Eric G. Lardiere, Esq.
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M Pansini

*Motion to Amend Crossclaim Draft Two 07.06.06.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9 TO AMEND CROSS-CLAIM COMPLAINT**

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (hereinafter, collectively, "Commerce") hereby submit this Memorandum in Support of their Motion to Amend Count V of their Cross-claim. Commerce seeks to clarify the statutory basis for its contribution claim pled in Count V as drafted in the attached proposed amended pleading. Because this motion is timely and such an amendment would cause no undue surprise or prejudice to the Cross-claim Defendants[1], Commerce respectfully requests that its Motion to Amend be granted.

**Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part that upon receipt of an answer to a complaint, a party may amend the complaint only by leave of court or by written consent of the adverse party.[2] The rule further states that such leave "shall be freely

[1] The Cross-claim Defendants include A. Cardi Realty, Co, Inc.; Town of Coventry; "Settling Defendants" as more particularly identified in their Answer to Cross-claim.
[2] Fed. R. Civ. P. 15(a).

given when justice so requires."[3] In the absence of reasons such as undue delay, bad faith, undue prejudice, unjust surprise to the opposing party, or futility, the leave to amend should, as the rules require, be "freely given."[4] The United States Supreme Court has stated that Rule 15(a)'s liberal mandate regarding leaves to amend "is to be heeded."[5]

## Relevant Procedural History

Commerce filed its pleading entitled, Answer, Affirmative Defense, and Cross-claim of Defendant Commerce Park Realty, LLC and Commerce Park Associates 9, LLC, on or about May 12, 2006. The Cross-claim Defendants timely filed their Answers to the Cross-claim.[6] On or about June 6, 2006, the Cross-claim Defendants, except the Town of Coventry, filed Rule 12(b)(6) Motions to Dismiss Count V of Commerce's Cross-claim.[7] Commerce filed its Objection to the motions.[8] The Rule 12(b)(6) matter is currently pending before this Court simultaneously with this instant Motion to Amend.

## Argument

Count V, as it is currently drafted, fails to clearly identify the basis for the contribution claim it recites. Accordingly, Commerce seeks to amend the count to specifically identify the basis for its statutory contribution claim, namely the Rhode Island Uniform Contribution Among

---

[3] *Id.*
[4] *Forman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Forman* at 182.
[6] A. Cardi Realty, Co., Inc. filed its answer on or about May 26, 2006; The Town of Coventry filed its answer on or about May 31, 2006; The Settling Defendants filed their answer on or about June 5, 2006.
[7] The Settling Defendants filed their Motion to Dismiss on June 6, 2006 and A. Cardi Realty Co., Inc. filed a separate motion on June 7th, joining in the Settling Defendants' Motion.
[8] Commerce filed its Objection on July 7, 2006 pursuant to this Court granting additional time to file the objection due to medical reasons of counsel.

Tortfeasors Act (hereinafter, the "Act").[9] Such basis can be inferred from the current language of the Count. The Cross-claim Defendants recognized this inference in their Motions to Dismiss by specifically citing the Act. The touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint.[10] The Cross-claim Defendants' acknowledgment of the statute upon which the count is based defeats any claim of undue prejudice or surprise in Commerce's desire to clarify its claim.

While Rule 15(a) mandates that leave to amend shall be freely given when justice so requires, the First Circuit has recognized that parties seeking the benefit of the Rule's liberality must exercise due diligence.[11] Delay that is extreme or unexplained may warrant the denial of the proposed amendment.[12] Commerce filed its Cross-claim on May 12, 2006. It seeks to amend one count of its Cross-claim less than 2 months later. Commerce has clearly exercised its due diligence by filing its motion to amend without delay.

If the underlying facts and circumstances relied upon by the movant may be a proper subject of relief, an opportunity to test the claim on the merits ought to be afforded.[13] A leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect."[14] The Cross-claim Defendants' Motion to Dismiss Count V is for failure to state a claim. But for the lack of specific statutory reference to the Act, the Count makes a valid claim for contribution. Amending the Count to specifically reference the statutory basis for the contribution claim would

[9] Rhode Island General Laws, §10-6-1 et seq.
[10] *Lowrey v. Texas A&M, et al.*, 117 F.3d 242, 246 (5th Cir. 1997).
[11] *Walton v. Nalco Chemical Co.*, 272 F.3d 13, 19 (1st Cir. 2001).
[12] *Id.* (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co., Inc.*, 884 F.2d 1510, 1517 (1st Cir. 1989).
[13] *Id.*
[14] *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-90 (9th Cir. 1963) (quoting 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948)).

correct the apparent deficiency and save Commerce's opportunity to prove its claim on the merits. Accordingly, Commerce's Motion to Amend should be granted.

## Conclusion

Because Commerce can easily correct the defect of Count V, has exercised due diligence in filing its Motion to Amend without unjust delay and the Cross-claim Defendants are not unduly surprised or prejudiced by the proposed amendment, Commerce respectfully requests this Honorable Court to grant its Motion to Amend Count V.

Respectfully submitted,

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
Jenny M. Cordero, Esq. (#7200)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax; 401-331-3440
sburke@rbhelaw.com
jcordero@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 7th day of July, 2006, a copy of the within Memorandum of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC in Support of Motion to Amend was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere, Esq.
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M Pinkham

*Memo of Motion to Amend 07.06.06.doc*