**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

RECEIVED
JUL 07 2006
Property of U.S. District Court
District of Rhode Island

STATE OF RHODE ISLAND, ET AL. )
)
Plaintiffs ) C.A. No. 05-346ML
)
TOWN OF COVENTRY, RHODE ISLAND, ET AL. )
)
Defendants )

**FIRST AMENDED ANSWER , AFFIRMATIVE DEFENSE, and CROSSCLAIM OF DEFENDANT COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC**

Now come Defendants Commerce Park Realty, LLC and Commerce Park Associates 9,LLC (collectively, "Defendant") and for their answer to the Plaintiff's complaint responds as follows:

1. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

2. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

3. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

4. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

5. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

6. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

7. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

8. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

9. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

10. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

11. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

12. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

13. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

14. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

15. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

16. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

17. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

18. Denied

19. Denied.

20. Denied as to this Defendant. The Defendant has insufficient information to formulate a response to the allegations in this paragraph as to all other Defendants, and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

21. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

22. Admitted that the Town owns the Landfill, as those terms are defined in the complaint. The Defendant has insufficient information to formulate a response to the balance of the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

23. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

24. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

25. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

26. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

27. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

28. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

29. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

30. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

31. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

32. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

33. The Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

34. Admitted.

35. Admitted

36. Denied.

37. Denied.

**RESPONSES TO FIRST CLAIM FOR RELIEF**

38. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph

39. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

40. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

41. This paragraph appears to set forth the contents of a federal statute, and contains no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

42. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

43. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient

information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

44. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

45. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

46. Denied

47. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendants demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

## RESPONSE TO SECOND CLAIM FOR RELIEF

48. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph

49. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

50. Admitted as to this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

51. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendants demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

## RESPONSE TO THIRD CLAIM FOR RELIEF

52. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph.

53. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

54. Admitted as to this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

55. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendant demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

56. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph.

57. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

58. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendants demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

**RESPONSE TO FIFTH CLAIM FOR RELIEF**

59. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph.

60. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

61. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendants demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

**RESPONSE TO SIXTH CLAIM FOR RELIEF**

62. Defendant incorporates all responses to the preceding paragraphs of this complaint as if fully set forth in this paragraph.

63. Denied as to this Defendant and as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

64. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

65. Denied as to real property comprising a portion of the "Site" and owned by this Defendant. As to all other allegations in this paragraph, the Defendant has insufficient information to formulate a response to the allegations in this paragraph and so leaves the Plaintiff to its proof, provided that if any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied

66. This paragraph contains a legal conclusion and no factual allegations to which a response is required under the applicable rules of procedure. If any further response is required under any rule of practice or procedure to avoid admission of any fact, the Defendant responds further as follows as to such facts: denied.

WHEREFORE, Defendants demand that the Plaintiffs' complaint be denied and dismissed and that judgment be entered on behalf of this Defendant, together with a just award of costs and reasonable counsel fees.

## AFFIRMATIVE DEFENSES

Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC hereby give notice of the following affirmative defenses to the Plaintiffs' complaint in this matter:

1. Defendants hereby raise the defense of lack of subject matter jurisdiction.

2. Defendants hereby raise the defense of failure to state a claim upon which relief may be granted.

3. Defendants hereby raise the defense of laches.

4. Defendants hereby raise the defense of estoppel.

5. Defendant Commerce Park Realty, LLC is not an owner or operator as defined by CERCLA, 42 U.S.C. § 9601 and § 9607(q).

6. Defendant Commerce Park Associates 9, LLC is not an operator as defined by CERCLA, 42 U.S.C. § 9601.

7. Defendants, to the extent they are deemed to be owners, claim the defense of bona fide prospective purchasers pursuant to 42 U.S.C. § 9601(40) and 42 U.S.C. § 9607(r).

8. Defendants, to the extent they are deemed to be owners, are innocent landowners and claim the defense of CERCLA, 42 U.S.C. § 9607(b).

9. Trichlorethylene is a consumer product in consumer use pursuant to CERCLA 42 U.S.C. §9601(9).

10. Plaintiffs fail to state a claim against the Defendants upon which relief can be granted pursuant to the Rhode Island Water Pollution Act, *R.I. Gen. Laws* § 46-12-1 – § 46-12-42.

11. Plaintiffs fail to state a claim against the Defendants upon which relief can be granted pursuant to the Rhode Island Groundwater Protection Act, *R.I. Gen. Laws* § 46-13.1-1 – § 46-13.1-9.

12. Plaintiffs fail to state a claim against the Defendants upon which relief can be granted pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-1 – § 23-19.1-36.

13. Plaintiffs' claim against the Defendants pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-19.1-1 – § 23-19.1-36, is preempted by Federal Law, including CERCLA, 42 U.S.C. § 9601 – § 9628.

14. Defendants are exempt from liability under the Rhode Island Industrial Property Remediation and Reuse Act, *R.I. Gen. Laws* § 23-19.14-1 – § 23-19.14-19, pursuant to *R.I. Gen. Laws* § 23-19.14-7.

15. Defendant Commerce Park Associates 9, LLC is not an owner or operator as defined by *R.I. Gen. Laws* § 23-19.14-3.

16. Plaintiffs' claim of public nuisance is preempted by federal and state law.

**CROSS-CLAIM COMPLAINT OF DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES, LLC AGAINST ALL PLAINTIFFS**

**Parties**

1. Cross-claim Plaintiff Commerce Park Associates 9, LLC ("CPA-9") is a Rhode Island limited liability company.

2. Cross-claim Plaintiff Commerce Park Realty, LLC ("CPR") is a Rhode Island limited liability company.

3. Cross-claim Defendant Town of Coventry is a municipality in the State of Rhode Island, ("Coventry").

4. Upon information and belief, cross-claim Defendant A. Cardi Realty Co. Inc, is a Rhode Island corporation.

5. Upon information and belief, cross-claim Defendant Arkwright, Inc. is a Rhode Island corporation.

6. Upon information and belief, cross-claim Defendant Chevron U.S.A., Inc. is a Pennsylvania corporation.

7. Upon information and belief, cross-claim Defendant Ciba Specialty Chemical Corporation is a Delaware corporation.

8. Upon information and belief, cross-claim Defendant CNA Holdings, Inc., f/k/a Hoechst Chemical Corp. and American Hoechst Corp., is a Delaware corporation.

9. Upon information and belief, cross-claim Defendant Garland Industries, Inc. is a Rhode Island corporation.

11. Upon information and belief, cross-claim Defendant Mallinkrodt Inc., f/k/a International Minerals & Chemicals Corp., is a New York corporation.

12. Upon information and belief, cross-claim Defendant Soluol, Inc. is a Rhode Island corporation.

13. Upon information and belief, cross-claim Defendant Sunoco, Inc. is a Pennsylvania corporation.

14. Upon information and belief, cross-claim Defendant Texaco, Inc. is a Delaware corporation.

15. Upon information and belief, cross-claim Defendant Uniroyal Holding, Inc. is a New Jersey corporation.

16. Upon information and belief, cross-claim Defendant Union Oil Company of California (b/b/a Unocal) is a California corporation.

17. Upon information and belief, cross-claim Defendant Whittaker Corporation is a Delaware corporation.

**Jurisdiction**

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) and 42 U.S.C. § 9613.

19. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613.

**General Allegations**

20. In or about 1999, CPA-9 entered into a contract with Coventry, whereby Coventry agreed to lease certain property, (the "Property"), to CPA-9. (The "Lease"). A true and accurate copy of the Lease is attached hereto as **Appendix A** and is incorporated herein by reference.

21. The Property includes the former Coventry landfill as defined in the Plaintiff's complaint. The State of Rhode Island (the "State") and the Rhode Island Department of Environmental Management ("RIDEM") have identified the Property as allegedly containing hazardous substances.

22. CPR owns certain land adjacent to the Property, (the "Adjacent Properties"). The State and RIDEM have identified the Adjacent Properties as allegedly containing hazardous substances.

24. The State and RIDEM have asserted claims against CPA-9 and CPR, based upon the federal Comprehensive Environmental Response, Compensation and Liability Act, (codified at 42 U.S.C. § 9601 – § 9628); the Rhode Island Water Pollution Act, *R.I. Gen. Laws* § 46-12-1 – § 46-12-42; the Rhode Island Groundwater Protection Act, *R.I. Gen. Laws* § 46-13.1-1 – § 46-

13.1-9; the Rhode Island Hazardous Waste Management Act, *R.I. Gen. Laws* § 23-19.1-1 – § 23-19.1-36; and the Rhode Island Industrial Property Remediation and Reuse Act, *R.I. Gen. Laws* § 23-19.14-1 – § 23-19.14-19. (Collectively, the "RIDEM Complaint"). The claims relate to hazardous substances allegedly existing on the Property and the Adjacent Properties. The State and RIDEM seek, *inter alia*, to impose the cost of removal of the substances and contaminated soils upon CPA-9 and CPR.

25. Article 13 of the Lease contains certain representations and warranties by Coventry, which were to be true as of the date of the Lease and which are to remain true at all times after the date of the Lease. In particular, Coventry represented and warranted, *inter alia*, that "no Hazardous Materials have been or are currently generated, stored, transported, utilized, disposed of, managed, released, or located on, under or from the Premises. . . ." *Id.* at p. 17. Coventry further represented and warranted, *inter alia*, that it "has no knowledge of any of the foregoing, condition, defects, liens, notices or other matters described above as to any adjacent Premises or other Premise which might, by virtue of movement of Hazardous Materials or otherwise, have a materials adverse effect on the Premises." *Id.* Coventry breached these warranties because it knew, or had reason to know, that the Property or the Adjacent Properties contained hazardous substances.

26. In addition to its warranty, Coventry agreed to defend and hold harmless CPA-9 from any legal actions or other claims based upon the alleged presence of hazardous substances on the Property. Coventry also agreed to pay any amounts that CPA-9 may be required to pay for cleanup and removal of hazardous substances. *See* Lease, Art. 13.3, (the "Indemnification Clause"), at p. 16 (emphases added).

27. Coventry is also obligated to defend and hold harmless CPR from any legal actions or claims based upon the presence of hazardous substances on the Adjacent Properties and to pay any cleanup costs. These obligations exist by virtue of the Indemnification Clause, which extends to "Tenant or any other indemnified party." *Id.* at p. 15. The Lease defines an "indemnified party" to include, *inter alia*, CPA-9, its "respective affiliate. . . corporations," and "any person, firm or entity which controls, is controlled by, controlling, or under common control with" CPA-9 or any of its affiliate corporations. *Id.* at p. 15. Pursuant to this definition, CPR is an "indemnified party." The Lease extends to the Adjacent Properties because hazardous substances located thereon affect the use and enjoyment of the Property. *Id.* at p. 16.

28. Although the obligation to indemnify does not depend upon the location of the hazardous materials or the violation of a legal requirement, the Indemnification Clause *expressly* refers to and includes "Environmental Enforcement Actions." An "Environmental Enforcement Action" is defined in the Lease. *Id.* at p. 14. The RIDEM Complaint constitutes an Environmental Enforcement Action from which Coventry is required to defend and hold harmless CPA-9 and CPR. Coventry is liable for any cleanup costs that CPA-9 and CPR may be required to undertake as a result of the RIDEM Complaint.

29. In the Lease, Coventry agreed that upon becoming aware of the violation of any environmental legal requirements existing on the Property or adjacent properties, it would immediately take all actions to cure the violation. *Id.* at p. 18. Thus, Coventry is required to immediately cleanup any hazardous substances that exist on the Property or the adjacent properties and to indemnify CPA 9 and CPR for damages arising as a result of such substances .

30. Pursuant to the Lease, Coventry has the right to contest the facts allegedly causing a violation of the Lease's warranty and indemnification obligations, provided that its contest

meets certain standards set forth in the Lease. Among these standards, the contest must not materially impair the taking of any required remedial action or operate to create a material risk of worsening environmental conditions affecting the Property and the Town must demonstrate to tenant's satisfaction that the Town has the financial capability to undertake and pay for such contest and any remedial action then or thereafter necessary. *Id.* This demonstration may include, at the tenant's option, the posting of a bond, letter of credit or cash reserves or collateral sufficient to pay all costs of such contest and any such remedial action.

31. Pursuant to the Lease, CPA-9 and CPR have a lien upon all property belonging to the Town of Coventry for any expenses incurred, damages, costs, or fees for which CPA-9 or CPR may be held liable as a result of, *inter alia*, (1) the allegations of the DEM Complaint, or (2) any Hazardous Materials on, under, or from the Property or the Adjacent Properties. *Id.* at p. 19.

## CROSS-CLAIMS AGAINST THE TOWN OF COVENTRY

### COUNT I
### Contractual Indemnification

32. Cross-claim Plaintiffs incorporate all allegations of this Complaint as if fully set forth herein.

33. Pursuant to the Indemnification Clause, Coventry is liable to CPA-9 for any damages, costs, or fees for which CPA-9 may be held liable or which CPA – 9 may sustain as a result of the facts giving rise to the RIDEM Complaint. Coventry is also obligated to undertake any remedial or corrective actions with respect to the property that may be required as a result of the facts giving rise to the RIDEM Complaint.

34. Pursuant to the Indemnification Clause, Coventry is liable to CPR for any damages, costs or fees for which CPR may be held liable or which CPR may sustain as a result

of the facts giving rise to the RIDEM Complaint. Coventry is also obligated to undertake any remedial or corrective actions with respect to the adjacent property that may be ordered as a result of the facts giving rise to the RIDEM Complaint.

35. Whether or not resulting from the RIDEM Complaint or other court or agency action, Coventry is liable to CPA-9 and CPR for any expenses incurred by them in connection with any Hazardous Materials on, under, or affecting the Property or the Adjacent Properties. Such expenses include, but are not limited to, cleanup costs and the costs to defend or settle a court or agency action or charge (including attorneys' fees). *Id.* at p. 18-19.

WHEREFORE, Cross-Claim Plaintiffs, Commerce Park Associates 9, LLC and Commerce Park Realty, LLC, respectfully request:

a) That the Court declare the rights of the parties pursuant to the Lease;

b) That the Town of Coventry be ordered to take all actions that this Court might otherwise order CPA-9 or CPR to undertake as a result of the allegations of the RIDEM Complaint;

c) An award of compensatory damages, in an amount to be proven at trial including, but not limited to:

i) Ninety Five Thousand Seven Hundred Eighty Eight and 45/100ths ($95,788.45) for costs, including legal fees, ascertainable as of February, 2006, and which were incurred connection with the management of legal and financial issues arising as a result of the ongoing requirement that CPA-9 and CPR evaluate and remediate the presence of hazardous materials on the Property and Adjacent Property; and

ii) Sixty One Thousand Five Hundred Ninety Eight and 17/100ths ($61,598.17) Dollars for consequential damages incurred as of February, 2006, in connection with the commercial development of the Property and Adjacent Properties, which was halted due to the presence of violations of Environmental Legal Requirements.

d) That this Court issue an injunction ordering that Coventry be required, as a condition of contesting its liability to defend and indemnify CPA-9 and/or CPR, to immediately post a clean, irrevocable letter of credit, or a bond with surety, in an amount to be determined by the Court, to cover the anticipated costs of the contest and any subsequent remedial actions as well as damages sustained by CPA – 9 and CPR as a result of the presence of hazardous substances on the leased premises and the surrounding property.

e) That this Court issue its declaratory judgment that CPA-9 and CPR shall have a lien upon all property belonging to the Town of Coventry in an amount sufficient to cover any damages, expenses, and costs that CPA-9 or CPR may incur as a result of the RIDEM Complaint;

f) An award of costs and reasonable attorneys' fees; and

g) All further relief that this Court deems appropriate under the circumstances.

**COUNT II**
**Breach of Warranty**

36. Cross-claim Plaintiffs incorporate all allegations of this Complaint as if fully set forth herein.

37. The Town of Coventry breached the warranties of the Lease.

38. As a result of Coventry's breach of warranties, CPA-9 and CPR have suffered damages and continue to suffer damages.

WHEREFORE, Cross-Claim Plaintiffs, Commerce Park Associates 9, LLC and Commerce Park Realty, LLC, respectfully request:

a) That the Court declare the rights of the parties pursuant to the Lease;

b) That the Town of Coventry be ordered to take all actions that this Court might otherwise order CPA-9 or CPR to undertake as a result of the allegations of the RIDEM Complaint;

c) An award of compensatory damages, in an amount to be proven at trial including, but not limited to:

i) Ninety Five Thousand Seven Hundred Eighty Eight and 45/100ths ($95,788.45) for costs, including legal fees, ascertainable as of February, 2006, and which were incurred connection with the management of legal and financial issues arising as a result of the ongoing requirement that CPA-9 and CPR evaluate and remediate the presence of hazardous materials on the Property and Adjacent Property; and

ii) Sixty One Thousand Five Hundred Ninety Eight and 17/100ths ($61,598.17) Dollars for consequential damages incurred as of February, 2006, in connection with the commercial development of the Property and Adjacent Properties, which was halted due to the presence of violations of Environmental Legal Requirements.

d) That this Court issue an injunction ordering that Coventry be required, as a condition of contesting its liability to defend and indemnify CPA-9 and/or CPR, to immediately post a clean, irrevocable letter of credit, or a bond with surety, in an amount to be determined by the Court, to cover the anticipated costs of the contest and any subsequent remedial actions as well as damages sustained by CPA – 9 and CPR as a result of the presence of hazardous substances on the leased premises and the surrounding property.

e) That this Court issue its declaratory judgment that CPA-9 and CPR shall have a lien upon all property belonging to the Town of Coventry in an amount sufficient to cover any damages, expenses, and costs that CPA-9 or CPR may incur as a result of the RIDEM Complaint;

f) An award of costs and reasonable attorneys' fees; and

g) All further relief that this Court deems appropriate under the circumstances.

**COUNT III**
**Misrepresentation**

39. Cross-claim Plaintiffs incorporate all allegations of this Complaint as if fully set forth herein.

40. Coventry, acting by and through its agents and representatives, falsely represented the condition of the Property, including, but not limited, to the presence of Hazardous Substances on the Property and the Adjacent Properties.

41. Coventry knew that its representation were false or reasonably should have known of their falsity at the time when the representations were made.

42. Coventry's misrepresentations were material, intentional and made for the purpose of inducing CPA-9 and CPR to rely upon them.

43. CPA-9 and CPR reasonably relied upon Coventry's representations about the Property and the Adjacent Properties.

44. As a result of Coventry's breach of warranties, CPA-9 and CPR have suffered damages and continue to suffer damages.

WHEREFORE, Cross-Claim Plaintiffs, Commerce Park Associates 9, LLC and Commerce Park Realty, LLC, respectfully request:

a) That the Court declare the rights of the parties pursuant to the Lease;

b) That the Town of Coventry be ordered to take all actions that this Court might otherwise order CPA-9 or CPR to undertake as a result of the allegations of the RIDEM Complaint;

c) An award of compensatory damages, in an amount to be proven at trial including, but not limited to:

i) Ninety Five Thousand Seven Hundred Eighty Eight and 45/100ths ($95,788.45) for costs, including legal fees, ascertainable as of February, 2006, and which were incurred connection with the management of legal and financial issues arising as a result of the ongoing requirement that CPA-9 and CPR evaluate and remediate the presence of hazardous materials on the Property and Adjacent Property; and

ii) Sixty One Thousand Five Hundred Ninety Eight and 17/100ths ($61,598.17) Dollars for consequential damages incurred as of February, 2006, in connection with the commercial development of the Property and Adjacent Properties, which was halted due to the presence of violations of Environmental Legal Requirements.

d) That this Court issue an injunction ordering that Coventry be required, as a condition of contesting its liability to defend and indemnify CPA-9 and/or CPR, to immediately post a clean, irrevocable letter of credit, or a bond with surety, in an amount to be determined by the Court, to cover the anticipated costs of the contest and any subsequent remedial actions as well as damages sustained by CPA – 9 and CPR as a result of the presence of hazardous substances on the leased premises and the surrounding property.

e) That this Court issue its declaratory judgment that CPA-9 and CPR shall have a lien upon all property belonging to the Town of Coventry in an amount sufficient to cover any damages, expenses, and costs that CPA-9 or CPR may incur as a result of the RIDEM Complaint;

f) An award of costs and reasonable attorneys' fees; and

g) All further relief that this Court deems appropriate under the circumstances.

## CROSS-CLAIMS AGAINST ALL CROSS-CLAIM DEFENDANTS

### COUNT IV
### Statutory Contribution

45. Cross-claim Plaintiffs incorporate all allegations of this Complaint as if fully set forth herein.

46. Cross-claim Defendants are liable for contribution pursuant to 42 U.S.C. § 9613(f).

WHEREFORE, Cross-Claim Plaintiffs, Commerce Park Associates 9, LLC and Commerce Park Realty, LLC, respectfully request:

a) Entry of judgment against the Cross-claim Defendants for contribution for the costs of any and all actions that this Court might otherwise order CPA-9 or CPR to undertake as a result of the allegations of the DEM Complaint;

b) An award of costs and reasonable attorneys' fees; and

c) All further relief that this Court deems appropriate under the circumstances.

### COUNT V
### Rhode Island Statutory Contribution

47. Cross-claim Plaintiffs incorporate all allegations of this Complaint as if fully set forth herein.

48. The Cross-claim Defendants are liable for contribution pursuant to Rhode Island General Laws § 10-6-1 et seq.

WHEREFORE, Cross-Claim Plaintiffs, Commerce Park Associates 9, LLC and Commerce Park Realty, LLC, respectfully request:

a) Entry of judgment against the Cross-claim Defendants for contribution for the costs of any and all actions that this Court might otherwise order CPA-9 or CPR to undertake as a result of the allegations of the DEM Complaint;

b) An award of costs and reasonable attorneys' fees; and

c) All further relief that this Court deems appropriate under the circumstances.

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

____________________________

Stephen H. Burke, Esq. (#2759)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax: 401-331-3440
sburke@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the ________ day of July, 2006, a copy of the within Amended Answer, Affirmative Defenses and Cross Claim of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
Deputy Chief Counsel
Rhode Island Department of Environmental Management

235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere
Vice President, Secretary &
General Counsel
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles

4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

______________________________