**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML T |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**OBJECTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC TO MOTION TO DISMISS**

Now come Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively, "Commerce") and hereby object to the two Motions to Dismiss Cross-claim Count V brought by Cross-claim Defendants, A.Cardi Realty Co., Inc., and by the "Settling Defendants", as they are more particularly identified in the Memorandum of Points and Authorities in Support of Motion to Dismiss by the Settling Defendants. In support of this Objection, Commerce relies on the Supporting Memorandum of Law filed herewith.

Respectfully submitted,

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
Jenny M. Cordero, Esq. (#7200)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax; 401-331-3440
sburke@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 7th day of July, 2006, a copy of the within Memorandum of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC in Support of Objection to Motion to Dismiss was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)
Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere, Esq.
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M. Pansesi

*Objection to Motion to Dismiss 07.05.06.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 05-346ML |
| | ) | |
| TOWN OF COVENTRY, RHODE ISLAND, ET AL. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF OBJECTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC TO MOTIONS TO DISMISS**

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (hereinafter, collectively, "Commerce") hereby submit this Memorandum in Support of Objection to two Motions to Dismiss Cross-claim Count V brought by Cross-claim Defendants, A.Cardi Realty Co., Inc., and by the "Settling Defendants", as they are more particularly identified in the Memorandum of Points and Authorities in Support of Motion to Dismiss by the Settling Defendants (hereinafter, collectively, the "Cross-claim Defendants").[1] The Cross-claim Defendants allege that Count V, which alleges a claim for contribution based on the Rhode Island Uniform Contribution Among Tortfeasors Act[2] (hereinafter, the "Act") should be dismissed because the Act is preempted by federal law – specifically by the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA").[3] The United

---

[1] The "Settling Defendants" include Arkwright, Inc.; Chevron U.S.A., Inc.; Ciba Specialty Chemicals Corporation; CAN Holdings, Inc.; Garland Industries, Inc.; Mallinckrodt, Inc.; Soluol, Inc.; Sunoco, Inc.; Texaco, Inc.; Union Oil Company of California; Uniroyal Holdings, Inc.; Whittaker Corporation.
[2] Rhode Island General Laws, §10-6-1 et seq. Count V does not specifically cite this statute. The Cross-claim Defendants have correctly inferred from the language of Count V that it states a claim for contribution arising under this statute. Commerce has moved to amend its Cross-claim to clarify the statutory basis of this claim.
[3] 42 U.S.C. §9601 et seq.

States Courts of Appeals for the Second and Fourth Circuits have both held, when examining other laws of other states, that Section 113(f) of CERCLA[4], the contribution provision, does, in fact, preempt those states' laws concerning contribution; however, no court has examined the Act insofar as it may or may not be preempted by CERCLA's contribution provision. Because the Cross-claim Defendants have not examined it either, and because Commerce's examination of the Rhode Island law discloses that it is consistent with CERCLA, the undersigned respectfully requests that the motions be denied.

## ARGUMENT

The United States Supreme Court has stated that there are three ways state law may be preempted by federal law.[5] First, Congress may expressly declare its intention to preclude state regulation in a given area.[6] It is not subject to dispute that Congress did not declare its intention to preempt state contribution laws in enacting CERCLA. Second, preemption may be implied when federal law is "sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation."[7] No court has held that CERCLA gives rise to such an inference: in fact, several cases have held that various state law provisions are *not* preempted by CERCLA, and the Cross-claim Defendants have not suggested in their pleadings that such an inference should be drawn by this Court.[8] Third, state law may be preempted "to the extent *that it actually conflicts with* a valid federal statute."[9] Thus, the specific question before

[4] 42 U.S.C. §9613(f).
[5] *Hillsborough County v. Automated Med. Labs, Inc.* 471 US 707, 713 (1985).
[6] *Jones v. Rath Packing Co.*, 430 US 519, 525 (1977).
[7] *Hillsborough* at 713 (quoting *Rice v. Santa Fe Elevator Corp.*, 331 US 218, 230 (1947).
[8] See, generally, *Burlington Northern v. Santa Fe Railway Co.*, 419 F.3d 355 (5th Cir. 2005); *Witco Corp. v. Beekhuis, et al.*, 38 F.3d 682 (3rd Cir. 1994); *Louisiana-Pacific Corp. v. Asarco, Inc. et al.*, 5 F.3d 431 (9th Cir. 1993); *Manor Care, Inc. v. Yaskin, et al.*, 950 F.2d 122 (3rd Cir. 1991).
[9] *Ray v. Atlantic Richfield Co.*, 435 US 151, 158 (1978) (italics added).

this Court is whether the Act actually conflicts with, and therefore is preempted by, the contribution provision of CERCLA.[10]

The Cross-claim Defendants rely primarily on *Bedford Affiliates v. Sills*, 156 F.3d 416 (2nd Cir. 1998), and *In Re Reading*, 115 F.3d 1111 (3rd Cir. 1997), in support of their allegation that the contribution provisions of CERCLA preempt those of the Act. Obviously, neither case involved the relationship between Rhode Island law and CERCLA. In both *Bedford* and *Reading*, the courts compared the local common law of contribution to the CERCLA contribution provision. Both courts acknowledged that CERCLA neither expressly preempts all state law nor creates a comprehensive scheme of regulation leaving no room for regulation.[11] Accordingly, both courts based their preemption analysis on the third type of preemption, actual conflict preemption. Conflict preemption exists when "compliance with both federal and state regulations is a physical impossibility [or when] the state law stands 'as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"[12] The *Bedford* Court found that the common law of New York state concerning contribution was in actual conflict with CERCLA and, accordingly, was preempted by CERCLA's contribution provisions.[13] Similarly, the *Reading* Court held that the common law of Pennsylvania obstructed the intent of Congress and was therefore preempted by CERCLA.[14]

As both *Bedford* and *Reading* illustrate, conflict preemption analysis requires a detailed evaluation of applicable state law – an analysis entirely absent from the Cross-claim Defendants' filings in this case to date. State statutory or common law must be compared to the language,

---

[10] 42 U.S.C §9613(f)(1).
[11] *Bedford Affiliates v. Sills*, 156 F.3d 416, 426-427 (citing *Manor Care, Inc. v. Yaskin*, 950 F.2d 122, 125-26 (3d Cir. 1991)); *In Re. Reading Co.*, 115 F.3d 1111, 117 (3d Cir. 1997).
[12] *Esso Standard Oil Co. v. Perez, et* al, 2005 U.S. Dist. LEXIS 818 (citing *Cal.Fed.Sav. & Loan Ass'n v. Guerra*, 479 US 272, 281 (1987)).
[13] *Bedford*, at 427.
[14] *Reading*, at 1117.

purpose and objective of the applicable federal law. As far as can be determined from the two cases cited above, neither involved construction of any state statute concerning contribution.

Other courts in the First Circuit have analyzed conflict preemption issues arising under CERCLA as it affects local laws. For example, in *Esso Standard Oil Co. v. Perez, et al.*, the United States District Court for the District of Puerto Rico found the statutory limited immunity set forth in §1291 of Title 12 of the Puerto Rico Laws Annotated, to be more lenient than the immunity standard provided by §9619 of CERCLA, creating a conflict.[15,16] Accordingly, the Court held the statutory immunity of 12 P.R. Laws Ann. §1291 was preempted because the conflict could not be reconciled in light of CERCLA's purpose and spirit.[17] Similarly, the United States Court of Appeals for the First Circuit in *Steego Corp. v. Ravena, et al.*, held that the statute of limitations provision of the Rhode Island Probate Code was preempted by CERCLA because it had the effect of limiting the liability of parties whom Congress intended to hold liable for the cleanup costs.[18]

To date, the First Circuit has not been faced with the question of whether any state contribution statutes are in conflict with, and therefore are preempted by, CERCLA. The Cross-claim Defendants have not directed this Court's attention to any conflict between the Act and CERCLA: they simply declare, citing *Bedford* and *Reading*, that the Act is preempted. This is insufficient to justify dismissal under Rule 12(b)(6). A Rule 12(b)(6) motion should only be granted when it appears beyond a doubt that the claimant can prove no set of facts in support of its claim which would entitle it to relief.[19] If the Cross-claim Defendants had demonstrated any conflict between Rhode Island law and CERCLA, it is conceivable that the preemption doctrine

---

[15] 42 U.S.C. §9619.
[16] *Esso*, at 27.
[17] *Esso*, at 30.
[18] *Steego Corp. v. Revenal, et al.*, 830 F.Supp. 42, 47-48 (D.Mass. 1993).
[19] *Brown v. State*, 160 F.Sipp.2d 233, 237 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

they assert might be a legal barrier to any recovery by Commerce on Count V of their cross-claim; but no such demonstration has been offered. Accordingly, Cross-claim Defendants' motions should be denied.

Even if this Court is inclined to assess the preemption issue on the basis of the Cross-claim Defendants' diaphanous analysis, it should find preemption unnecessary and inappropriate. Like the Second and Third Circuits, the First Circuit has been wary of holding that CERCLA preempts state laws. It has held, for example, that CERCLA does not completely preempt the field of compensation and recovery for injuries caused by the release and disposal of hazardous substances.[20] In addition, it recognizes that CERCLA does not prevent the states from enacting laws to supplement federal measures relating to the cleanup of hazardous waste.[21] The Act is a supplementing statute. The Act is not an obstacle to the purposes and objectives of CERCLA, nor does it have the effect of limiting the liability of any party Congress intended to hold responsible for cleanup costs. Instead, the provisions of the Act supplement the purpose of Congress and compliment the objectives of CERCLA, thereby making compliance with both statutes possible. Preemption is, therefore, unnecessary and inappropriate because no conflict exists between the Act and CERCLA.

## CONCLUSION

Because the Cross-claim Defendants have failed to show any actual conflict between the Rhode Island Uniform Contribution Among Tortfeasors Act and CERCLA, Commerce Park Realty, LLC and Commerce Park Associates 9, LLC, respectfully request this Honorable Court to deny the Motion of the Cross-claim Defendants to Dismiss Cross-claim Count V.

---

20 *Esso,* at 24.

21 *Id.* at 25.

Respectfully submitted,

Commerce Park Realty, LLC and Commerce Park Associates 9, LLC,
By their attorneys,

Ratcliffe, Burke, Harten & Elias, LLP

Stephen H. Burke, Esq. (#2759)
Jenny M. Cordero, Esq. (#7200)
1600 Financial Plaza
Providence, RI 02903
Tel: 401-331-3400
Fax; 401-331-3440
sburke@rbhelaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that on the 7th day of July, 2006, a copy of the within Memorandum of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC in Support of Objection to Motion to Dismiss was delivered to the following parties by regular mail, postage prepaid:

Brian A. Wagner, Esq.
235 Promenade Street
Providence, RI 02903

Anthony F. Muri, Esq.
Goldenberg & Muri, LLP
10 Webyosset Street
Providence, RI 02903-2808

Jean Warshaw, Esq.
177 East 87th Street
Suite 201 C
New York, NY 10128

Patrick J. Sullivan, Esq.
505 Tiogue Avenue
Coventry, RI 02816

Thomas J. Jaines
Sunoco, Inc. (R&M)

Law Department
1735 Market Street, Suite LL
Philadelphia, PA 19103

Gregory Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

Richard Sherman, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Susan Shumway, Esq.
155 Post Road East, Suite 12
Westport, CT 06880

Eric G. Lardiere, Esq.
Whittaker Corportion
1955 North Surveyor Avenue
Simi Valley, CA 93063

David Graham, Esq.
Kaufman & Canoles
4801 Courthouse Street
Williamsburg, VA 23188

Pat Duft
Vice President, Legal
675 McConnell Boulevard
St. Louis, MO 63042

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02905

Richard T. Hughes, Esq.
Chevron USA, Inc.
Law Department
1500 Louisiana Street
Room 36050 C
Houston, TX 77002

Margaret M Pinkham

*Memo of Obj. MTD draftthree.doc*