**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, et. al,

Defendants.

C.A. 05-346T-LDA

**TOWN OF COVENTRY'S MOTION TO COMPEL AND FOR LEAVE**
**<u>TO TAKE DEPOSITIONS AFTER THE DISCOVERY CLOSURE DATE</u>**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, The Town of Coventry, Rhode Island ("Coventry") hereby moves the Court to issue an order:

1) compelling Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively, the "Commerce Park Defendants") to provide the requested discovery,

2) compelling the Commerce Park Defendants to certify their good faith search of their electronic records, and 3) extending the period of time in which Coventry may conduct discovery and file dispositive motions. The arguments upon which this motion is based are set forth in the accompanying memorandum.

Dated: Providence, Rhode Island
November 17, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom

Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

RULE 37 CERTIFICATION

I hereby certify that, prior top bringing this motion to compel, I conferred in good faith with the parties failing to make discovery in an unsuccessful effort to secure the information without court action.

/s/ Geoffrey W. Millsom

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, et. al,

Defendants.

C.A. 05-346T-LDA

**MEMORANDUM IN SUPPORT OF THE TOWN OF COVENTRY'S MOTION TO COMPEL AND FOR LEAVE TO TAKE DEPOSITIONS AFTER THE DISCOVERY CLOSURE DATE**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in support of its Motion to Motion To Compel And For Leave To Take Depositions After The Discovery Closure Date.

**BACKGROUND**

This action was filed pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq*. by the Rhode Island Department of Environmental Management ("RIDEM") to address the alleged presence of hazardous materials at the site of a former landfill in Coventry, Rhode Island. Contemporaneously with the filing of this suit, 14 of the entities identified by RIDEM as potentially responsible parties ("PRPs") entered into a Partial Consent Decree in which the alleged PRPs agreed to finance and perform a remedial investigation/ feasibility study at the landfill. Subsequently, the settling PRPs were denied access to the landfill for the purpose of performing their obligations under the Consent Decree by the entity that owns the adjacent

property, Commerce Park Realty, LLC, and the entity that leases the property on which the former landfill was situated, Commerce Park Associates 9, LLC, both of which are believed to be owned and controlled by Nicholas E. Cambio. In response, RIDEM amended its Complaint to include the Commerce Park Defendants.

The Commerce Park Defendants answered RIDEM's Amended Complaint and brought multiple cross-claims against their co-defendants, including Coventry. One of the cross-claims asserted against Coventry seeks contractual indemnification under a lease between Coventry and Commerce Park Associates 9, LLC ("CPA9").

On August 24, 2006, the Court issued a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Pursuant to the Scheduling Order, discovery on the indemnification issue between Coventry and the Commerce Park Defendants is to close on December 1, 2006. On September 27, 2006, Coventry served its First Request for the Production of Documents and First Set of Interrogatories upon the Commerce Park Defendants. Copies of this written discovery are annexed as Exhibits 1 and 2. That same date, Coventry noticed the depositions of Commerce Park Realty, LLC, CPA9 and Nicholas E. Cambio for October 30 and 31, 2006.

On November 1, 2006, the Commerce Park Defendants served responses to Coventry's written discovery requests. Copies of these responses are attached as Exhibits 3 & 4.

## ARGUMENT

### I. THE COMMERCE PARK DEFENDANTS HAVE NOT ADEQUATELY RESPONDED TO COVENTRY'S WRITTEN DISCOVERY REQUESTS

The discovery provisions of the Federal Rules of Civil Procedure are designed to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S.

677, 682 (1958). Rule 26 of the Federal Rules of Civil Procedure permits parties to take discovery of all relevant information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."). "If a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." *See* Fed. R. Civ. P. 37(a)(2)(A). Under Rule 37, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3),

### A. The Commerce Park Defendants Should Be Compelled To Provide All Of The Requested Documents

The "indemnification issue" as between Coventry and the Commerce Park Defendants has been segregated from the underlying environmental remediation litigation because it arises out of an agreement between Coventry and CPA9 for the lease of the property that formerly housed the Coventry town landfill. That agreement is set forth in a document entitled: Net Ground Lease. Coventry's **Document Request Number 1** sought: "A full and complete copy (with all exhibits and appendices) of the Lease." The "Lease" was defined as: "the Net Ground Lease entered into in May 1999 by and between CPA9 and Coventry, a copy of which is attached (in incomplete form) as Appendix A to your Cross-claim." In response, the Commerce Park Defendants merely produced the same copy of the incomplete version of the Net Ground Lease that was attached to their Cross-claim.

Section 13.3 of the Net Ground Lease is entitled "Environmental Indemnification" and, as one would suspect, sets forth the scope of each party's indemnification rights and obligations with respect to the possible presence of hazardous materials on the leased property. *See* Appendix A to Cross-claim, pp. 14-22. Obviously, when interpreting this section, it is essential to understand what the parties knew and understood at the time of contracting regarding

hazardous materials on the property. Moreover, section 13.3 defines the term "Environmental Site Report" and defines that term to include "reports provided to [CPA9] in connection with its environmental investigation of the Premises . . . all of which documents are included as an Appendix to this Lease and referred to as 'Exhibit B.'" *See* Appendix A to Cross-claim, p. 15. Accordingly, resolution of the indemnification claim may hinge on what is disclosed in the lease exhibits that the Commerce Park Defendants have not produced.

Additionally, in the Cross-claim, the Commerce Park Defendants allege that Coventry breached the Net Ground Lease warranty that it had no knowledge of the presence of hazardous materials on the property. See Cross-claim, ¶ 25. The scope of this alleged warranty and whether or not Coventry breached the warranty is also substantially informed by the information disclosed in the environmental site reports that were exhibits to the lease and which Coventry has not produced.

Coventry's **Document Request Numbers 5, 6 & 7** each sought documents reflecting damages, costs or fees incurred by CPR and/or CPA9 as a result of the RIDEM Complaint and the facts giving rise to the RIDEM Complaint. In response, the Commerce Park Defendants produced a letter from a consultant, an appraisal, an ambiguous accounting schedule and interest calculations. All told the documents reflect only a fraction of the Commerce Park Defendants' "damages" as claimed in their demand letters and, presumably, sought in this litigation.

With the exception of the very few documents described above, the Commerce Park Defendants did not produce any bills, invoices, requests for payment, and/or other documentary support for the damages they claim in this litigation. Nor did they produce any documentary evidence of payment of those damages, such as canceled checks, receipts, bank account statements, etc. The Commerce Park Defendants cannot carry their burden of proving their

damages at the trial of this matter based on the evidence provided to date. More importantly for this motion, however, Coventry is incapable of analyzing and/or testing the validity and integrity of those damages in discovery or at trial. The Commerce Park Defendants should be compelled to produce all documentary evidence of its damages which is unquestionably relevant to its claims.

Finally, some of the (few) documents produced by the Commerce Park defendants, consist of spreadsheet and accounting software printouts. The Commerce Park Defendants did not produce these (or any other documents) in electronic form. Nor did the Commerce Park Defendants produce any emails, which is very unusual in this day and age. Based on this response, Coventry suspects that the Commerce Park defendants have not made a good faith search of their electronically-stored information. Coventry requests that the Court compel production of the electronic versions of the documents produced that clearly exist in electronic form and compel the Commerce Park defendants to review their electronically stored information, produce any other responsive information contained therein and certify to Coventry and the Court that it has made a thorough and complete review and production of its electronic records.

**B. The Commerce Park Defendants Should Be Compelled To Provide Full, Complete And Responsive Answers To The Interrogatories**

Coventry's **Interrogatory number 4** requested the identification of all documents that were reviewed by CPA9 prior to the execution of the lease. This interrogatory seeks to discover whether CPA9 reviewed any of the environmental site reports that were appended as exhibits to the Net Ground Lease or any other documents that may have informed it of the presence and/or extent of hazardous materials at the property. This information regarding CPA9's state of knowledge informs the interpretation of the indemnification clause and will aid in the

interpretation of the parties' respective rights and obligations under that clause. Rather than answer Interrogatory number 4, however, the Commerce Park Defendants repeated their answer to the previous interrogatory regarding the identity of documents that were provided to CPA9 prior to the execution of the lease. This non-responsive answer denies Coventry relevant and discoverable information.

Coventry's **Interrogatories numbered 7 & 8** requested that the Commerce Park Defendants itemize all damages, costs or fees incurred by CPR and/or CPA9 as a result of: 1) the RIDEM Complaint, and 2) the facts giving rise to the RIDEM Complaint. Through these separate requests, Coventry sought to probe the distinction between the Commerce Park Defendants' litigation defense costs and its environmental investigatory and remediation costs that may have been incurred even if RIDEM had never brought its Complaint. The recoverability of these two distinct categories of damages in this action is individually contested (*i.e.* just because one of these categories may fall within the scope of the indemnification clause, does not mean the other is also included). Thus, the distinction is relevant.

In response, the Commerce Park Defendants referred vaguely to their document production, which, as discussed above, was deficient to begin with in regard to damages. This answer too denied Coventry relevant discoverable information. Full and complete responses should be compelled.

Coventry's **Interrogatory number 9** stated:

> Describe the work performed by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9 that gave rise to costs or fees that you believe constitutes damages, costs or fees either as a result of the facts giving rise to the RIDEM Complaint or as a result of the RIDEM Complaint.

The Commerce Park Defendants responded with a long, irrelevant introduction followed by the statement: "Attorneys have been engaged to defend the complaint, contractors have been

employed in an attempt to discover the nature and scope of the contamination of the site." This answer is non-substantive and non-responsive. It is obvious that attorneys perform legal work and environmental contractors perform investigative and remedial work. The interrogatory seeks discovery of the specific tasks performed by each consultant, contractor, engineer, attorney or other person compensated by the Commerce Park Defendants for which they now seek recovery in this litigation. It is a reasonable request for relevant information – particularly in light of the Commerce Park Defendants' failure to provide any documentary evidence. The Commerce Park Defendants should be compelled to prove a full and complete response.

**Interrogatory number 10** sought the results of "any testing for the presence of hazardous materials on the Property or the Adjacent Properties performed by [the Commerce Park Defendants]." The Commerce Park Defendants refused to provide this relevant information because it was not specific as to time frame. This objection (or request for clarification) is not well taken. The word "any" as used in the request is not ambiguous, nor is it restrictive as to time. Coventry seeks to know the results of any and all testing for the presence of hazardous materials on the property that was ever performed by the Commerce Park Defendant at any point in time. This is clear from the interrogatory language and the Commerce Park Defendants should be compelled to answer.

In **Interrogatory number 11**, Coventry inquired as to the identity of all lawsuits to which the Commerce Park Defendant or their principal, Nicholas Cambio, has ever been a party. The Commerce Park Defendants objected to this request on the grounds that it is no more burdensome for Coventry to ascertain this information from the public records than it would be for Mr. Cambio and the Commerce Park Defendants. This request is a transparent attempt to avoid providing relevant information. Rather than provide this information as it exists in their

institutional memory, files and records, they require Coventry to do a comprehensive search of such public records as may be available in each and every jurisdiction and forum in this country and internationally. This is neither reasonable nor consistent with the Commerce Park Defendant's obligation to provide discovery of all relevant information in their custody, possession and control.

## II. COVENTRY SHOULD BE PERMITTED TO CONDUCT DISCOVERY AFTER THE DISCOVERY CLOSURE DATE

The discovery closure date for this case is December 1, 2006. Despite having diligently pursued discovery since September, Coventry will not be in a position to conclude its written discovery or to depose all fact witnesses by that date as a result of the Commerce Park Defendants' discovery non-compliance. Accordingly, Coventry seeks leave to take depositions and make follow up discovery requests after December 1, 2006. Additionally, since Coventry anticipates this case may be amenable to summary judgment, it seeks an extension of the motion deadline, which currently expires 20 days from the discovery closure date. Since Coventry hopes to be able to complete discovery by January 1, 2007, it seeks leave to file a dispositive motion as late as January 21, 2007.

## CONCLUSION

For all the foregoing reasons, Coventry requests that the Court issue an order: 1) compelling the Commerce Park Defendants to provide the requested discovery, 2) compelling the Commerce Park Defendants to certify their good faith search of their electronic records, and 3) extending the period of time in which Coventry may conduct discovery and file dispositive motions.

Dated: Providence, Rhode Island
November 17, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Motion To Compel And For Leave To Take Depositions After The Discovery Closure Date and the Memorandum of Law in support thereof through the ECF system on the 17th day of November, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

Patrick J. Sullivan
Law Offices of Patrick J. Sullivan, Esq.
505 Tiogue Ave.
Suite B
Coventry, RI 02816

/s/ Geoffrey W. Millsom

399751_1.doc