**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, RHODE ISLAND, A. CARDI REALTY CO., INC., ARKWRIGHT, INC. CNA HOLDINGS., f/k/a Hoechst Chemical Corp. and American Hoechst Corp., CHEVRON U.S.A., INC., CIBA SPECIALTY CHEMICALS CORPORATION, GARLAND INDUSTRIES, INC., MALLINCKRODT, Inc., f/k/a International Minerals & Chemicals Corp., SOLUOL, INC., SUNOCO, INC., TEXACO, INC., UNIROYAL HOLDING, INC., UNION OIL COMPANY OF CALIFORNIA (d/b/a Unocal), for its former subsidiary American Mineral Spirits Co., WHITTAKER CORPORATION, COMMERCE PARK REALTY, LLC, and COMMERCE PARK ASSOCIATES 9, LLC,

Defendants.

C.A. 05-346T-LDA

**TOWN OF COVENTRY, RHODE ISLAND'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS BY COMMERCE PARK REALTY, LLC, AND COMMERCE PARK ASSOCIATES 9, LLC**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, The Town of Coventry, Rhode Island hereby requests that Commerce Park Realty, LLC and Commerce Park Associates 9, LLC produce for inspection and copying, in accordance with the following definitions and instructions, documents responsive to the requests set forth

below at the offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

## INSTRUCTIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

A. In responding to these Requests for Production of Documents, furnish all documents and information available to you, including documents and information in the possession of your attorneys, investigators, agents, officers, directors, employees, and all other persons acting or purporting to act on your behalf, and not merely such documents and information known of personal knowledge. Each Request for Production of Documents and each subsection of each Request for Production of Documents is to be fully and separately responded to in accordance with the duties set forth in the Federal Rules of Civil Procedure. As to any Request for Production of Documents for which an exact, complete, and entirely accurate response cannot be made at this time, after having made reasonable efforts to provide the response, documents, and information, so state and (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise a response as is possible; (3) specify the portion of each Request for Production of Documents that cannot be responded to fully and completely; (4) state what efforts were made to obtain the requested documents and information; and (5) state the facts that support the contention that the Request for Production of Documents cannot be responded to fully and completely at this time.

B. These Requests for Production of Documents shall be deemed to be continuing so as to require supplemental responses from time to time if you obtain further documents and/or information after the date that the responses are served.

C. If any information or document is withheld on the asserted grounds that it is subject to a claim of privilege, confidentiality, or for any other reason: (1) state the reason for withholding the information or document, identify the privilege or rule upon which this claim is based, and set forth the facts upon which the claim is based in sufficient detail to permit the formation of a judgment as to the basis and validity of the claim; (2) identify the person(s) who have knowledge about the information or document being withheld; (3) identify, as to any document, the author, date, subject matter, number of pages, and each person who received a copy of the document (identification will not be considered a waiver of any claim of privilege or confidentiality); and (4) identify the present custodian of the document and present location.

D. For each requested document that was at one time, but is no longer in existence, identify the following: (1) the type of document; (2) the information contained therein; (3) the date upon which such document ceased to exist; (4) the circumstance under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of its contents.

E. Whenever a document is removed from a drawer, folder, box, or other container of any kind, annex to the document the title or description of the drawer, folder, box, or other container.

## DEFINITIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

1. "Communication" means any act or incidence of transferring, transmitting, passing, delivering or giving information, by oral or written means, including but not limited to, by way of note, telegram, letter, fax, telex, telephone, tape, electronic mail or otherwise.

2. "Concerning" means with respect to, referring to, establishing, evidencing, constituting, comprising, commenting on, responding to, showing, describing, analyzing, reflecting, presenting, containing, or mentioning.

3. "Coventry" means the Town of Coventry, Rhode Island, its elected officials, employees, officers, agents and any persons acting or purporting to act on its behalf.

4. "CPR" means Commerce Park Realty, LLC, its parent, subsidiary and affiliated corporations, officers, directors, employees, agents and anyone acting or purporting to act on its behalf, including Nicholas Cambio.

5. "CPA9" means Commerce Park Associates 9, LLC, its parent, subsidiary and affiliated corporations, officers, directors, employees, agents and anyone acting or purporting to act on its behalf, including Nicholas Cambio.

6. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including emails and other electronically generated and stored documents, originals and non-identical copies,

drafts, translations, and other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

7. The "Lease" means the Net Ground Lease entered into in May 1999 by and between CPA9 and Coventry, a copy of which is attached (in incomplete form) as Appendix A to your Crossclaim.

8. "Reflecting" means evidencing, describing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing, setting forth or showing in any way.

9. "RIDEM Complaint" means the claims asserted by the State of Rhode Island Department of Environmental Management described in paragraph 21 of your Crossclaim.

## DOCUMENTS REQUESTED

**REQUEST NO 1.** A full and complete copy (with all exhibits and appendices) of the Lease.

**REQUEST NO 2.** All correspondence regarding the Lease between CPR and/or CPA9 and Coventry.

**REQUEST NO 3.** All correspondence between CPA9 and the State of Rhode Island and/or Rhode Island Department of Environmental Management regarding the alleged presence of hazardous substances on the property owned by CPR that is the former site of the Coventry Town Landfill and which is the subject of the Lease.

**REQUEST NO 4.** All correspondence between CPR and the State of Rhode Island and/or Rhode Island Department of Environmental Management regarding the alleged presence of hazardous substances on the propert(ies) owned by CPR that are designated the "Adjacent Properties" in paragraph 22 of your Crossclaim.

**REQUEST NO 5.** All documents reflecting damages, costs or fees incurred by CPR and/or CPA9 as a result of the RIDEM Complaint.

**REQUEST NO 6.** All documents reflecting damages, costs or fees incurred by CPR and/or CPA9 as a result of the facts giving rise to the RIDEM Complaint.

**REQUEST NO 7.** All documents reflecting expenditures for which you seek indemnification from Coventry in this litigation.

**REQUEST NO 8.** All written work prepared by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9 under circumstances that you believe constitutes damages, costs or fees either as a result of the facts giving rise to the RIDEM Complaint or as a result of the RIDEM Complaint.

Dated: Providence, Rhode Island
September 27, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

Mark O. Denehy (#3492)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2006, I caused a true copy of the within document to be served on the following individuals by regular mail, postage prepaid:

| | |
|---|---|
| Stephen H. Burke, Esq.<br>Ratcliffe, Burke, Harten & Elias, LLP<br>1600 Financial Plaza<br>Providence, RI 02903 | David B. Graham, Esq.<br>Kaufman & Canoles<br>4801 Courthouse Street, Ste. 300<br>Williamsburg, VA 23188 |
| Anthony F. Muri, Esq.<br>Goldenberg & Muri, LLP<br>10 Weybosset Street<br>Providence, RI 02903 | Jean Warshaw, Esq.<br>177 87th Street<br>Suite 201 C<br>New York, NY 10128 |
| Patrick J. Sullivan, Esq.<br>505 Tiogue Avenue<br>Coventry, RI 02816 | Susan Shumway, Esq.<br>155 Post Road East, Suite 12<br>Westport, CT 06880 |
| Gregory Benik, Esq.<br>Nixon Peabody, LLP<br>One Citizens Plaza<br>Providence, RI 02903 | Richard Sherman, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, RI 02903 |
| Thomas J. Jaines, Esq.<br>Sunoco, Inc. (R&M)<br>Law Department<br>1735 Market Street, Suite LL<br>Philadelphia, PA 19103 | Eric G. Lardiere, Esq.<br>Vice President, Secretary<br>& General Counsel<br>Whittaker Corporation<br>1955 North Surveyor Avenue<br>Simi Valley, CA 93063 |
| Brian A. Wagner, Esq.<br>Deputy Chief Counsel<br>R.I. Department of Environmental Management<br>235 Promenade Street<br>Providence, RI 02903 | |

Susan Shumway

*392760_1.doc*