**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, RHODE ISLAND, A. CARDI REALTY CO., INC., ARKWRIGHT, INC. CNA HOLDINGS., f/k/a Hoechst Chemical Corp. and American Hoechst Corp., CHEVRON U.S.A., INC., CIBA SPECIALTY CHEMICALS CORPORATION, GARLAND INDUSTRIES, INC., MALLINCKRODT, Inc., f/k/a International Minerals & Chemicals Corp., SOLUOL, INC., SUNOCO, INC., TEXACO, INC., UNIROYAL HOLDING, INC., UNION OIL COMPANY OF CALIFORNIA (d/b/a Unocal), for its former subsidiary American Mineral Spirits Co., WHITTAKER CORPORATION, COMMERCE PARK REALTY, LLC, and COMMERCE PARK ASSOCIATES 9, LLC,

Defendants.

C.A. 05-346T-LDA

**TOWN OF COVENTRY, RHODE ISLAND'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON COMMERCE PARK REALTY, LLC, AND COMMERCE PARK ASSOCIATES 9, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, The Town of Coventry, Rhode Island hereby propound the following Interrogatories upon Commerce Park Realty, LLC and Commerce Park Associates 9, LLC to be answered separately and fully in writing, in accordance with the following definitions and instructions and under oath.

## INSTRUCTIONS

For the purposes of these Interrogatories and answers thereto, the following instructions apply:

A. In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys, investigators, agents, officers, directors, employees, and all other persons acting or purporting to act on your behalf, and not merely such information known of personal knowledge. Each Interrogatory and each subsection of each Interrogatory is to be fully and separately answered in accordance with the duties set forth in the Federal Rules of Civil Procedure. As to any Interrogatory for which an exact, complete, and entirely accurate answer cannot be made at this time, after having made reasonable efforts to provide the information, so state and (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise an answer as is possible; (3) specify the portion of each Interrogatory that cannot be answered fully and completely; (4) state what efforts were made to obtain the requested information; and (5) state the facts that support the contention that the Interrogatory cannot be answered fully and completely at this time.

B. These Interrogatories shall be deemed to be continuing so as to require supplemental answers from time to time if you obtain further information after the date that the answers are served.

C. If you use any document (as that term is defined herein) in preparing the answers to these Interrogatories, include as part of each answer for which such document was used, the document's date, author, or originator, title, subject matter, any other characteristics necessary to identify the document and the present location or custodian of

the original or any non-identical copy. If the present location or custodian of the original or any non-identical copy is unknown, state the present location or custodian of any identical copy of such original or non-identical copy.

D. In answering these Interrogatories, any document or communication required to be identified or described may, at your option, be produced for inspection and copying on the day these answers are due. Such documents are to be produced at the law offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903.

**DEFINITIONS**

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

1. "Adjacent Properties" meant the real propert(ies) owned by CPR that are designated the in paragraph 22 of the Crossclaim filed by CPR and CPA9 in this litigation.

2. "Communication" means any act or incidence of transferring, transmitting, passing, delivering or giving information, by oral or written means, including but not limited to, by way of note, telegram, letter, fax, telex, telephone, tape, electronic mail or otherwise.

3. "Concerning" means with respect to, referring to, establishing, evidencing, constituting, comprising, commenting on, responding to, showing, describing, analyzing, reflecting, presenting, containing, or mentioning.

4. "Coventry" means the Town of Coventry, Rhode Island, its elected officials, employees, officers, agents and any persons acting or purporting to act on its behalf.

5. "CPR" means Commerce Park Realty, LLC, its parent, subsidiary and affiliated corporations, officers, directors, employees, agents and anyone acting or purporting to act on its behalf, including Nicholas Cambio.

6. "CPA9" means Commerce Park Associates 9, LLC, its parent, subsidiary and affiliated corporations, officers, directors, employees, agents and anyone acting or purporting to act on its behalf, including Nicholas Cambio.

7. "Date" means the exact day, month, and year, if ascertainable, or if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

8. "Describe," "describe in detail," "state," "state in detail," "explain," or "explain in detail" means to relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to: (1) identify all documents directly or indirectly related thereto; (2) identify all communications directly or indirectly related thereto; (3) identify all persons directly or indirectly related thereto; and (4) identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

9. "Document" has the same meaning as used in Rule 34(a) of the Superior Court Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including emails and other electronically generated and stored documents, originals and non-identical copies, drafts, translations, and other preliminary materials that are different in any way from the

executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

10. "Identify" with respect to a document (as defined herein) or any other thing means to state its type (e.g., letter, memorandum, periodical, chart, etc.) or otherwise describe it, and to supply the following information with respect thereto, where applicable: (1) the name of the person who prepared it; (2) the name of the person who signed it or in whose name it was issued; (3) the name of each person to whom it was addressed or distributed; (4) the nature and substance of the writing, with sufficient particularity to enable it to be identified; (5) its date, and if it bears no date, its approximate date; (6) its physical location, the name and address of its custodian or custodians, and when it came into your possession or control, if such is the case; and (7) if any such document was, but is no longer in your possession, or subject to your control, "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

11. "Identify" with respect to a communication means to state: (1) the identity of each person who participated in the communication and the name of each person who was present at the time it was made; (2) by whom each such person was employed and whom each such person represented or purported to represent in making such communication; (3) the date when such communication took place; (4) the place where such communication took place; (5) what each person said, or, if not known, the substance thereof; and (6) the identification of each document pertaining to such communication.

12. "Identify" with respect to a person means to state: (1) the full name of the person, (2) the person's employer, if any, and (3) the home and work address of the person.

13. The "Lease" means the Net Ground Lease entered into in May 1999 by and between CPA9 and Coventry, a copy of which is attached (in incomplete form) as Appendix A to your Crossclaim.

14. "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

15. The "Property" means the parcel real estate containinf the form Coventry Town Landfill that is the subject of the Net Ground Lease entered into in May 1999 by and between CPA9 and Coventry.

16. "Reflecting" means evidencing, describing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing, setting forth or showing in any way.

17. "RIDEM Complaint" means the claims asserted by the State of Rhode Island Department of Environmental Management described in paragraph 21 of your Crossclaim.

## INTERROGATORIES

**INTERROGATORY NO 1:** Please state the full name(s) and business address of every person who provided any of the factual information upon which the answers to

these interrogatories is based. For each such person identify the interrogatory responses that incorporate the information provided.

**INTERROGATORY NO 2:** State the name, title, and business address of every person known by you to have any knowledge of the matters set forth in the Crossclaim.

**INTERROGATORY NO 3:** Identify all documents regarding the presence (or absence) of hazardous materials on the Property or the Adjacent Properties that was provided to CPA9 (by any person) prior to the execution of the lease.

**INTERROGATORY NO 4:** Identify all documents regarding the presence (or absence) of hazardous materials on the Property or the Adjacent Properties that was reviewed by CPA9 prior to the execution of the lease.

**INTERROGATORY NO 5:** Describe all correspondence and communication (whether oral or written) between CPA9 and Coventry regarding the alleged presence (or absence) of hazardous substances on the Property.

**INTERROGATORY NO 6:** Describe all correspondence and communication (whether oral or written) between CPR and the State of Rhode Island and/or Rhode Island Department of Environmental Management regarding the alleged presence of hazardous substances on the Adjacent Properties.

**INTERROGATORY NO 7:** Itemize all damages, costs or fees incurred by CPR and/or CPA9 as a result of the RIDEM Complaint.

**INTERROGATORY NO 8:** Itemize all damages, costs or fees incurred by CPR and/or CPA9 as a result of the facts giving rise to the RIDEM Complaint.

**INTERROGATORY NO 9:** Describe the work performed by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9 that gave rise to costs or fees that you believe constitutes damages, costs or fees either as a result of the facts giving rise to the RIDEM Complaint or as a result of the RIDEM Complaint.

**INTERROGATORY NO 10:** State the results of any testing for the presence of hazardous materials on the Property or the Adjacent Properties performed by CPR, CPA9 or any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9.

**INTERROGATORY NO 11:** Identify all lawsuits to which each CPR, CPA9 or Nicholas Cambio has ever been a party. For each such lawsuit, provide the following information:

a. The party's status in the lawsuit (e.g. plaintiff, defendant, etc.);

b. the basis for the lawsuit;

c. the identities of any other parties to the litigation;

d. the name and address of the attorney who represented CPR, CPA9 or Nicholas Cambio; and

e. the disposition of the litigation

**INTERROGATORY NO 12:** Please state the name of any person that you intend to call as an expert witness in the trial of this matter. For each such person identified, please state

a. the subject matter on which the expert is expected to testify;

b. the substance of the facts and opinions to which the expert is expected to testify; and

c. a summary of the grounds for each opinion.

**INTERROGATORY NO 13:** Please state the name, employer and business address of any person that you intend to call as a witness in the trial of this matter. For each such person identified, state the subject matter on which the expert is expected to testify.

Dated: Providence, Rhode Island
September 27, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

Mark O. Denehy (#3492)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2006, I caused a true copy of the within document to be served on the following individuals by regular mail, postage prepaid:

| | |
|---|---|
| Stephen H. Burke, Esq.<br>Ratcliffe, Burke, Harten & Elias, LLP<br>1600 Financial Plaza<br>Providence, RI 02903 | David B. Graham, Esq.<br>Kaufman & Canoles<br>4801 Courthouse Street, Ste. 300<br>Williamsburg, VA 23188 |
| Anthony F. Muri, Esq.<br>Goldenberg & Muri, LLP<br>10 Weybosset Street<br>Providence, RI 02903 | Jean Warshaw, Esq.<br>177 87th Street<br>Suite 201 C<br>New York, NY 10128 |
| Patrick J. Sullivan, Esq.<br>505 Tiogue Avenue<br>Coventry, RI 02816 | Susan Shumway, Esq.<br>155 Post Road East, Suite 12<br>Westport, CT 06880 |
| Gregory Benik, Esq.<br>Nixon Peabody, LLP<br>One Citizens Plaza<br>Providence, RI 02903 | Richard Sherman, Esq.<br>Edwards Angell Palmer & Dodge, LLP<br>2800 Financial Plaza<br>Providence, RI 02903 |
| Thomas J. Jaines, Esq.<br>Sunoco, Inc. (R&M)<br>Law Department<br>1735 Market Street, Suite LL<br>Philadelphia, PA 19103 | Eric G. Lardiere, Esq.<br>Vice President, Secretary<br>& General Counsel<br>Whittaker Corporation<br>1955 North Surveyor Avenue<br>Simi Valley, CA 93063 |
| Brian A. Wagner, Esq.<br>Deputy Chief Counsel<br>R.I. Department of Environmental Management<br>235 Promenade Street<br>Providence, RI 02903 | |

Susan Sheriall [signature]

*392831_1.doc*