**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, | C.A. 05-346T-LDA |
| Plaintiff, | |
| v. | |
| TOWN OF COVENTRY, et. al, | |
| Defendants. | |

**TOWN OF COVENTRY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO THE CROSS-CLAIMS OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, The Town of Coventry, Rhode Island ("Coventry") hereby moves the Court for leave to file an Amended Answer To The Cross-Claims Of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC. The arguments upon which this motion is based are set forth in the accompanying memorandum.

Dated: Providence, Rhode Island
December 8, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF COVENTRY, et. al,<br><br>Defendants. | C.A. 05-346T-LDA |

**MEMORANDUM IN SUPPORT OF TOWN OF COVENTRY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO THE CROSS-CLAIMS OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in support of its Motion For leave to file an Amended Answer To The Cross-Claims Of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC. A copy of the Proposed Amended Answer is attached as Exhibit 1.

## BACKGROUND

This action was filed pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq*. by the Rhode Island Department of Environmental Management ("RIDEM") to address the alleged presence of hazardous materials at the site of a former landfill in Coventry, Rhode Island. Contemporaneously with the filing of this suit, 14 of the entities identified by RIDEM as potentially responsible parties ("PRPs") entered into a Partial Consent Decree in which the alleged PRPs agreed to finance and perform a remedial investigation/ feasibility study at the landfill. Subsequently, the settling PRPs were denied access to the landfill for the purpose of performing their obligations under the Consent Decree by the entity that owns the adjacent

property, Commerce Park Realty, LLC, and the entity that leases the property on which the former landfill was situated, Commerce Park Associates 9, LLC, both of which are believed to be owned and controlled by Nicholas E. Cambio. In response, RIDEM amended its Complaint to include the Commerce Park Defendants.

The Commerce Park Defendants answered RIDEM's Amended Complaint and brought multiple cross-claims against their co-defendants, including Coventry. The cross-claims against Coventry include claims for indemnification and breach of warranty arising out of a Net Ground Lease between Coventry and CPA9. On May 31, 2006, Coventry answered the Complaint, denying liability and reserving its right to challenge this Court's subject matter jurisdiction over the state law cross-claims. Or about June 22, 2006, Coventry brought an action in the Superior Court of the State of Rhode Island seeking to invalidate the Net Ground Lease on various contractual and non-contractual grounds. This state court action was subsequently dismissed without prejudice following a Motion To Dismiss by CPA9.

Coventry now seeks to amend its Answer to capture the contractual defenses that it pled in the state court action. The Proposed Amended Answer is identical to the original Answer except that it contains five additional affirmative defenses and a revised prayer for relief all of which are directed at the state law contract claims brought by CPR and CPA9.

## ARGUMENT

### COVENTRY'S MOTION TO AMEND SHOULD BE GRANTED IN THE INTEREST OF JUSTICE AND JUDICIAL ECONOMY

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a party's pleading "by leave of court," and specifically provides that "leave shall be freely given when justice so requires." This Court, the First Circuit and the United States Supreme Court have all repeatedly emphasized the liberal standard favoring motions to amend. *See Schock v. United States*, 21 F. Supp. 2d 115, 124 (D.R.I. 1998); *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir.

2000) (leave to amend "shall be freely given when justice so requires," and "we will not affirm (a denial of leave to amend) unless there appears to be an adequate reason for the denial, such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment"); *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("[i]n the absence of any apparent or declared reason . . . the leave [to amend] sought should, as the rules require, be 'freely given'").

"Generally, amendments are favored, as they tend 'to facilitate a proper decision on the merits.'" *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D. N.Y. 1998). Amendment generally will be permitted where the amendment "in no way alters the known facts and issues on which the action is based." *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976). The party opposing amendment "ha[s] the burden of establishing that leave to amend would be prejudicial or futile." *Sokolski*, 178 R.R.D. at 396. A party may seek leave to amend at any time during the litigation. <u>See</u> 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* §1484, at 652 (2d ed. 1990) ("[q]uite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. . . [including] when the case is on the trial calendar and has been set for a hearing by the district court").

Coventry should be granted leave to amend its answer so that all the facts and arguments relevant to the CPA9's claim for contractual indemnification can be heard in one forum. At the time of the original Answer, Coventry anticipated that the state court claims, such as the indemnification claim, would be litigated in Rhode Island Superior Court. CPA9 has since manifested its intent to proceed in this forum and Coventry certainly has no objection. In the interest of justice, judicial economy and fairness, however, Coventry should be permitted to assert the contractual arguments that it pled in the Superior Court action.

None of the very narrow grounds for denial of a motion to amend are present in this case. Coventry's request is made in good faith at a very early stage in the litigation, before discovery has been completed. CPR and CPA9 have been aware of Coventry's contractual defenses since the state court action was brought in June, 2006. No prejudice will flow to CPR and CPA9 as a result of the amendment.

**CONCLUSION**

For all the foregoing reasons, Coventry requests that it be granted leave to amend its Answer in the form attached as Exhibit 1.

Dated: Providence, Rhode Island
December 8, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom

Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Motion For leave to file an Amended Answer To The Cross-Claims Of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC and the Memorandum of Law in support thereof through the ECF system on the 8th day of December, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

Patrick J. Sullivan
Law Offices of Patrick J. Sullivan, Esq.
505 Tiogue Ave.
Suite B
Coventry, RI 02816

/s/ Geoffrey W. Millsom

*401834_1.doc*