# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND, by and through The RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff

v.

C.A. 05-346T-LDA

TOWN OF COVENTRY, RHODE ISLAND Et al.,

Defendants.

## MEMORANDUM IN SUPPORT OF CROSS-CLAIM PLAINTIFF'S OBJECTION TO CROSS-CLAIM DEFENDANTS' MOTION TO AMEND ANSWER AND REQUEST FOR COSTS AND EXTENSION OF TIME FOR DISCOVERY

***NOW*** comes the cross-claim Plaintiff's, Commerce Park Realty, LLC and Commerce Park Associates 9, LLC, (*hereinafter*, CPA9 and CPR), in the above entitled matter and objects to cross-claim Defendant, Town of Coventry's (hereinafter "The Town") motion to amend their answer.

## RELEVANT TRAVEL OF THE CASE

Cross-claim Plaintiff's, CPR and CPA9 were added to the instant case by the Rhode Island Department of Environmental Management (*hereinafter*, RIDEM) by way of an amendment to the original complaint on or about March 14, 2006. In their answer, filed on or about May 17, 2006, Defendants CPA 9 and CPR brought cross-claim actions against co-defendant parties including "The Town." "The Town" answered the cross-complaint in Federal District Court on or about May 31, 2006 alleging, inter alia, eight (8) affirmative defenses and four (4) prayers for relief. (*See*, pages 8 & 9 of "Answer of "The Town" of Coventry to cross-claims of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC"). "The Town" then filed suit against CPA 9 in state court on

June 22, 2006, twenty two (22) days **after** they answered the cross-claim. On September 23, 2006 the state court action brought by "The Town" was voluntarily dismissed.

On or about December 11, 2006 cross-claim Plaintiff's, CPA 9 and CPR received the instant motion filed by "The Town". The motion apparently seeks to add five (5) new legal theories as affirmative defenses and replace two (2) of the four (4) prayers for relief.

## ARGUMENT

### THE TOWN OF COVENTRY'S MOTION TO AMEND SHOULD BE DENIED BECAUSE IT WILL CAUSE UNFAIR PREJUDICE, AND WILL ADD SIGNIFICANT ADDITIONAL EXPENSE TO CROSS-CLAIM PLAINTIFF'S

### FACTS

"The Town" argues that this proposed amendment is merely for the purpose of "capturing the contractual defenses that it pled in the state court action". (page 3 of "The Town" memorandum in support). This statement is simply not true. In the state court action "The Town" was the Plaintiff and as such asserted no defenses. The complaint brought by "The Town" contained only two (2) theories of law; Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing. (Exhibit 2, page 6).

Within the complaint filed by "The Town" against CPA 9, paragraphs 13, 14, 32 and 37 declare the validity of the, so-called, "Net Ground Lease". The proposed amended answer adds a prayer for relief to "declare[e] the Net Ground Lease void, invalid and unenforceable". This new prayer for relief hardly advances the theory that "The Town" is "capturing the contractual defenses that it pled in the state court action".

As discussed above, "The Town" originated the state court action that it now relies on so fatally. The argument that the five additional affirmative defenses merely capture contractual defenses pled in state court fails because, as Plaintiff, "The Town" did not plead any defenses, contractual or otherwise, in the state court action. Alternatively "The Town" argues that "at the time of their original answer [they] anticipated that the state court claims such as the indemnification claim, would be litigated in Rhode Island Superior Court". This statement is patently false. A close look at

the timing involved in the various actions sheds light on the defect of "The Town's" argument of good faith.

An action was filed against CPA 9 and CPR by RIDEM on or about March 14, 2006. CPA9 and CPR filed an answer and cross-claim on or about May 17, 2006. "The Town" answered the cross-claim on or about May 31, 2006. "The Town" then filed suit against CPA 9 in state court on June 22, 2006, twenty two (22) days **after** they answered the cross-claim. Common sense suggests the impossibility that "The Towns" original answers to the cross-claim, contemplated resolving any issues in state court because the state court action did not exist..

The case brought in state court, by "The Town" against CPA9, was resolved adversely to "The Town" on September 23, 2006 when the case was dismissed. It was only after "The Town" lost their state law contract claims in state court that "The Town" brought this motion to amend. The motion to amend the complaint alleges five (5) new theories of law. This amendment is simply an attempt to re-litigate the issues that were dismissed in state court and not a motion to amend made in good faith.

## LAW

## UNDUE PREJUDICE TO THE NON MOVING PARTY AND BAD FAITH OF THE MOVING PARTY

Generally, the Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 the United States Court Of Appeals for the Ninth Circuit stated; "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. See *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*,

481 F.2d 1187, 1190 (9th Cir. 1973)(stating that "the crucial factor is the resulting prejudice to the opposing party").

In this case CPA 9 and CPR would be required to expend significant amounts of money and other resources to conduct discovery and defend issues already decided. CPA 9 and CPR clearly did not anticipate re-litigating issues in the Federal Court that had already been litigated in state court. Granting this amendment would contravene the legal doctrines of res judicata, "the law of the case rule" and the full faith and credit that a Federal Court customarily gives to state court decisions. Granting the amendment would unfairly prejudice CPA and CPR, to allow "The Town" to get a second bite at the apple.

WHEREFORE, CPA 9 and CPR request the following relief:

1. That the motion to amend be denied;
2. That CPA and CPR be awarded reasonable attorney fees and costs to defend this motion.
3. That in the alternative, should the motion be granted that the discovery period be extended for a reasonable period for CPA and CPR to probe "The Town's amendments.

Cross-claim Plaintiff's,
Commerce Park Realty, LLC
Commerce Park Associates 9, LLC
By their Attorney,

Richard H. James, Esquire
RI Bar Id# 4874
207 Quaker Lane, Suite 300
West Warwick, Rhode Island 02893
401.828.3500

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Objection to Cross-Claim Defendants' Motion to Amend through the ECF system on the ___ day of December, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by electronic mail and regular mail to the following counsel of record:

Patrick J. Sullivan, Esquire
Law Offices of Sullivan & Sullivan
505 Tiogue Avenue
Coventry, RI 02816 Mark O. Denehy
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
mdenehy@apslaw.com

Scott L. Hammer
Blasbalg & Hammer
128 Dorrance Street
Suite 350
Providence, RI 02903
blasbalg.hammer.law@choiceonemail.com

Patrick J. Sullivan
Law Offices of Patrick J. Sullivan, Esq.
505 Tiogue Ave.
Suite B
Coventry, RI 02816
patrick@sullivan-attorneys.com

Richard H. James

Richard H. James, Esquire

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [x] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 06-579

THE TOWN OF COVENTRY
**Plaintiff**

COMMERCE PARK ASSOCIATES 9, LLC
**Defendant**

***Summons***

*To the above-named Defendant:* Commerce Park Associates 9, LLC
Universal Properties Group, Inc., 207 Quaker Lane, Ste. 300, W. Warwick, RI 02893

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Geoffrey W. Millsom, Esq. Plaintiff's attorney, whose address is Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Fl. Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: June 23, 2006

A true copy attest
George R. Clark, Constable #6025
George R. Clark, Constable
23 June, 2006

**(Seal of the Superior Court)**

**S- 135** (REV. 10/00)

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| THE TOWN OF COVENTRY | COMMERCE PARK ASSOCIATES 9, LLC |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (X) YES ( ) NO IF YES: ( ) JURY (X) NON-JURY

ATTORNEY NAME & REGISTRATION# Geoffrey W. Millsom (#6483)
PRO SE/NAME:

DATE: TODAY 6/22/06

SC223 (REV05-05)

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

THE TOWN OF COVENTRY,

Plaintiff,

v.

COMMERCE PARK ASSOCIATES 9, LLC,

Defendant.

C.A. No. KC 06-579

**COMPLAINT**

As and for its Complaint against Commerce Park Associates 9, LLC ("CP9"), the Town of Coventry ("Coventry") alleges as follows:

**PARTIES AND JURISDICTION**

1. Coventry is a municipal corporation organized and existing under the laws of the State of Rhode Island.

2. CP9 is a limited liability company that maintains its principal place of business in West Warwick, Rhode Island.

3. This court has jurisdiction over this matter pursuant to pursuant to Rhode Island General Laws § 8-2-14, because this is an action at law in which the amount in controversy exceeds $10,000.

4. Pursuant to Rhode Island General Laws § 9-4-3 Kent County is an appropriate venue for this action because Coventry is located in Kent County.

**GENERAL ALLEGATIONS**

5. In May 1999, CP9 and Coventry entered into an agreement denominated "Net Ground Lease."

KENT COUNTY SUPERIOR COURT 6-23-06
222 QUAKER LANE
WARWICK, RI 02886

6. In the Net Ground Lease, Coventry agreed to lease a parcel of land containing approximately 435,600 square feet (and the improvements thereon) to CP9 (the "Premises"). The Premises is adjacent to the 480 acre Centre of New England business park and contains the site of Coventry's former town landfill.

7. In the Net Ground Lease, Coventry agreed that CP9 would have the right to develop the Premises for any legal use consistent with the Centre of New England business park.

8. The term of the Net Ground Lease is 25 years with an annual rent of one dollar ($1.00).

9. The Net Ground Lease further provides that CP9 shall have 10 successive options to extend the lease for 25 years each and, if all 10 options are exercised, shall have the right to purchase the Premises at the conclusion of the lease for the price of one dollar ($1.00).

10. During the term of the Net Ground Lease, CP9 is not required to pay real estate taxes, betterment assessments or other costs, charges or expenses of any kind levied by Coventry in connection with CP9's possession, occupancy or use of the Premises.

11. Beginning in 1981 and continuing intermittently thereafter, The Rhode Island Department of Health, The Rhode Island Department of Environmental Management ("RIDEM"), the United States Environmental Protection Agency and various other governmental and non-governmental parties investigated the Premises. These investigations revealed the possible presence of hazardous materials at the Premises.

12. At the time the Net Ground Lease was entered into, both CP9 and Coventry parties were aware of the possible presence of hazardous materials at the Premises. Certain environmental site reports concerning the Premises were provided to CP9 by Coventry and included in an appendix (denominated "Exhibit B") to the Net Ground Lease.

13. In the Net Ground Lease, Coventry agreed to provide CP9 with comprehensive indemnification of any and all liabilities, costs and/or expenses relating to the presence hazardous materials at the Premises.

14. The Environmental Indemnification provision of the Net Ground Lease is so comprehensive and detailed that it consumes eight pages of the 27 page Net Ground Lease. By contrast, the Lease Term (including extension options) and Rent sections do not even fill one single page of the Net Ground Lease.

15. In May 2003, Coventry, CP9 and various other parties that are alleged to have contributed to the presence of hazardous materials at the site received Letters of Responsibility from RIDEM regarding the Premises.

16. Coventry and almost all of the other parties who received Letters of Responsibility from RIDEM regarding the Premises (hereafter, the "Coventry Landfill Group") entered into the Coventry Landfill Group Agreement, dated August 16, 2004. In the Coventry Landfill Group Agreement, Coventry agreed, *inter alia*, to participate in coordinated response to any claims brought by RIDEM or others as a result of the presence of hazardous materials at the Premises and to allocate between each other various technical, legal and administrative expenses incurred in the course of addressing and investigating such claims.

17. CP9 was not a party to the Coventry Landfill Group Agreement.

18. Entering into the Coventry Landfill Group Agreement was consistent with and in furtherance of Coventry's indemnification obligations under the Net Ground Lease.

19. Coventry and various other parties that are alleged to have contributed to the presence of hazardous materials at the site entered into a Partial Consent Decree with RIDEM. The Partial Consent Decree was entered in the United States District Court for the District of Rhode Island on October 13, 2005 and docketed as *Rhode Island Department of Environmental management v. Town of Coventry, et al.*, C.A. 05-346T-LDA ("RIDEM's Cost Recovery Action").

20. CP9 was not a party to the Partial Consent Decree with RIDEM and was originally not a defendant in RIDEM's Cost Recovery Action.

21. Signing the Partial Consent Decree was consistent with and in furtherance of Coventry's indemnification obligations under the Net Ground Lease.

22. As part of the Coventry Landfill Group, Coventry has agreed to perform and pay for a Remedial Investigation/Feasibility Study ("RI/FS") at the Premises.

23. CP9 is not a part of the Coventry Landfill Group has taken no part in performing or paying for a RI/FS at the Premises.

24. Agreeing to perform and pay for a RI/FS at the Premises was consistent with and in furtherance of Coventry's indemnification obligations under the Net Ground Lease.

25. Immediately after the United States District Court for the District of Rhode Island entered the Partial Consent Decree, Coventry and the other members of the

Coventry Landfill Group approached CP9 and made a written request for reasonable access to the Premises for the purpose of conducting the RI/FS.

26. Coventry's written request for reasonable access to the Premises for the purpose of conducting the RI/FS was consistent with and in furtherance of Coventry's indemnification obligations under the Net Ground Lease.

27. CP9 refused to provide Coventry and the other members of the Coventry Landfill Group reasonable access to the Premises for the purpose of conducting the RI/FS.

28. As a result on CP9's unjustified refusal to provide and the other members of the Coventry Landfill Group reasonable access to the Premises for the purpose of conducting the RI/FS, RIDEM amended its Complaint to include CP9 as a defendant in RIDEM's Cost Recovery Action and has subsequently made a motion for the purpose of compelling CP9 to provide reasonable access to the Premises.

29. Both RIDEM's amendment of its Complaint to include CP9 as a defendant in RIDEM's Cost Recovery Action and the subsequent motion practice to secure access have caused Coventry to expend additional resources and served to unjustifiably increase Coventry's indemnification obligations under the Net Ground Lease.

30. On June 22, 2006, Coventry notified CP9 that it was terminating the lease as a result of CP9's failure to provide reasonable access to the property within 10 days of Coventry's written request for access.

## LEGAL CLAIMS

### COUNT I
### BREACH OF CONTRACT

31. Coventry repeats and realleges the facts set forth in paragraphs 1 through 30 as though fully set forth herein.

32. The Net Ground Lease is a valid and binding contract between Coventry and CP9.

33. Coventry has either substantially performed all of its obligations under the Net Ground Lease or stands ready to perform all such obligations.

34. CP9 has breached the Net Ground Lease by failing to permit Coventry reasonable access to the Premises in order to fulfill its indemnification obligations under the Net Ground Lease.

35. Coventry has been damaged by CP9's breach of the Net Ground Lease in an amount to be determined at trial.

### COUNT II
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Coventry repeats and realleges the facts set forth in paragraphs 1 through 35 as though fully set forth herein.

37. The Net Ground Lease is a valid and binding contract between Coventry and CP9, which contains an implied covenant of good faith and fair dealing.

38. CP9 breached the implied covenant of fair dealing by refusing to provide reasonable access to the Premises to Coventry and frustrating Coventry's efforts to perform its indemnification obligations under the Net Ground Lease.

39. As a result of CP9's breach of the implied covenant of good faith and fair dealing, Coventry has been damaged in an amount to be determined at trial.

**COUNT III**
**DECLARATORY JUDGMENT**

40. Coventry repeats and realleges the facts set forth in paragraphs 1 through 39 as though fully set

41. Coventry has provided CP9 with a notice of termination of the Net Ground lease as a result of CP9's failure to provide reasonable access to the property within 10 days of Coventry's written request for access.

42. Upon information and belief, CP9 disputes that Coventry has the right to terminate the lease as a result of CP9's failure to provide reasonable access to the property within 10 days of Coventry's written request for access.

43. Coventry believes that the Net Ground Lease is void and unenforceable as ultra vires, because many of the provisions contained therein were beyond the legal authority of the Town Council to agree to and against public policy.

44. Upon information and belief, CP9 disputes that the Net Ground Lease is void and unenforceable as ultra vires, because many of the provisions contained therein were beyond the legal authority of the Town Council and against public policy.

45. There exists an actual controversy between Coventry and CP9 as to their respective rights and obligations under the Net Ground Lease.

46. Coventry seeks a judicial determination of its rights and obligations to CP9 under the Net Ground Lease.

## PRAYER FOR RELIEF

WHEREFORE, Coventry requests that this Court:

1. enter a judgment declaring the Net Ground Lease void and unenforceable;

2. award Coventry consequential damages;

3. award Coventry its reasonable costs, expenses (including attorneys fees) and interest; and

4. grant such other and further relief as the Court shall deem appropriate.

Dated: Providence, Rhode Island
June 22, 2006

THE TOWN OF COVENTRY

By its attorneys:

Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

385141_1.doc

STATE OF RHODE ISLAND
KENT, SC.

RECEIVED SEP SUPERIOR COURT

| | | |
|---|---|---|
| THE TOWN OF COVENTRY, Plaintiff, v. COMMERCE PARK ASSOCIATES 9, LLC, Defendant. | : | C.A. No. KC 06-579 |

STIPULATION OF DISMISSAL

The undersigned parties hereby agree that this matter may be dismissed without prejudice. Each party will bear its own attorney's fees and costs.

THE TOWN OF COVENTRY

By its attorneys:

Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

September 13, 2006

COMMERCE PARK
ASSOCIATES 9, LLC

By its attorneys:

Stephen H. Burke, Esq. (#2759)
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
(401) 331-3400
Fax: (401) 331-3440

September 9th, 2006

392460_1.doc