**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF COVENTRY, et. al,<br><br>Defendants. | C.A. 05-346T-LDA |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE TOWN OF COVENTRY'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO THE CROSS-CLAIMS OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC**

The Town of Coventry, Rhode Island ("Coventry") submits this reply memorandum in further support of its Motion For Leave To File An Amended Answer To The Cross-Claims Of Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC ("CPA9").

## ARGUMENT

In their Opposition Brief, CPR and CPA9 object to Coventry's Motion for Leave To Amend on the grounds that an amendment will result in prejudice to them. They also allege that Coventry's motion was not made in good faith and is merely an attempt to re-litigate issues dismissed by the Rhode Island Superior Court.[1] Both of these arguments are meritless.

[1] CPR and CPA9 also request that they be awarded the costs of defending the motion. As an initial matter, their failure to identify a legal basis for such an award, much less a factual justification, merits denying this request with little serious consideration. To the extent the Court wishes to seriously consider the issue of awarding costs, Coventry requests that CPR and CPA9's submission be deemed a motion and that Coventry be permitted to respond substantively in accordance with the 10 day time period set forth in Local Rule 7.

## I. CPR AND CPA9 HAVE MADE AN INSUFFICIENT SHOWING OF PREJUDICE

CPR and CPA9 assert without explanation that, if Coventry is granted leave to amend, they "would be required to expend significant amounts of money and other resources to conduct discovery and defend issues already decided." This assertion stands in stark contrast to the reality of this case. The new defenses asserted in the Proposed Amended Answer are directed at CPR and CPA9's contract claims – claims on which CPR and CPA9 bear the burden of proof whether the Answer is amended or not. The proposed defenses are issues on which Coventry bears the burden of proof, not CPR and CPA9. It is difficult to conceive of a reason why these additional defenses would require CPR and CPA9 to incur expenses much in excess of the expenses they must necessarily incur in order to prove that the contract at issue is valid and binding, which is an element of their prima facie case.

Moreover, CPR and CPA9's claimed need to take additional discovery should be viewed in light of the fact that they have not yet taken any discovery in this case. They have not served any document requests or interrogatories and have not noticed a single deposition, despite the fact that the discovery period set forth in the Court's Rule 16 Scheduling Order has closed. Perhaps CPR and CPA9 did not feel that discovery on Coventry's other defenses was warranted. Nevertheless, the fact that they now feel they may need to actually conduct discovery on the proposed contractual defenses,[2] does not constitute prejudice sufficient to defeat an otherwise meritorious motion for leave to amend.

[2] Coventry has no objection to permitting CPR and CPA9 additional time in which to conduct discovery on the contractual defenses raised in this case for the first time in the Proposed Amended Complaint. By virtue of their failure to serve any discovery requests prior to the expiration of the discovery deadline, however, CPR and CPA9 have waived their right to take discovery on the facts and issues pled in the original Complaint. Coventry respectfully requests that any amended Scheduling Order necessitated by its Motion For Leave To Amend permit CPR and CPA9 additional time to take discovery only with respect to the contractual defenses set forth in the Proposed Amended Complaint.

## II. CPR AND CPA9'S BAD FAITH ARGUMENT MISCHARACTERIZES THE STATE COURT PROCEEDINGS

CPR and CPA9 make much of the fact that Coventry's abandoned state court action was initiated after Coventry's original Answer and was ultimately dismissed. Based on these facts, they suggest that Coventry's Motion For Leave To Amend constitutes a bad faith attempt to re-litigate decided issues of law. Nothing could be further from the truth.

As set forth in Coventry's initial memorandum, Coventry's original Answer contemplated a defense to CPR and CPA9's state law claims primarily on subject matter jurisdiction grounds. At the time of its original Answer, Coventry intended to file an action in Rhode Island Superior Court seeking to invalidate the Net Ground Lease on the grounds of various contractual theories, including CPA9's own breach of the agreement, breach of the implied covenant of good faith and fair dealing and utra vires. *See* State Court Complaint, attached as Exhibit 1 to the Opposition Br., ¶¶ 34, 38, 43 and Prayer For Relief. Coventry ultimately filed an action in the Rhode Island Superior Court and CPA9 responded with a Motion to Dismiss on jurisdictional grounds. Rather than fight this motion, Coventry elected to go forward and join issue on the validity of the Net Ground Lease in the forum of CPA9's own choosing – this Court.

When Coventry agreed to voluntarily dismiss the Superior Court action, it did so without prejudice. This is clearly reflected on the face of the Stipulation of Dismissal, which is attached as an exhibit to the Opposition Brief. In light of these facts, CPR and CPA9's assertions that Coventry is acting inappropriately by alleging some of the contractual theories it pled in the Superior Court action as defenses in the Proposed Amended Complaint, are neither accurate nor fair. Only by ignoring the explanation set forth in Coventry's initial memorandum and mischaracterizing the Superior Court proceedings can CPR and CPA9 make this allegation. It should be rejected.

## CONCLUSION

For all the foregoing reasons and the reasons set forth in its initial memorandum, Coventry requests that it be granted leave to amend its Answer in the form attached as Exhibit 1.

Dated: Providence, Rhode Island
December 22, 2006

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within Reply Memorandum In Further Support Of The Town Of Coventry's Motion For leave to file an Amended Answer To The Cross-Claims Of Commerce Park Realty, LLC and Commerce Park Associates 9, LLC through the ECF system on the 22nd day of December, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

Patrick J. Sullivan, Esq.
Law Offices of Patrick J. Sullivan, Esq.
505 Tiogue Ave.
Suite B
Coventry, RI 02816

Scott L. Hammer, Esq.
Blasbalg & Hammer
128 Dorrance St.
Suite 350
Providence, RI 02903

/s/ Geoffrey W. Millsom

403116_1.doc