# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND, by and through :
The RHODE ISLAND DEPARTMENT OF :
ENVIRONMENTAL MANAGEMENT, :
:
Plaintiff :
:
V. : C.A. 05-346T-LDA
:
:
TOWN OF COVENTRY, RHODE ISLAND :
Et al., :
:
Defendants. :
:

## MOTION TO DISQUALIFY ATTORNEY[S]

**NOW comes** the cross-claim plaintiff Commerce Park Realty, LLC and Commerce Park Associates 9, LLC and demands that this Honorable Court disqualify the law firm of Adler Pollock & Sheehan P.C, (hereinafter, AP&S), from representing the Town of Coventry in the above referenced case. Representation of the firm of AP&S., in any proceeding against any one of the forty (40) entities owned and operated by Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte, including, but not limited to, Universal Properties Group, LLC, Commerce Park Realty, LLC, and Commerce Park Associates 9, is a conflict of interest and prohibited under Rhode Island Supreme Court Rules of Professional Responsibility.

## FACTS

The law firm of AP&S has acted as legal counsel for the principal members of the above referenced entities owned and operated by Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte for approximately 25 years. During this period of representation the firm of AP&S represented Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte on hundreds of personal and business matters. The magnitude of the impropriety of AP&S representing interests adverse to the Cambio/Malafronte interests cannot be overstated.

During a twenty five (25) year period AP&S has represented forty (40) entities owned and operated by Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte, including, but not limited to, Universal Properties Group, Inc., the holding company for all of the above referenced entities. AP&S billed Nicholas E. Cambio, Vincent A. Cambio, Roney A. Malafronte, their family members, and their business interests, more than **three million dollars ($3,000,000.00).** During the same time period more than **ninety (90)** of the firm's attorney's, (see, Exhibit 1), both past and present, have represented Messrs. Cambio and Malafronte on business and personal legal matters.

The three attorneys assigned to the case on behalf of the Town of Coventry may be the only attorneys, at the firm of AP&S, that have not represented any of the Cambio/Malafronte interests. This fact however does not relieve AP&S or any individual attorney therein from the affirmative duty to immediately withdraw from representation in this matter.

## LAW

A number of the Rhode Island Supreme Court Rules, Article V., Rules of Professional Responsibility are helpful in resolving issues of conflict of interest between former and present clients. Attorney Edward L. Maggiacomo recognized the conflict of interest on October 3, 1997. At that time Attorney Maggiacomo aspired to represent, as counsel, A. Cardi Realty Associates, in the sale of real property to Universal Properties and Mr. Nicholas Cambio. Pursuant to Rule 1.7(a) (2) and/or (b) (2), Attorney Maggiacomo requested Mr. Cambio to sign a conflict of interest consent agreement,

thereby allowing Attorney Maggiacomo to represent a client that would have otherwise caused a conflict.(see, Exhibit 2).

Rule 1.7 entitled **CONFLICT OF INTEREST: GENERAL RULE, states:**

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

AP&S's representation of Cambio and Malafronte ended some years ago in an inhospitable fashion. This hardly relieves AP&S from the obligation to avoid representing an adverse interest to Nicholas E. Cambio, Vincent A. Cambio and Roney A. Malafronte in litigation at this time. According to our accounts receivable department, AP&S has represented Cambio/Malafronte interests within the previous 4 ½ years. This period of time would not relieve AP&S, or any individual attorney at AP&S, from the duty to avoid a conflict of interest.

The Rhode Island Supreme Court Rules of Professional Responsibility, specifically, Rules 1.6 -1.10, in combination with the time keeping requirements of Rule 1.16, prevent the firm of AP&S, as well as all attorney's, associated with, employed by, or of counsel to, AP&S from representing The Town of Coventry in this matter.

Commerce Park Realty, LLC
Commerce Park Associates, LLC

/s/

Richard H. James (RI Bar #4874)
Commerce Park Realty, LLC
Commerce Park Associates 9, LLC
207 Quaker Lane, Suite 300
West Warwick, Rhode Island 02893
401.828.3500 telephone
401.823.7329 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Objection to Cross-Claim Defendants' Motion to Amend through the ECF system on the 22, of December, 2006, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by electronic mail and regular mail to the following counsel of record:

Patrick J. Sullivan, Esquire
Law Offices of Sullivan & Sullivan
505 Tiogue Avenue
Coventry, RI 02816 Mark O. Denehy

Scott L. Hammer
Blasbalg & Hammer
128 Dorrance Street, Suite 350
Providence, RI 02903

Patrick J. Sullivan
Law Offices of Patrick J. Sullivan, Esq.
505 Tiogue Ave.
Suite B
Coventry, RI 02816

/s/

Richard H. James, Esquire