UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | : | |
| v. | : | C.A. No. 05-346T |
| TOWN OF COVENTRY, et al. | : | |

**DISCOVERY MANAGEMENT ORDER**

On December 20, 2006, the Town of Coventry (the "Town"), through its counsel, requested a discovery conference because the Town is "unsatisfied with the discovery responses served upon [it] by" co-defendants and cross-claimants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively "Commerce"). Judge Torres has referred this request to me. The Town represents its belief that "attempting to meet and confer with [Commerce] would be futile" and that "a conference with the Court would be the most expeditious way to resolve the outstanding issues."

As counsel knows, most discovery disputes are presented to the Court under Fed. R. Civ. P. 37. Pursuant to LR Cv 37(a), the moving party's Motion sets forth the discovery request in issue, the disputed response and an explanation as to why the movant maintains that the response is inadequate. Thus, the Court is in a position to either rule on the dispute on the papers or become sufficiently informed about the dispute to hold a hearing and engage in a meaningful dialogue about the dispute with counsel. Since the Town's letter provides no insight into the nature of the instant dispute, the Court would be wholly uninformed and unprepared to engage in a meaningful dialogue at the requested conference.

Further, the Town provides no legal or factual support for its proposed "futility" exemption from Rule 37's obligation to confer in good faith prior to seeking Court intervention. In particular, Rule 37(a)(2)(B) mandates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer...in an effort to secure the information or material without court action." This mandate has two purposes. First, it requires the moving party to exhaust its own efforts to obtain the discovery sought before utilizing the Court's resources. Second, it recognizes that the attorneys, with their experience in the subject matter and detailed knowledge of the case, are in a much better position to address these issues than is the Court which generally has only sporadic involvement in a case during the pretrial period.

If this Court were to grant the Town's request for a conference and agree with its futility exemption to the meet and confer requirement, it would signal to the other parties in this case and others on the Court's docket that Fed. R. Civ. P. 37 and LR Cv 37(a) are meaningless. It would signal that the easiest way to be heard on discovery disputes is to submit a vague one-page letter requesting a conference and asserting that it would be futile to even attempt to meet and confer. While the Town may view this as an expeditious way to resolve their dispute, this Court does not agree. If it was, it is likely that such a mechanism would have been incorporated into the Federal Rules of Civil Procedure or this Court's Local Rules. While this Court appreciates the Town's desire to avoid unnecessary motion practice under Rule 37, the best way to accomplish that goal is for counsel to confer or attempt to confer in "good faith" about the dispute prior to filing a discovery motion as required. If that fails, it is highly likely that a motion hearing preceded by succinct and targeted briefing would be more productive than an unstructured conference before an uninformed

judge. Further, without a pending motion, it is questionable what authority this Court would have at a "conference" to grant any formal relief to the Town without Commerce's consent

In summary, the Town has simply not shown at this time how the discovery dispute in this case is different than the dozens of similar disputes brewing in other pending cases at any given time, and why the parties in this case should be exempted from Fed. R. Civ. P. 37(a)(2)(B). Thus, this Court is unwilling at this time to hold a discovery conference based on the contents of the Town's current request. If the Town disagrees with this Court's initial assessment and believes that a conference would be appropriate and productive, the Town may renew its request directly to the undersigned with a more detailed explanation of the nature of the dispute and why even an attempt to meet and confer with Commerce would be futile.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 28, 2006