**UNITES STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, RHODE ISLAND, A. CARDI REALTY CO., INC., ARKWRIGHT, INC. CNA HOLDINGS., f/k/a Hoechst Chemical Corp. and American Hoechst Corp., CHEVRON U.S.A., INC., CIBA SPECIALTY CHEMICALS CORPORATION, GARLAND INDUSTRIES, INC., MALLINCKRODT, Inc., f/k/a International Minerals & Chemicals Corp., SOLUOL, INC., SUNOCO, INC., TEXACO, INC., UNIROYAL HOLDING, INC., UNION OIL COMPANY OF CALIFORNIA (d/b/a Unocal), for its former subsidiary American Mineral Spirits Co., WHITTAKER CORPORATION, COMMERCE PARK REALTY, LLC, and COMMERCE PARK ASSOCIATES 9, LLC,

Defendants.

C.A. 05-346T-LDA

**AMENDED ANSWER OF THE TOWN OF COVENTRY TO CROSS-CLAIMS OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC**

As and for its Answer to the Cross-Claims Of Commerce Park Realty, LLC (“CPR”) and Commerce Park Associates 9, LLC (“CPA-9”), Defendant The Town of Coventry, Rhode Island (“Coventry”) responds as follows:

**Response to "Parties"**

1. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and, on that basis, denies the allegations.

2. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and, on that basis, denies the allegations.

3. Coventry admits the allegations set forth in paragraph 3.

4. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and, on that basis, denies the allegations.

5. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and, on that basis, denies the allegations.

6. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and, on that basis, denies the allegations.

7. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and, on that basis, denies the allegations.

8. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and, on that basis, denies the allegations.

9. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and, on that basis, denies the allegations.

10. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and, on that basis, denies the allegations.

11. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and, on that basis, denies the allegations.

12. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and, on that basis, denies the allegations.

13. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and, on that basis, denies the allegations.

14. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and, on that basis, denies the allegations.

15. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and, on that basis, denies the allegations.

16. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and, on that basis, denies the allegations.

17. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and, on that basis, denies the allegations.

**Response to "Jurisdiction"**

18. In response to paragraph 18, Coventry admits that this Court has subject matter jurisdiction over Claim IV (Statutory Contribution) and Count V (Common Law Contribution) and denies the remaining allegations in the paragraph.

19. In response to paragraph 19, Coventry admits that venue in this district is proper with respect to Count IV (Statutory Contribution) and Count V (Common Law Contribution) and denies the remaining allegations in the paragraph

**Response to "General Allegations"**

20. In response to paragraph 20, Coventry admits that it entered into a contract denominated "Net Ground Lease" with CPA-9 in 1999, admits that CPR and CPA-9 have attached a document to the cross-claim that appears to be an incomplete copy of that Net Ground Lease and denies the remaining allegations in the paragraph.

21. Coventry admits the allegations set forth in paragraph 21.

22. Coventry is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and, on that basis, denies the allegations.

23. [omitted by CPR and CPA-9].

24. Coventry admits the allegations set forth in paragraph 24.

25. Paragraph 25 contains allegations of law to which no responsive pleading is required. To the extent that any responsive pleading is required, Coventry admits that the Net Ground Lease contains certain representations and warranties, refers CPR and CPA-9 to the express language of that document for the full scope and context of the representations and warranties, and denies the remaining allegations set forth in the paragraph. Coventry further avers that "Environmental Site Reports," as that term is defined by Article 13 of the Net Ground Lease, were attached to the net Ground Lease as an appendix.

26. Coventry denies the allegations set forth in paragraph 26 and refers CPR and CPA-9 to the express language of the Net Ground Lease for the terms of the parties' agreement.

27. Coventry denies the allegations set forth in paragraph 27 and refers CPR and CPA-9 to the express language of the Net Ground Lease for the terms of the parties' agreement.

28. Paragraph 28 contains allegations of law to which no responsive pleading is required. To the extent that any responsive pleading is required, Coventry admits that the Net Ground lease defines the term Environmental Enforcement Action, refers CPR and CPA-9 to the express language of that document for the meaning, scope and context of that term and denies the remaining allegations in the paragraph.

29. Paragraph 29 contains allegations of law to which no responsive pleading is required. To the extent that any responsive pleading is required, Coventry refers CPR and CPA-9 to the express language of the Net Ground Lease for the full scope, meaning

and context of Coventry's obligations and denies the allegations set forth in the paragraph.

30. Paragraph 30 contains allegations of law to which no responsive pleading is required. To the extent that any responsive pleading is required, Coventry refers CPR and CPA-9 to the express language of the Net Ground Lease for a complete description of Coventry's obligations and denies the allegations set forth in the paragraph.

31. Coventry denies the allegations set forth in paragraph 31.

**Response to "COUNT I**
**Contractual Indemnification"**

32. In response to paragraph 32, Coventry incorporates and restates its responses to all paragraphs of the Complaint as though fully set forth herein.

33. Coventry denies the allegations set forth in paragraph 33 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' contractual indemnification claim.

34. Coventry denies the allegations set forth in paragraph 34 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' contractual indemnification claim.

35. Coventry denies the allegations set forth in paragraph 35 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' contractual indemnification claim.

**Response to "COUNT II - Breach of Warranty"**

36. In response to paragraph 36, Coventry incorporates and restates its responses to all paragraphs of the Complaint as though fully set forth herein.

37. Coventry denies the allegations set forth in paragraph 37 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' breach of warranty claim.

38. Coventry denies the allegations set forth in paragraph 38 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' breach of warranty claim.

**Response to "COUNT III - Misrepresentation"**

39. In response to paragraph 39, Coventry incorporates and restates its responses to all paragraphs of the Complaint as though fully set forth herein.

40. Coventry denies the allegations set forth in paragraph 40 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' misrepresentation claim.

41. Coventry denies the allegations set forth in paragraph 41 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' misrepresentation claim.

42. Coventry denies the allegations set forth in paragraph 42 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' misrepresentation claim.

43. Coventry denies the allegations set forth in paragraph 43 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' misrepresentation claim.

44. Coventry denies the allegations set forth in paragraph 44 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' misrepresentation claim.

**Response to "COUNT IV - Statutory Contribution"**

45. In response to paragraph 45, Coventry incorporates and restates its responses to all paragraphs of the Complaint as though fully set forth herein.

46. Coventry denies the allegations set forth in paragraph 46.

**Response to "COUNT V**
**Common Law Contribution"**

47. In response to paragraph 47, Coventry incorporates and restates its responses to all paragraphs of the Complaint as though fully set forth herein.

48. Coventry denies the allegations set forth in paragraph 48 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' Common Law Contribution claim.

49. Coventry denies the allegations set forth in paragraph 49 and denies this Court's subject matter jurisdiction over cross-claim plaintiffs' Common Law Contribution claim.

**AS AND FOR A FIRST**
**AFFIRMATIVE DEFENSE**

Cross-claim plaintiffs have failed to state a claim upon which relief.

**AS AND FOR A SECOND**
**AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over cross-claim plaintiffs' claims numbers I, II, III and V.

**AS AND FOR A THIRD**
**AFFIRMATIVE DEFENSE**

Count V is preempted by federal law.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

Cross-claim plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A FIFTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Cross-claim plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or laches.

**AS AND FOR A SIXTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Cross-claim plaintiffs' are barred from obtaining any relief against Coventry by reason of cross-claim plaintiffs' own conduct in this matter.

**AS AND FOR A SEVENTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Cross-claim plaintiffs' failed to mitigate their damages, and/or take reasonable precautions to prevent damages.

**AS AND FOR AN EIGHTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Cross-claim plaintiffs' claims are barred by the doctrine of unclean hands.

**AS AND FOR A NINTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Cross-claim plaintiffs' claims are barred for failure of consideration.

**AS AND FOR A TENTH**
**<u>AFFIRMATIVE DEFENSE</u>**

Plaintiffs cannot recover on their cross-claims because the terms of the Net Ground Lease beyond the legal authority of the Coventry Town Council Town Council to agree to, were against public policy and the Net Ground Lease is therefore void for *ultra vires*.

**AS AND FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their cross-claims because the Net Ground Lease is unconscionable in whole or in part.

**AS AND FOR A TWELFTH**
**AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their cross-claims by virtue of their own breach of the Net Ground Lease.

**AS AND FOR A THIRTEENTH**
**AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover on their cross-claims by virtue of their own breach of the covenant of good faith and fair dealing that is implied in the Net Ground Lease.

**PRAYER FOR RELIEF**

WHEREFORE, Coventry requests judgment:

1. declaring the Net Ground Lease void, invalid and unenforceable;
2. dismissing the cross-claims of CPR and CPA-9 with prejudice;
3. awarding Coventry costs and attorneys' fees, and
4. such other and further relief this Court deems just and proper.

Dated: Providence, Rhode Island
January 4, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom

Mark O. Denehy (#3492)
mdenehy@apslaw.com
Elizabeth McDonough Noonan (#4226)
enoonan@apslaw.com
Geoffrey W. Millsom (#6483)
gmillsom@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Amended Answer Of The Town Of Coventry To Cross-Claims Of Commerce Park Realty, LLC And Commerce Park Associates 9, LLC through the ECF system on the 4th day of January, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

| | |
|---|---|
| Patrick J. Sullivan<br>Law Offices of Patrick J. Sullivan, Esq.<br>505 Tiogue Ave.<br>Suite B<br>Coventry, RI 02816 | Scott L. Hammer<br>Blasbalg & Hammer<br>128 Dorrance St., Suite 350<br>Providence, RI 02903 |

/s/ Geoffrey W. Millsom