F

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

December 22, 2006

**VIA EMAIL AND REGULAR MAIL**

Richard H. James, Esq.
Universal Properties Group, LLC
207 Quaker Lane, Suite 300
West Warwick, RI 02893

Re: RIDEM v. The Town of Coventry, et al, No. 05-346T-LDA

Dear Mr. James:

I write in response to your letter dated December 8, 2060 in which you request on behalf of your clients, Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC ("CPA9"), that Adler Pollock & Sheehan P.C. ("AP&S") voluntarily withdraw from representing the Town of Coventry, Rhode Island ("Coventry") in the above-referenced matter. Please be advised that after a review of the factual and legal issues raised in your letter, AP&S believes that there is no conflict of interest in its continued representation of Coventry and, consequently, declines to withdraw.

First, AP&S has never represented CPR or CPA9. Although you apparently base your allegation of an alleged conflict of interest on AP&S' prior representation of Nicholas E. Cambio, Vincent Cambio and the late Roney A. Malafronte and various business entities that those three individuals owned and operated, AP&S no longer represents any of these persons or entities and has not represented any of them in several years. Nor did any of AP&S' representation of any of these individuals or entities in the past involve the issues and disputes in the instant matter.

Second, in order for AP&S' prior representation of the Cambios, Mr. Malafronte and their various entities even potentially to give rise to a conflict of interest in a case that involves only CPR and CPA9 (entities AP&S has never represented), it would be necessary for a court to disregard the legal distinctions between and among them, pierce the so-called "corporate veil" that may exist, and assume that, for all intents and purposes, they are one and the same or alter egos of each other. Otherwise, there would appear to be no basis under Rhode Island law to even consider AP&S' past representation of the Cambios, Mr. Malafronte and certain of their various business entities as relevant for conflict of interest purposes in a dispute that involves only legal entities that AP&S has never represented. Notwithstanding these points, to the extent that you believe that there are facts that would justify setting aside the various legal distinctions and corporate forms that appear to separate CPR and CPA9 from any persons or entities that AP&S

may have previously represented, we request that you bring these facts to our attention so that we may review them accordingly.

Third, we also believe that the timing of your clients' objection to AP&S' continued representation of Coventry and the failure of your clients to object to AP&S' representation of clients in other matters adverse to the Cambios, Mr. Malafronte and/or their various entities, constitutes a waiver that precludes any objection at this time, even if your clients otherwise would have had a valid objection (which they do not).

The fact that AP&S may have sought a waiver from certain of your clients at a point in time when AP&S actually represented them, has no relevance or materiality to your present conclusion that at a point in time long after AP&S discontinued representing any of your clients, and where AP&S never represented CPR and CPA9, AP&S somehow needs to obtain a waiver to represent Coventry.

Fourth, we do not believe that your designation of Edward L. Maggiacomo as a purported witness in this matter is genuine enough to even merit consideration as a potential disqualifying factor, based, among other things, on the fact that the areas of so-called "testimony" set forth in your clients' interrogatory responses bear no relevance or materiality to any of the issues in the instant litigation. This conclusion is further borne out by the fact that your clients made no such allegation prior to the discovery closure, and did not seek to depose or obtain discovery from Mr. Maggiacomo.

Finally, as both the courts and the Rules of Professional Responsibility recognize, allegations of so-called "conflicts" of the type made in your letter are often raised for strategic purposes in order to provide one party with an improper tactical advantage over another. For this reason, motions to disqualify are subjected to heightened scrutiny by the courts. For the reasons we have stated, we believe that your clients' allegations of conflict are not well founded and we question the good faith basis for such allegations. Our client, Coventry, has reviewed the allegations in your letter, as well as our response, and has informed us that it sees no reason for AP&S to withdraw. We agree.

Sincerely,

GEOFFREY W. MILLSOM

cc: Elizabeth McDonough Noonan, Esq.
Patrick J. Sullivan, Esq.

*403137_1.doc*