**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, et. al,

Defendants.

C.A. 05-346T-LDA

**TOWN OF COVENTRY'S MOTION TO PRECLUDE USE OF UNDISCLOSED EVIDENCE, TO DISMISS, FOR AN AWARD OF COSTS, AND AN EXTENSION OF SCHEDULING ORDER DEADLINES**

Pursuant to Rule 37(b) & (c) of the Federal Rules of Civil Procedure, The Town of Coventry, Rhode Island ("Coventry") hereby moves the Court to issue an order: 1) precluding Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (collectively, the "Commerce Park Defendants") from using undisclosed evidence at trial, hearing or motion in this case, 2) dismissing the Cross-claims as a result of the Commerce Park Defendants' failure to comply with the Court's December 8, 2006 Order, 3) awarding Coventry its costs and expenses, including attorneys' fees, incurred in its various efforts to obtain the requested (and ordered) discovery, and 4) extending the period of time in which Coventry may conduct discovery and file dispositive motions. The arguments upon which this motion is based are set forth in the accompanying memorandum.

Dated: Providence, Rhode Island
January 16, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

RULE 37 CERTIFICATION

I hereby certify that, prior to bringing this motion to compel, I conferred in good faith with the party failing to make discovery in an unsuccessful effort to secure the information without court action.

/s/ Geoffrey W. Millsom

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, | : | |
| Plaintiff, | : | |
| v. | : | |
| TOWN OF COVENTRY, et. al, | : | C.A. 05-346T-LDA |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF TOWN OF COVENTRY'S MOTION TO PRECLUDE USE OF UNDISCLOSED EVIDENCE, TO DISMISS, FOR AN AWARD OF COSTS, AND AN EXTENSION OF SCHEDULING ORDER DEADLINES**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in support of its Motion To Preclude Use Of Undisclosed Evidence, To Dismiss, For An Award Costs, And Extension of Scheduling Order Deadlines.

## BACKGROUND

This action was filed pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601 *et seq*. by the Rhode Island Department of Environmental Management ("RIDEM") to address the alleged presence of hazardous materials at the site of a former landfill in Coventry, Rhode Island. Contemporaneously with the filing of this suit, 14 of the entities identified by RIDEM as potentially responsible parties ("PRPs") entered into a Partial Consent Decree in which the alleged PRPs agreed to finance and perform a remedial investigation/ feasibility study at the landfill. Subsequently, the settling PRPs were denied access to the landfill for the purpose of performing their obligations under the Consent Decree by the entity that owns the adjacent

property, Commerce Park Realty, LLC, and the entity that leases the property on which the former landfill was situated, Commerce Park Associates 9, LLC. In response, RIDEM amended its Complaint to include the Commerce Park Defendants.

The Commerce Park Defendants answered RIDEM's Amended Complaint and brought multiple cross-claims against their co-defendants, including Coventry. One of the cross-claims asserted against Coventry seeks contractual indemnification under a lease between Coventry and Commerce Park Associates 9, LLC ("CPA9").

On August 24, 2006, the Court issued a Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Pursuant to the Scheduling Order, discovery on the indemnification issue between Coventry and the Commerce Park Defendants was to close on December 1, 2006. On September 27, 2006, Coventry served its First Request for the Production of Documents and First Set of Interrogatories upon the Commerce Park Defendants (the "Discovery Requests"). That same date, Coventry noticed the depositions of the Commerce Park Defendants and Nicholas E. Cambio for October 30 and 31, 2006.

On November 1, 2006, the Commerce Park Defendants served responses to the Discovery Requests. Coventry deemed these responses inadequate and, after meeting and conferring with the Commence Park Defendants, moved to compel full and adequate responses and to extend the time in which Coventry could take discovery and bring dispositive motions. The Commence Park Defendants did not object to this motion. On December 8, 2006, the Court issued an order granting Coventry's motion to compel and extending the discovery closure date, ordering the Commerce Park Defendants to produce the requested discovery within 30 days and extend the dispositive motion deadline in this case by 30 days. Pursuant to this order the new discovery closure date is January 28, 2006.

On December 8, 2006, the Commerce Park Defendants supplemented their discovery responses. Copies of these supplemental responses are attached as Exhibits 1 and 2. (These responses fairly and accurately reflect Coventry's individual requests). Coventry subsequently has raised its dissatisfaction regarding the sufficiency of the discovery responses with counsel for the Commerce Park Defendants. Additionally, new counsel has recently appeared in this case for the Commerce Park Defendants and Coventry has conferred with this new counsel regarding its discovery concerns. Despite these efforts, Coventry has not obtained full and adequate discovery responses. Although Coventry is hopeful that it may eventually be able to obtain the discovery it seeks with the assistance of new counsel, it does not believe that its discovery will be completed before the discovery deadline.

## ARGUMENT

The discovery provisions of the Federal Rules of Civil Procedure are designed to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Rule 26 of the Federal Rules of Civil Procedure permits parties to take discovery of all relevant information. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."). "If a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." *See* Fed. R. Civ. P. 37(a)(2)(A). Under Rule 37, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

Rule 37(b) & (c) provide a range of sanctions for a party's failure to comply with a court order compelling the production of discovery. Fed. R. Civ. P. 37(b) & (c). At a minimum, the

Rule precludes the non-compliant party from using at a trial, hearing or on a motion any evidence or information not disclosed. *See* Fed. R. Civ. P. 37(c) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."). Other available sanctions include attorney's fees and dismissal. *Id.* Indeed, the language of Rule 37 indicates that an award of attorney's fees is mandatory, not discretionary, in the event of a meritorious motion to compel under Rule 37(a), which suggests that such an award is even more appropriate in the event that the movant is forced – as is the case here – to bring a second motion under Rule 37(b) & (c).

## I. DISMISSAL IS WARRANTED BECAUSE THE COMMERCE PARK DEFENDANTS HAVE NOT COMPLIED WITH THE COURT'S ORDER COMPELLING DISCOVERY

In its Motion to Compel, Coventry argued that the Court should order the Commerce Park Defendants to produce, *inter alia,* the following categories of discovery:

Documents And Information Reflecting Damages, Costs and Fees

Coventry's Document Request Numbers 5, 6 & 7 each sought documents reflecting damages, costs or fees incurred by CPR and/or CPA9 as a result of the RIDEM Complaint and the facts giving rise to the RIDEM Complaint. Similarly, Coventry's Interrogatories numbered 7 & 8 requested that the Commerce Park Defendants itemize all such damages, costs or fees. The Court's December 8, 2006 Order directed the Commerce Park Defendants to provide this information.

To date, however, the Commerce Park Defendants have produced only a letter from a consultant, an appraisal, an ambiguous accounting schedule and interest calculations. In their supplementary discovery responses, the Commerce Park Defendants indicated that they would

produce their "accounts payable records" for inspection. (When requested to copy and produce the "accounts payable records," however, the Commerce Park Defendants failed to comply). *See* Exhibit 3. The Commerce Park Defendants have not produced any bills, invoices, or requests for payment reflecting the damages they seek in this case. Nor have they produced any documentary evidence of payment of those damages, such as canceled checks, receipts, bank account statements, etc.

The Commerce Park Defendants' interrogatory responses (as supplemented) list only broad categories of claimed expenses totaling in excess of $24,500,000. *See* Exhibit 2. To the extent that any of these categories of damages are dependant on expert testimony (e.g. "lost value of adjacent real estate" and "estimated value of the leasehold interest in Landfill over lease term"), the Commerce Park Defendants have produced no expert reports and disclosed no expert witnesses have been disclosed. Indeed, they have affirmatively represented that, as of December 8, 2006, they had not retained any expert witnesses. Taken together, these discovery responses, provide insufficient evidence of the Commerce Park Defendants claimed "damages" to merit this case proceeding to trial. Unquestionably, proof of "damages" is an element of the Commerce Park Defendants *prima facie* indemnification claim.

Although Rule 37(c) certainly provides the Court with sufficient authority to dismiss the Commerce Park Defendants' Cross-claim as a sanction for their discovery non-compliance and willful disobedience of this Court's December 8, 2006 Order, in this case dismissal is also warranted by virtue of the imposition of the lesser (and mandatory) sanction of preclusion of the undisclosed evidence. Fed. R. Civ. P. 37(c). If the Commerce Park Defendants are unable to introduce evidence at trial in the form of expert opinions as to the "lost value" aspect of their

damages as well as documentary evidence of their out-of-pocket losses and expenses, they cannot prevail on their Cross-claim and it, therefore, must be dismissed

In addition, the Commerce Park Defendants should be ordered to compensate Coventry for the needless expense of time, resources and attorneys' fees incurred while attempting to obtain the requested discovery. The Commerce Park Defendants have frustrated Coventry's ability to understand the scope of their claimed damages and prevented Coventry from being able to conceive of or mount a defense to the damages aspect of the Cross-claim. At a minimum, this frustration of Coventry's rights to discovery and unjustified escalation of Coventry's litigation expenses merits an order compelling the Commerce Park Defendants to reimburse Coventry for the fees and expenses incurred in the course of attempting to obtain the requested (and ordered) discovery.

<u>Electronically Stored Information</u>

In its motion to compel, Coventry requested that the Commerce Park Defendants be ordered to produce electronically stored information that was responsive to Coventry's discovery requests and to certify their good faith search of their electronic records. This request was based on the fact that the Commerce Park Defendants produced a few documents, such as a spreadsheet and accounting software printouts, that were clearly generated from electronically stored information. The Commerce Park Defendants did not produce these (or any other documents) in electronic form. Nor did the Commerce Park Defendants produce any emails, which is a very unusual event in modern business litigation. Subsequent to Coventry's motion to compel, counsel for the Commerce Park Defendants did indicate that he would be producing certain environmental reports in electronic form, but these reports were never actually produced. *See* Exhibit 3.

By granting Coventry's motion to compel, the Court ordered the Commerce Park Defendants to produce the electronic versions of the documents produced that clearly exist in electronic form and compelled the Commerce Park Defendants to review their electronically stored information, produce any other responsive information contained therein and certify to Coventry and the Court that it has made a thorough and complete review and production of its electronic records. Coventry is in contempt of this Order. As a result, Coventry should be precluded from using all undisclosed electronically stored information, the cross-claims should be dismissed and Coventry should be awarded the costs, fees and expenses incurred in obtaining production of electronically stored information and the requested certification.

Environmental Testing Results

Coventry's motion to compel sought disclosure of information responsive to Interrogatory number 10, which sought the results of "any testing for the presence of hazardous materials on the Property or the Adjacent Properties performed by [the Commerce Park Defendants]." After first refusing to provide this relevant information because the request was not specific as to time frame, the Commerce Park Defendants supplemented their discovery response and refused to provide any responsive information that had been provided to it by Coventry and agreed to provide certain other responsive information. *See* Exhibits 1 & 3. They have not, however, actually provided such documentation. This failure by the Commerce Park Defendants also justifies preclusion, dismissal of the Cross-claims, and the imposition of an order directing them to pay the costs, fees and expenses incurred by Coventry in the course of attempting to obtain the requested discovery.

Prior Litigation

At Coventry's request, this Court ordered the Commerce Park Defendants to respond fully to Interrogatory number 11, which sought disclosure of the identity of all lawsuits to which the Commerce Park Defendants or Nicholas Cambio have ever been a party. The Commerce Park Defendants have ignored the Court's order and refused to provide responsive information. This intentional flouting of the Court's order and their own discovery obligations justifies preclusion, dismissal of the Cross-claims and an award of fees, costs and expenses to Coventry.

## II. IF THE CROSS-CLAIMS ARE NOT DISMISED, THE DISCOVERY CLOSURE DATE SHOULD BE EXTENDED

The discovery closure date for this case is January 28, 2007 and the dispositive motion deadline is February 28, 2006. Despite having diligently pursued discovery since September, Coventry will not be in a position to conclude its written discovery or to depose all fact witnesses by the closure date as a result of the Commerce Park Defendants' discovery non-compliance. Accordingly, in the event that the Cross-claims are not dismissed as a result of the Commerce Park Defendants' refusal to comply with this Court's December 8, 2006 Order, Coventry seeks a sixty day extension of the discovery closure date and deadline for filing dispositive motions set forth in the Court's current Scheduling Order, but requests that no such extension be granted to the Commerce Park Defendants, who should not be rewarded for their deliberate refusal to provide discovery in accordance with this Court's Order and the Federal Rules of Civil Procedure.

## CONCLUSION

For all the foregoing reasons, Coventry requests that the Court issue an order: 1) precluding the Commerce Park Defendants from using undisclosed evidence at a trial, hearing or motion in this case, 2) dismissing the Cross-claims as a result of the Commerce Park

Defendants' failure to comply with the Court's December 8, 2006 Order, 3) awarding Coventry its costs and expenses, including attorneys' fees, incurred in its various efforts to obtain the requested (and ordered) discovery, and 4) extending the period of time in which Coventry may conduct discovery and file dispositive motions.

Dated: Providence, Rhode Island
January 16, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom

Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within Town Of Coventry's Motion To Preclude Use Of Undisclosed Evidence, To Dismiss, For An Award Of Costs, And An Extension Of Scheduling Order Deadlines and the Memorandum of Law in support thereof through the ECF system on the 16th day of January, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

| | |
|---|---|
| Patrick J. Sullivan<br>Law Offices of Patrick J. Sullivan, Esq.<br>505 Tiogue Ave.<br>Suite B<br>Coventry, RI 02816 | Scott L. Hammer<br>Blasbalg & Hammer<br>128 Dorrance St., Suite 350<br>Providence, RI 02903 |

/s/ Geoffrey W. Millsom

*404879_1.doc*