# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND, by and through :
The RHODE ISLAND DEPARTMENT OF :
ENVIRONMENTAL MANAGEMENT,
:
Plaintiff :
:
v. : C.A. 05-346T-LDA
:
:
TOWN OF COVENTRY, RHODE ISLAND :
Et al., :
:
Defendants. :

## DEFENDANT, COMMERCE PARK REALTY, LLC, AND COMMERCE PARK ASSOCIATES 9, LLC's, SECOND ANSWERS TO CO-DEFENDANT TOWN OF COVENTRY, RHODE ISLAND's FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 3:** Identify all documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, that was provided to CPR 9, (by any person), prior to the execution of the lease.

**(FIRST)ANSWER NO. 3:** **No documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, was/were provided to CPR 9, (by any person), prior to the execution of the lease.**

**(SECOND) ANSWER NO. 3** **Answer should read: No documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, was provided to Commerce Park Associates 9, LLC (by any person), prior to the execution of the lease.**

**INTERROGATORY NO. 4:** Identify all documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, that was reviewed by CPA9 prior to the execution of the lease.

**(FIRST)ANSWER NO. 4:** **No documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, was/were provided to CPR 9, (by any person), prior to the execution of the lease.**

**(SECOND)ANSWER NO. 4:** **Answer should read: No documents regarding the presence, (or absence), of hazardous materials on the property or the adjacent properties, was/were reviewed by CPA 9, (by any person), prior to the execution of the lease.**

**INTERROGATORY NO. 7:** Itemize all damages, costs or fees incurred by CPR and/or CPA9, as a result of the RIDEM complaint.

**(FIRST)ANSWER NO. 7:** **Damages incurred by CPR and/or CPA9 to date, as a result of the RIDEM complaint, include, but may not be limited to the damages listed in answer to request for production answers numbers 6 and 7.**

**(SECOND)ANSWER NO. 7:** **Damages incurred by CPR and/or CPA9 to date, as a result of the RIDEM complaint, include, but may not be limited to:**

1. **Development costs at site of former dump.**
   - **a.) Sixty one thousand five hundred ninety eight dollars and 17/100, ($61,598.17).**
2. **Legal Fees**
   - **a.) Ninety five thousand seven hundred eighty eight dollars and 45/100, ($95,788.45).**
3. **Lost value of adjacent real estate**
   - **b.) Twelve million dollars ($12,000,000.00).**
4. **Interest accrued on debt to purchase adjacent property**
   - **c.) Four Million five hundred thousand dollars $4,500,000.00).**
5. **Estimated value of leasehold interest in Landfill over lease term.**
   - **a.) Eight million dollars ($8,000,000.00).**
6. **Interest and costs on all of the above to be computed at the conclusion of this action.**

**INTERROGATORY NO. 8:** Itemize all damages, costs or fees incurred by CPR and/or CPA9, as a result of the facts giving rise to the RIDEM complaint.

**(FIRST)ANSWER NO. 8:** **See answer number 7.**

**(SECOND)ANSWER NO. 8: Objection. The explanation of the question given by the town of Coventry creates a hypothetical situation upon which Deponent cannot ascertain. Notwithstanding the objection; item # 1 a.) in answer 7 above, represents the legal costs to defend the RIDEM suit.**

**INTERROGATORY NO. 9:** Describe the work performed by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9, that gave rise to the costs or fees that you believe constitute damages, costs or fees either as a result of the facts giving rise to the RIDEM Complaint or as a result of the RIDEM Complaint.

**(FIRST)ANSWER NO. 9: This question calls for two (2) answers. As to the work performed by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9, that gave rise to the costs or fees that you believe constitute damages, costs or fees [either] as a result of the "facts giving rise to the RIDEM Complaint", Defendants CPR and CPA9 ask for a definition of the "facts giving rise to the RIDEM Complaint". As to the work performed by any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9, that gave rise to the costs or fees that CPA9 and CPR believe constitute damages, costs or fees either as a result of the RIDEM Complaint defendants answer is: Attorneys have been engaged to defend this complaint, contractors have been employed in an attempt to discover the nature and scope of the contamination of the site.**

**(SECOND) ANSWER NO. 9: The law firm of Ratcliffe, Burke, Harten & Elias, Attorney Brian LaPlante and Attorney John Pagliarini, have been employed to pursue damages from the Town of Coventry and to defend deponents in regards to the RIDEM Complaint. Mr. Peter Scotti has been employed to appraise the adjacent**

**property; these are the only person(s) compensated by CPR, LLC or CPA9, LLC to seek recovery of damages in this litigation.**

**INTERROGATORY NO. 10:** State the results of any testing for the presence of hazardous materials on the Property or the adjacent properties performed by CPR and/or CPA9 or any consultant, contractor, engineer, attorney or other person retained or compensated by CPR and/or CPA9.

**(FIRST)ANSWER NO. 10: Please identify the time frame which this request pertains to.**

**(SECOND)ANSWER NO. 10: To the extent that deponent is in possession of reports that contain any testing for the presence of hazardous materials on the property or the adjacent properties they have been delivered at the request for production of documents by the Town of Coventry. Notwithstanding the above deponent states that additional reports are being obtained from RI Analytical and Resource Controls, two companies employed by CPA9, LLC and/or CPR, LLC, who have performed testing for the presence of hazardous materials. When these reports are received by CPA9, LLC and/or CPR, LLC, they will be made available to the Town of Coventry.**

**INTERROGATORY NO. 11:** Identify all lawsuits to which CPR, CPA9 or Nicholas Cambio has ever been a party. For each such lawsuit, provide the following information:

a. The party's status in the lawsuit, (e.g. plaintiff, defendant, etc);

b. The basis for the lawsuit;

c. The identities of any other parties to the litigation;

d. The name and address of the attorney who represented CPR, CPA9 or Nicholas Cambio;

e. The disposition of the litigation

**(FIRST)ANSWER NO. 11: Objection. The burden of deriving or ascertaining the information requested by this question is substantially the same for the party serving this interrogatory and the records are readily ascertainable by the party serving the interrogatory from public records.**

**(SECOND)ANSWER NO. 11: Objection. Nicholas Cambio is not a party to this action and is therefore not subject to discovery by the Town of Coventry. As to CPA9, LLC and CPR, LLC, Rhode Island general Law 7-16-22 entitled "Records and information" does not require deponents to maintain the type of information requested, and in fact deponent is unable to ascertain the status of "all lawsuits to which CPR and CPA9 [have} ever been a party", without obtaining same from the various State and Federal Court records. As the burden of ascertaining the information requested by this question is substantially the same for the party serving this interrogatory and the records are readily ascertainable by the party serving the interrogatory from public records deponent objects to this question. Further objection is made to this question on the basis that it is not likely to lead to any discoverable or relevant information.**

**INTERROGATORY NO. 13:** Please state the name, employer and business address of any person that you intend to call as a witness in the trial of this matter. For each such person identified, state the subject matter on which the expert is expected to testify.

**(FIRST)ANSWER NO. 13:** No expert witnesses have been retained or consulted by co-defendants CPA9 or CRP at this time. Co-defendants CPA9 and CPR retain the right to do so before trial and will, at that time, answer this question in full.

**(SECOND)ANSWER NO. 13:** Mr. Nicholas Cambio, Member, CPR, 207 Quaker Lane, West Warwick, RI 02893; subject matter of the lease agreement, costs of defending the RIDEM Complaint, costs associated with preparation of site for self storage facility;

Stephen Burke, Esq., Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, RI 02903; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;

Richard R. Hunt, Richard R. Hunt Architect, 28 Old Raccoon Hill Road, West Greenwich, RI 02817; costs associated with development of site for self storage facility;

Tevfik A. Arguden, Levine Fricke, Inc., 1900 Powell Street, 12th Floor, Emeryville, CA 94808; costs and results of environmental testing on site and adjacent properties;

Mr. Roney Malafronte, Member, CPR, 207 Quaker Lane, West Warwick, RI 02893; subject matter of the lease agreement, costs of defending the RIDEM Complaint, costs associated with preparation of site for self storage facility;

Mr. Kevin McGee, President, Town of Coventry, Town Council 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;

**Mr. James J. Spearman, Vice President, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Ms. Dorothy C. Berube, Member, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Ronald M. Wood, Member, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Ms. Anna Mae Lapinski, Member, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Paul D. Sprague, Esq., Cobliegh Sprague & Giacobbe, 70 Jefferson Boulevard, Warwick, RI 02888; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**J Richard Ratcliffe, Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, RI 02903; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Edward L. Maggiacomo, Esq., Partner, Adler Pollock & Sheehan, 1600 Citizens Plaza, Providence, 02903; purchase price and value of adjoining properties, purchase and sale details of adjoining property, describe in detail the reasons for not disqualifying himself and the Law Firm of Adler Pollock & Sheehan after more than 30 years of representing CPR, LLC;**

**Mr. Justin Pomfret, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Gregory Laboissonniere, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Frank Hyde, Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Robert Thibeault Jr., Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Thaddeus Jendzejec (President), Town of Coventry, Town Council, 505 Tiogue Avenue, Coventry, RI 02816;**
**Mr. Bruce Zaloudek, Building Official, Town of Coventry, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Sheila M. Barrett, Public Works Director, Town Engineer, Town of Coventry, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Paul Sprague, Town Planner (Acting), Town of Coventry, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

**Mr. Richard Kerbel, Town Manager, Town of Coventry, 505 Tiogue Avenue, Coventry, RI 02816; creation of disputed indemnification clause, defense posture of the Town of Coventry and its officers and agents;**

I VERIFY THAT THE ANSWERS CONTAINED IN THIS DOCUMENT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

**Nicholas Cambio** **date**

**Commerce Park Associates 9, LLC**
**Commerce Park Realty, LLC**
**By their Attorney,**

**Richard H. James (RI Bar ID# 4874)**
**207 Quaker Lane, Suite 300**
**West Warwick, RI 02893**
**401.828.3500 - phone**
**401.823.7329 - fax**

RECEIVED
ADLER ... P.C.
Providence, ...

DEC 11 2006