**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | : | |
| vs. | : | C.A. No. 05-346T-LDA |
| TOWN OF COVENTRY, et al., Defendants. | : | |

**DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR VOLUNTARY DISMISSAL**

Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (the "Commerce Parties") respectfully move this Honorable Court for a voluntary dismissal of Counts I, II and III of their Cross-claim against Defendant Town of Coventry (the "Town"), pursuant to Fed. R. Civ. P. 41(a)(2), without prejudice or the assessment of attorney's fees or costs. As grounds therefore, the Commerce Parties rely on the following:

## Introduction

The Commerce Parties seek to have needlessly duplicative claims against the Town, as contained in Counts I, II and III of the Commerce Parties' Cross-claim, dismissed from the instant action. Substantially similar claims that have been pending in the Superior Court for Kent County since well before the Commerce Parties were forced to defend the instant action, are sufficient to protect the Commerce Parties' interests, will serve the interests of judicial economy, avoid piecemeal litigation, unnecessary work and expense, and allow for the full and fair adjudication of the remaining claims in the instant matter.

## Facts

The Commerce Parties have recently re-engaged the undersigned firm to represent their interests in the instant matter, as well as the matter pending in the Kent County Superior Court (the "State Case"). The Commerce Parties' claims against the Town in the State Case originate from a lease entered into between the Commerce Parties and the Town concerning the property which is the subject matter of the instant dispute (the "Lease"). In conjunction with said recent re-engagement, the undersigned firm has since engaged in a comprehensive analysis of the instant matter, including all claims alleged by the Commerce Parties. The undersigned firm actually initiated the State Case in February 2002, and, in or about February 2004, amended the complaint to add the Town as a defendant in that matter, nearly **three (3) years prior to the Commerce Parties' involvement in the instant matter**.

The Commerce Parties' claims against the Town in the State Case **and** the instant matter arise from the Lease and the Town's agreement to indemnify the Commerce Parties for any and all environmental issues and related damages related to the property that was formerly a landfill. The Commerce Parties were named as defendants in the instant matter in or about March 2006, pursuant to an amended complaint by the Rhode Island Department of Environmental Management ("RIDEM"). As a result, just months ago, the Commerce Parties asserted cross-claims against the Town, a co-defendant, sounding in contractual indemnification under the Lease, and statutory contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The Commerce Parties asserted such claims against the Town in the instant action out of an abundance of caution, and to clarify and protect their interests given their potential liability as newly-named defendants.

The undersigned firm did not represent the Commerce Parties in this matter at the time that the Commerce Parties were named as defendants in the amended complaint, and filed the cross-claims against the Town, but are intimately familiar with the facts and procedural history underlying Counts I, II and III of the Commerce Parties' Cross-claim, by virtue of the firm's substantial involvement with respect to the State Case. The State Case claims against the Town were pending for over two (2) years before the Commerce Parties were forced to defend the instant action and name the Town as a contractual indemnitor. Pursuant to the undersigned firm's recent comprehensive analysis of the nature and scope of the claims involved in the present action, as well as the claims alleged against the Town in the State Case three (3) years ago, the Commerce Parties seek to dismiss Counts I, II and III of their Cross-claim in this action and proceed with the resolution of said claims in the State Case.

## Argument

The purpose of Fed. R. Civ. P. 41(a)(2) "is to **freely permit** the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (emphasis added); see also Davis v. USX Corp., 819 F.2d 1270, 1275 (4th Cir. 1987); McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986). Indeed, "where no legal prejudice can be shown, the **plaintiff has a right to voluntary dismissal**." Sox v. Estes Express Lines, 92 F.R.D. 71, 72 (D.C.S.C. 1981) (emphasis added) (quoting Eaddy v. Little, 234 F. Supp. 377, 379 (E.D.S.C. 1964)). A motion to voluntarily dismiss brought pursuant to Rule 41(a)(2) "should be allowed unless **clear legal prejudice** to the objecting party is shown..." M.A. Gammino Construction Co. v. Great American Insurance Co., 52 F.R.D. 323, 325 (D.R.I. 1971) (emphasis added). The Court's granting of the Commerce Parties' Motion to Dismiss will not in any way prejudice the Town,

but, instead, will provide the Town with distinct benefits. A dismissal of Counts I, II and III will eliminate duplicative litigation, promote judicial economy, and save the valuable resources of both the Commerce Parties and the citizens of the Town of Coventry, eliminating the need to litigate the same matters in two different fora.

The Court is imbued with great discretion in considering a motion for voluntary dismissal presented pursuant to Rule 41(a)(2). M.A. Gammino Construction Co., 52 F.R.D. at 325. This discretion is limited only by the Court's obligation to "weigh the interests of both...parties." Id. The Town will not only suffer no prejudice by the granting of the Commerce Parties' Motion, but it will enjoy great benefits. The Town will be able to utilize the discovery conducted in the State Case and the instant matter, it will not lose any right to assert claims or defenses of its own, and it will be relieved of the burden of defending the same claims in two different fora. Additionally, the Town was named as a party to the original complaint in the instant action, before the Commerce Parties were forced to defend their interests by virtue of being added by RIDEM, and no motions for summary judgment have been prepared or presented to this Honorable Court.

This Honorable Court offered several factors to consider in determining if a party will suffer prejudice. See Nestor v. HNC Software, Inc., 2001 U.S. Dist. LEXIS 24916. While not necessarily dispositive, these factors highlight the significant burden an objecting party must meet to demonstrate **clear legal prejudice**. Id. at *3. The Court may first consider the effort and expense an objecting party has expended in preparing for trial. Id. Second, the Court will consider whether the movant has demonstrated a lack of diligence or occasioned excessive delay in prosecuting the action. Id. Third, the moving party must only offer a "sufficient" reason for the need to take a dismissal. Id. Finally, the Court will consider whether a motion for summary

judgment has been filed by the non-movant. Id. The Town certainly cannot meet any of the four (4) factors outlined by the Nestor Court, and, therefore, the Commerce Parties must be allowed to exercise their right of voluntary dismissal.

### A. The Town will not suffer any legal prejudice as a result of the discovery heretofore conducted and the accumulated motion practice.

The Town will suffer no legal prejudice if this Honorable Court affirms the Commerce Parties' right to a voluntary dismissal, because the substantive work the Town has completed in the instant matter will be fully applicable in the State Case. In Puerto Rico Maritime, the United States Court of Appeals for the First Circuit granted such a motion and held that no prejudice occurs when a party's discovery work can be applied in the concurrent venue, even when the parties have conducted extensive discovery and made frequent applications to the Court regarding discovery. Puerto Rico Maritime, 668 F.2d. at 50-51. Specifically, the Court reasoned that the "discovery has not been wasted, as much of it remains relevant to the suit currently pending in a court of the Commonwealth of Puerto Rico. Furthermore, the defendants have not alleged that they will be precluded from raising any defenses, or asserting any claims, in the Commonwealth court." Id.

Similarly, in Manners v. Fawcett Publications, Inc., 85 F.R.D. 63 (S.D.N.Y. 1979), the Court held that no prejudice resulted to the objecting defendant, despite that the parties had conducted extensive discovery in the thirteen (13) months that elapsed between the original complaint and the motion to dismiss. Id. at 64. In Manners, the plaintiff chose to exercise its right to a voluntary dismissal pursuant to Rule 41(a)(2) in order to pursue a class action in state court. Id. The Court asserted that any discovery conducted by the defendant would not be wasted, as it would be equally useful in the state suit. Id. at 66. As such, the defendants suffered no prejudice, and the Court affirmed the plaintiff's right to a voluntary dismissal without

prejudice or the assessment of costs or fees. Id. Notably, when discovery conducted in a matter that is dismissed will be useful in another proceeding, the imposition of attorney's fees is inappropriate and unreasonable. Davis, 819 F.2d at 1276.

The Town is likewise able to make use of all the discovery, analyses, and strategies procured and developed in the instant matter to their benefit in the State Case. The two matters both originate from the same set of operative facts. The Commerce Parties leased the subject property from the Town, and their claims against the Town in each matter are nearly identical. The State Case claims involve a breach of the Lease and various related tort claims. Here, too, the Commerce Parties claim a breach of the Lease, and call upon the Town for contractual indemnification for any damages suffered as a result of potential liability as defendants. The discovery in both matters concerns the Lease itself, dumping at the landfill property, and the damages that the Commerce Parties have suffered and will suffer as a result. As in Puerto Rico Maritime and Manners, none of the discovery conducted, or defense analyses developed, in the instant matter will go to waste. Because the same set of facts gave rise to both sets of nearly identical claims, any information or documents gleaned in the instant matter will be pertinent in the State Case.[1]

Additionally, the Town will not suffer prejudice due to the routine motion practice engaged in by the parties in the brief time since the Commerce Parties asserted claims against the Town in this action. The parties have made application to the Court regarding discovery disputes, as did the parties in Puerto Rico Maritime. The Town presented a successful motion to dismiss the Commerce Parties' claim for common law contribution, and the Commerce Parties pressed a well-founded motion to disqualify counsel for the Town because of its previous representation of

[1] To the extent the Town unnecessarily duplicated its discovery efforts because it retained different counsel in each fora, the Commerce Parties cannot be held responsible.

the principals and affiliates of the Commerce Parties. This procedural history is certainly not unusual or onerous and does not constitute undue prejudice to the Town sufficient to warrant a denial of the Commerce Parties' Motion. Neither has counsel for the Commerce Parties exhibited a lack of diligence or excessive delay. The Commerce Parties' claims against the Town have been pending for less than one (1) year, and, although the Commerce Parties have changed counsel, this has caused no excessive delay or, more importantly, actual prejudice to the Town, in the short life of this matter.

**B. The Town's ability to fully and fairly adjudicate the instant matter will not be prejudiced by a dismissal of Counts I, II and III of the Commerce Parties' Cross-claim.**

The Town has been a party to the instant matter since well before the Commerce Parties were added by RIDEM and forced to defend it. The Commerce Parties are not the original plaintiff to this matter, and are not the reason that the Town is a party to the suit. The Town would be compelled to participate in the instant matter whether or not the Commerce Parties initiated their cross-claims against the Town. The Commerce Parties' claims asserted against the Town, as described *supra*, arose out of the same set of operative facts as those in the State Case. As such, the Town, already a party to the current litigation, was not forced to expend inordinate time, effort or economic resources. If this Honorable Court grants the Commerce Parties' Motion, the Town will be free to defend the other claims asserted against it by RIDEM in this matter, and will be able to devote more of its attention to such claims. The other pending claims in this action simply will not be affected in any way by the dismissal of Counts I, II and III of the Commerce Parties' Cross-claim. Additionally, the Town has not asserted any claims against the Commerce Parties, and, therefore, the requested dismissal will not affect any relief the Town

may be seeking in the instant matter (which is undeniably the very dismissal the Commerce Parties propose in the instant action).

**C. The burden to demonstrate clear legal prejudice is a substantial hurdle, and, therefore, Courts readily grant motions to voluntarily dismiss.**

The burden of an objecting party to show clear legal prejudice is substantial. The Federal Courts have identified many factors which **do not constitute prejudice** to a party sufficient to deny a motion for voluntary dismissal. The loss of a perceived or actual tactical advantage is deemed not to unfairly prejudice an objecting party. M.A. Gammino Construction Co., 52 F.R.D. at 326. The Manners Court held that even the gain of a tactical advantage for a moving party is not sufficient to show clear prejudice to an objecting party. Manners, 85 F.R.D. at 65. In Durham v. Florida East Coast Railway Co., the Court allowed a dismissal pursuant to Rule 41(a)(2) after three weeks of trial, so that the plaintiff could start the litigation again pursuant to the trial court's denial of his motion to amend his complaint. Durham v. Florida East Coast Railway Co., 385 F.2d 366 (5th Cir. 1967). The only prejudice the Durham Court found was the annoyance of a second litigation on the same matter. Id. at 369. The Court asserted that this annoyance did not rise to the level of clear legal prejudice sufficient to warrant a denial of the plaintiff's motion to dismiss, despite the defendants' contention that a second suit would be frivolous. Id. at 368-9. Further, in McCants, the Court allowed dismissal for a plaintiff to refile in state court to escape the bar of a statute of limitations, deeming the defendant's loss of a valid statute of limitations defense short of clear legal prejudice. McCants, 781 F.2d at 859.

In the rare instance that the Courts deny such a motion, the legal prejudice or the bad faith motivations of the moving party have been clear and egregious. This Honorable Court denied such a motion in Boyd v. R.I. Dept. of Corrections, 206 F.R.D. 36, 37 (D.R.I. 2001), where the plaintiff sought relief pursuant to 42 U.S.C. § 1983 and named fourteen (14)

defendants. Id. The plaintiff subsequently amended his complaint, filed three (3) supplemental complaints, and engaged in extensive motion practice, forcing the defendants to vigorously defend the action and expend significant resources. Id. The Court noted that the docket sheet in the matter ran for eleven (11) pages, comprised of eighty-five (85) entries. Id. The only explanation the plaintiff proffered for seeking the dismissal was so that he could pursue the action at another, more convenient time. Id. The extensive motion practice and the resources which the plaintiff forced the defendants to expend, along with the failure to proffer a legitimate reason for seeking such a dismissal, caused this Court to deny the plaintiff's motion. Id. at 38.

In the instant matter, the Commerce Parties did not initiate the action or cause the Town to become a party, as did the plaintiff in Boyd. Therefore, resources expended by the Town cannot be attributed solely to the Commerce Parties. The Town had been defending for years nearly identical claims by the Commerce Parties in the State Case, long before the Commerce Parties brought their cross-claims against the Town in the instant matter. As such, the Town was not required to prepare and execute defenses to novel claims, which would have required significantly more resources.

The Courts have made it clear that an objecting party must meet an extraordinarily high burden to deprive a moving party of its right to a voluntary dismissal pursuant to Rule 41(a)(2). The circumstances sufficient to justify the denial of the Commerce Parties' Motion clearly do not exist in this matter.

### D. The dismissal of Counts I, II and III of the Commerce Parties' Cross-claim will provide distinct benefits to this Honorable Court and the Citizens of the Town of Coventry.

This Court's dismissal of Counts I, II and III of the Commerce Parties' Cross-claim would serve the interests of judicial economy, avoid piecemeal litigation, and recognize that the

State Case claims against the Town were pending long before they were brought in the instant action. Additionally, adequate state remedies exist in the State Case to provide the Commerce Parties with relief regarding the claims alleged in their cross-claims, and concomitantly, the Town with all applicable defenses.

Counts I, II and III are nearly duplicative of the claims that have been pending, and actively litigated, in the State Case for three (3) years. Maintaining Counts I, II and III will hinder judicial economy, result in a needlessly duplicative adjudication of the claims at issue, consume vital Court resources (both Federal and State), and create unnecessary work and expense for, and prejudice to, all parties involved. Further, the Commerce Parties and the citizens of the Town of Coventry will suffer severe prejudice if they are forced to continue litigating the same claims in two different fora. The dismissal of Counts I, II and III of the Commerce Parties' Cross-claim **will not prevent** the full and fair adjudication of the remaining claims in the instant matter, as the CERCLA-based litigation may proceed and will not be unnecessarily constrained by the duplicative claims the Commerce Parties seek to dismiss. Further, State law controls the adjudication of Counts I, II and III, and the State Case and the State forum adequately protect the Town and the Commerce Parties' interests.

To the extent that, in the instant action, the Commerce Parties' claims against the Town have been analyzed, defended, and otherwise addressed, said efforts may be fully utilized by the Town in connection with its defense of the Commerce Parties' identical claims in the State Case.

**Conclusion**

For the foregoing reasons, Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC respectfully request that this Honorable Court dismiss Counts I, II and III of their Cross-claim, without prejudice and without the assessment of costs and fees.

Defendants,
Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their Attorneys,

/s/ Brian LaPlante
Brian LaPlante, Esq./#5861
Philip J. Laffey, Esq./#7292
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

**CERTIFICATION**

Gregory L. Benik, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David B. Graham, Esquire
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

Scott L. Hammer, Esquire
Hodosh Lyon & Hammer, Ltd.
1023 Post Road
Warwick, RI 02888

Mark O. Denehy, Esquire
Geoffrey W. Millsom, Esquire
Elizabeth McDonough Noonan, Esquire
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903

Anthony F. Muri, Esquire
Goldenberg & Muri LLP
10 Weybosset Street
Providence, RI 02903

Brian A. Wagner, Esquire
RI DEM
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Patrick J. Sullivan, Esquire
Law Offices of Patrick J. Sullivan, Esquire
505 Tiogue Avenue, Suite B
Coventry, RI 02816

Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 15th day of February 2007, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante