UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | : | |
| vs. | : | C.A. No. 05-346T-LDA |
| TOWN OF COVENTRY, et al., Defendants. | : | |

**DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANT TOWN OF COVENTRY'S MOTION TO PRECLUDE USE OF UNDISCLOSED EVIDENCE, TO DISMISS, FOR AN AWARD OF COSTS, AND FOR AN EXTENSION OF SCHEDULING ORDER DEADLINES**

## Introduction

Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC respectfully request that this Honorable Court deny Defendant Town of Coventry's *Motion to Preclude Use of Undisclosed Evidence, to Dismiss, for an Award of Costs, and an Extension of Scheduling Order Deadlines*, and rely upon the following as grounds therefore.

## Facts

The present action was instituted by the State of Rhode Island, by and through the Rhode Island Department of Environmental Management ("RIDEM"), in or about August 2005, against Defendant Town of Coventry (the "Town") and others regarding the presence of hazardous materials on the site of the former Town of Coventry landfill (the "Landfill Property"). Thereafter, in order to gain and ensure access to the Landfill Property, RIDEM added Defendants Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC ("CPA/9" and, together with CPR, the "Commerce Parties") as parties to the action, by virtue of those entities'

respective positions as lessee of the Landfill Property and owner of the property adjacent to the Landfill Property (the "Adjacent Property").

The Commerce Parties subsequently filed cross-claims against the Town under that certain Net Ground Lease entered into between CPA/9 and the Town in or about May 19, 1999 (the "Lease"), because, pursuant to the terms of the Lease, the Town agreed to indemnify CPA/9 for any and all costs incurred as the result of the presence of hazardous materials on the Landfill Property. The Commerce Parties filed these additional cross-claims against the Town under the Lease out of an abundance of caution, and despite the fact that the Commerce Parties had substantially identical claims pending against the Town in a Superior Court Civil Action, KC 02-303, (the "State Case"), which claims involve the presence of hazardous and other materials on the Adjacent Property, as well as the Landfill Property.

Since the initiation of the State Case, the Town and the Commerce Parties have had numerous and continuous communications regarding the amount owed by the Town to the Commerce Parties under the indemnification provision of the Lease, including, but not limited to, detailed demand letters from the Commerce Parties to the Town that included copies of bills, invoices, and requests for payment for services rendered relating to the hazardous condition of the Landfill Property and the Adjacent Property.[1] In addition, in conjunction with the State Case, the Commerce Parties have produced over One Thousand Five Hundred (1,500) pages of documents, many of which involve the damages sustained and claimed by the Commerce Parties as a result of the hazardous materials on both the Landfill Property and the Adjacent Property (the "State Case Document Production"). The documents produced by the Commerce Parties

---

[1] Such documents have been produced to the Town, yet again, in formal form pursuant to the Commerce Parties' supplementation of their document response.

pursuant to the State Case Document Production are readily available to the Town, a party to the State Case, and have been since in or about 2003.

In the instant action, this Honorable Court entered a Scheduling Order on or about August 24, 2006, with respect to discovery on the issue of the Town's indemnification under the Lease. Pursuant to the Scheduling Order, discovery was set to close on December 1, 2006.

On or about September 27, 2006, the Town propounded a First Request for Production of Documents and a First Set of Interrogatories upon the Commerce Parties (the "Discovery Requests"). Thereafter, on or about November 1, 2006, the Commerce Parties served their responses to the Discovery Requests, and, on December 8, 2006, the Commerce Parties provided supplemental responses to the Discovery Requests. On December 8, 2006, this Honorable Court entered an Order granting the Town's motion to compel discovery and extending the discovery deadline as it relates to the indemnification issue between the Town and the Commerce Parties. Throughout this time, Roney Malafronte ("Mr. Malafronte"), a principal and integral part of the Commerce Parties, was dying of cancer. This tragic situation caused understandable upheaval at the offices of the Commerce Parties, and forced the Commerce Parties to place their focus on other matters. As Mr. Malafronte was the manager of the Commerce Parties' finances, and also terminally ill, it was extraordinary difficult for the Commerce Parties to address the issues related to this matter.

Immediately prior to the expiration of the discovery deadline set by the Court pursuant to the December 8, 2006 Order, the undersigned firm was retained by the Commerce Parties following the withdrawal of prior counsel. The undersigned have had regular communications with counsel for the Town since that time, and have been conducting a thorough analysis of the more than ten (10) boxes of documents, pleadings, and correspondence recently provided by the

Commerce Parties to the undersigned, in order to address the outstanding discovery issues raised by the Town. In addition, the undersigned firm has engaged in a detailed analysis of the Commerce Parties' claims against the Town in both the present action and the State Case, and, based upon the unnecessarily duplicative claims, the Commerce Parties have moved this Court, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss Counts I, II, and III of the Commerce Parties' Cross-claim against the Town so that the parties may focus on the trial of those issues in the State Case. Said motion is currently pending before this Court.

Despite the fact that the Commerce Parties are requesting that this Court allow the voluntary dismissal of these needlessly duplicative claims against the Town, and that the only claim pending in this matter should said motion be granted by the Court would be for statutory contribution under CERCLA, the Commerce Parties have supplemented their discovery responses simultaneous with the filing of this Memorandum.

The Town is now asking this Court for relief pursuant to Rule 37(b) & (c) of the Federal Rules of Civil Procedure. Specifically, the Town has taken issue with the Commerce Parties' Responses and supplemental Responses to Request Numbers 5, 6, and 7 of the Town's Request For Production, as well as the Commerce Parties' Answers and supplemental Answers to the Town's Interrogatories Numbered 7, 8, 10 and 11.

## <u>Argument</u>

### I. The Commerce Parties have properly responded to the Town's Discovery Requests, and therefore have complied with orders of this Court concerning discovery.

By propounding Document Requests Numbered 5, 6, and 7, and Interrogatories Numbered 7, 8, 10 and 11, the Town is seeking the *same* documents and information; that is, documents and information that concern the Commerce Parties' damages as a result of the existence of hazardous materials on the Landfill Property. The damages suffered by the

Commerce Parties by virtue of the RIDEM complaint in the present action (Document Request 5 and Interrogatories 7 and 10), as a result of the circumstances *giving rise to* the RIDEM complaint (Request 6 and Interrogatories 8 and 10), and the expenditures for which the Commerce Parties are seeking indemnification (Request 7) are *the same requests*. The Commerce Parties have appropriately submitted documentation and information regarding the same pursuant to their Responses and Answers in this case and numerous communications with the Town, as well as by virtue of the State Case Document Production.

The Commerce Parties have also complied with the Court's Order dated December 8, 2006 by providing supplementary discovery responses to the Town on that same date. In addition, the Commerce Parties have further supplemented their discovery responses at this time through new counsel, the undersigned, which supplementation includes the State Case Document Production, as well as additional documents associated with the Commerce Parties' damages in this case, which damages are continuously accruing, and will continue to accrue until the hazardous condition on the Landfill Property and Adjacent Property is abated.[2]

## II. There exists no basis for this Court precluding the Commerce Parties from using undisclosed evidence at the trial in this matter.

Assuming, *arguendo*, that this Court determines that the Commerce Parties' responses to the subject discovery is tantamount to non-disclosure, said non-disclosure does not warrant preclusion of the Commerce Parties' use of information not provided by the date of the discovery deadline. Fed. R. Civ. P. 37(c)(1) addresses situations where a party fails to disclose information required by Rules 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2).

---

[2] In addition to amended interrogatory answers, the Commerce Parties' supplementation includes thousands of documents, most of which were previously produced in the State Case.

Here, because the damages with respect to the hazardous materials on the Landfill Property and Adjacent Property are largely yet to be determined, any deficiency in the production of information by the Commerce Parties pursuant to the Discovery Requests is entirely justified. This Court cannot expect the Commerce Parties to produce documents that do not yet exist, nor can the Court expect the Commerce Parties to produce information that is not yet known, due to the fact that the environmental studies have not been completed on the Landfill Property and the Adjacent Property. The Commerce Parties simply do not know what the entire measure of their damages will be as a result of the hazardous materials upon the Landfill Property and the Adjacent Property. Further, the Town has had access to the information that it is now requesting **since 2003**, as the Commerce Parties have provided the information in the State Case, and therefore any failure of the Commerce Parties to disclose any evidence at this point can most definitely be characterized as "harmless."

Should the Court determine that the Commerce Parties have engaged in non-disclosure, and that the non-disclosure is neither substantially justified nor harmless, this Honorable Court has recently noted, in the matter of Vigilant Ins. v. E. Greenwich Oil Co., 234 F.R.D. 20, 24 (D.R.I. 2006), that "[a]lthough the first sentence of Rule 37(c)(1) appears to mandate the exclusion of the undisclosed witnesses or evidence (unless the non-disclosure was either harmless or substantially justified), the second sentence makes clear that the sanction of preclusion is one of many alternatives available." Id. The Court continued, "[s]pecifically, the second sentence of Rule 37(c)(1) provides: 'In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.'" Id. "Thus," the Court concluded, "even if the failure to disclose was not harmless or not substantially justified, exclusion of undisclosed [evidence] is not mandatory." Id. As

such, this Court is not mandated to exclude any evidence in this matter should the Court determine that there has been non-disclosure by the Commerce Parties that is neither "substantially justified" nor "harmless" to the Town, which the Commerce Parties vehemently deny.

As discussed, *supra*, the financial manager and integral member of the Commerce Parties, Mr. Malafronte, was dying of cancer at the time the Town propounded its discovery and the ensuing motion practice, until his death in late-2006. The Commerce Parties, given the difficult circumstances, have made more than a reasonable and good faith effort to produce documents that are responsive to the Town's requests. Though the Town has demanded documents and information related to damages that have not yet been fully ascertained, the Commerce Parties made every attempt to provide such information in a timely manner without the assistance of Mr. Malafronte. While the Commerce Parties do not assert that the Town is attempting to take advantage of these tragic circumstances to gain a tactical advantage, it is unreasonable to allow these events to give the Town such an advantage. Regardless of the motivations, the Town's demands pertain largely to those documents that were either previously produced or do not yet exist. Further, the Commerce Parties, despite the tragic circumstances, have made every effort to produce the documents and information which do exist, and the Town has had access to the documents produced in the State Case since 2003. As such, the imposition of any penalty upon the Commerce Parties is unreasonable.

## III. There is no basis for this Court's involuntary dismissal of the Commerce Parties' cross-claims.

Again assuming, *arguendo*, that this Honorable Court determines that the Commerce Parties' responses to the subject discovery is tantamount to non-disclosure, there is no basis for the Court to dismiss the Commerce Parties' cross-claims against the Town in this matter. Rule

37(b)(2) provides, in pertinent part, that if a party fails to obey an order to provide discovery, the Court in which the action is pending may make such orders in regard to the failure as are just. Among the sanctions authorized is an "order striking out pleadings or parts thereof…or dismissing the action…." Rule 37(b)(2)(C). However, "dismissal with prejudice 'is a harsh sanction' which runs counter to [the Court's] 'strong policy favoring the disposition of cases on the merits.'" Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991) (quoting Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990)).

In Marcello v. DeSano, 2006 U.S. Dist. LEXIS 18825, 35 (D.R.I. 2006), the Court held that, "[w]hen noncompliance with an order occurs, 'the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" Id. at 36 (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). The appropriateness of an available sanction depends upon the facts of the particular case. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). Here, based upon (a) the fact that the present action is in its early stages, and has been held in abeyance pending environmental investigation; (b) the prior efforts in this matter by the Commerce Parties to make good faith efforts to comply, in a timely manner, with the Discovery Requests; (c) the ongoing settlement discussions concerning the Town's liability under the indemnification provision of the Lease; and (d) the very recent withdrawal of counsel and entry of appearance by the undersigned counsel, there are no facts warranting an involuntary dismissal of the Commerce Parties' cross-claims against the Town, much less the Court's dismissal of the cross-claims *with prejudice*.

**III. The Town is not entitled to costs, expenses, or attorneys' fees incurred in its efforts to obtain discovery from the Commerce Parties.**

The Town is asking this Court to order the Commerce Parties to "compensate" the Town for the "needless expense of time, resources and attorneys' fees incurred while attempting to obtain the requested discovery." Courts have consistently held, however, that "[t]he power to impose sanctions for failure to produce all the documents requested or to respond fully to the interrogatories cannot be found in Rule 37(d) if answers or objections have been filed to the interrogatories or if a written response has been filed to a request for production of documents." Fleet Nat'l Bank v. Tellier, 171 B.R. 478, 484 (D.R.I. 1994) (citing Petroleum Inc. Agency v. Hartford Acc. & Indem. Co., 106 F.R.D. 59 (D.Mass. 1988)). The Town does not allege that the Commerce Parties failed to respond to any of its Discovery Requests. The Commerce Parties *have* complied with the Court's Order dated December 8, 2006, and with the Discovery Requests, by providing supplementary discovery responses to the Town. Thus, as the Commerce Parties have submitted "answers," "objections," and/or "written responses" to the Discovery Requests, sanctions under Rule 37(d) are inappropriate. See id.

In addition, the Town and the Commerce Parties have, during the past five (5) years, had numerous, continuous communications regarding the amount owed by the Town to the Commerce Parties under the indemnification provision of the Lease, including, but not limited to, detailed demand letters from the Commerce Parties to the Town that included copies of bills, invoices, and requests for payment for services rendered relating to the hazardous condition of the Landfill Property and the Adjacent Property. In addition, the Commerce Parties have produced over One Thousand Five Hundred (1,500) pages of documents in the State Case, most of which involve the damages sustained and claimed by the Commerce Parties as a result of the hazardous materials on both the Landfill Property and the Adjacent Property. The documents

produced by the Commerce Parties pursuant to the State Case are readily available to the Town, a party to the State Case, and have been since in or about 2003, without the need to suffer any expense whatsoever. As such, the imposition of sanctions by way of costs, expenses, and attorneys' fees, is inappropriate in this matter.

## **Conclusion**

For the foregoing reasons, Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC respectfully request that this Honorable Court deny Defendant Town of Coventry's *Motion to Preclude Use of Undisclosed Evidence, to Dismiss, for an Award of Costs, and an Extension of Scheduling Order Deadlines.*

Respectfully submitted,
Defendants,
Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their Attorneys,

/s/ Brian LaPlante

Brian LaPlante, Esq./#5861
Philip J. Laffey, Esq./#7292
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

**CERTIFICATION**

Gregory L. Benik, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David B. Graham, Esquire
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

Scott L. Hammer, Esquire
Hodosh Lyon & Hammer, Ltd.
1023 Post Road
Warwick, RI 02888

Mark O. Denehy, Esquire
Geoffrey W. Millsom, Esquire
Elizabeth McDonough Noonan, Esquire
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903

Anthony F. Muri, Esquire
Goldenberg & Muri LLP
10 Weybosset Street
Providence, RI 02903

Brian A. Wagner, Esquire
RI DEM
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Patrick J. Sullivan, Esquire
Law Offices of Patrick J. Sullivan, Esquire
505 Tiogue Avenue, Suite B
Coventry, RI 02816

Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 16th day of February 2007, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante