**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, et al.,

Defendants.

C.A. 05-346T-LDA

**OBJECTION TO MOTION FOR VOLUNTARY DISMISSAL**

The Town of Coventry, Rhode Island ("Coventry") hereby objects to the Defendants Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC's ("CPA-9") Motion for Voluntary Dismissal. The grounds for this Objection are set forth in the accompanying memorandum.

Dated: Providence, Rhode Island
February 23, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
gmillsom@apslaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, | : | C.A. 05-346T-LDA |
| Plaintiff, | : | |
| v. | : | |
| TOWN OF COVENTRY, et al., | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO EXTEND**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in support of Defendants Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC's ("CPA9") (collectively the "Commerce Park Defendants") Motion for Voluntary Dismissal.

**INTRODUCTION**

After reviewing the record of this case, the Commerce Park Defendants' new lawyer – their third in just over three months – has decided to move for voluntary dismissal of the remaining state law cross-claims based on the Net Ground Lease between CPA9 and Coventry. The Commerce Park Defendants claim that these state law causes of action are "needlessly duplicative" of claims in another case, but they do not explain why their prior litigation attorney (who represented them in the other case) brought these claims in the first place or why neither he nor their second litigation counsel did not previously move to voluntarily withdraw them. Nor do they explain why it is fair to force Coventry to walk away from the considerable costs and expenses incurred in this case largely as a result the Commerce Park Defendants' litigation tactics and discovery non-compliance.

In fact, Coventry voluntarily dismissed its own state court case seeking to invalidate the Net Ground Lease and amended its Answer in this case in reliance on the Commerce Park Defendants' stated desire to proceed in this forum. Coventry would be greatly prejudiced if it were now forced to abandon the efforts expended in this case, which – contrary to the Commerce Park Defendants' representations – have no value in another proceeding, merely because new counsel has recognized that the Commerce Park Defendants have taken no steps to advance their own claims and are vulnerable to a motion for summary judgment in this case. Had the Commerce Park Defendants not delayed, hindered and frustrated Coventry's discovery efforts throughout this case, Coventry's summary judgment motion would have been filed, fully briefed and *sub judice*. Permitting a voluntary dismissal at this point in time would merely reward the Commerce Park Defendants for their conduct. At a minimum, any dismissal granted by the Court should be conditioned upon a payment of Coventry's costs and expenses, including attorneys' fees and disbursements.

**FACTUAL BACKGROUND**

After denying RIDEM and the original Defendants access to the site in order to conduct a remedial investigation / feasibility study, the Commerce Park Defendants were added as defendants in this case in March 2006 and immediately cross-claimed against their co-defendants, including Coventry. The cross-claims asserted against Coventry include contractual indemnification and breach of warranty, both arising under a Net Ground Lease between Coventry and Commerce Park Associates 9, LLC ("CPA9"). *See generally*, Cross-claim. On June 22, 2006, Coventry brought an action in Rhode Island Superior Court for Kent County to invalidate the Net Ground Lease. *See* Exhibit A (docket report for *Town Of Coventry v. Commerce Park Associates 9, LLC,* C.A. No. KC 06-579 (R.I. Super.). CPR and CPA-9 subsequently moved to dismiss that case and Coventry agreed to withdraw it without prejudice.

*See* Exhibit A. Coventry then moved to amend its Answer in order to plead in this case several of the state law contractual theories that had been pled in the voluntarily withdrawn action. The Commerce Park Defendants unsuccessfully opposed the motion to amend on the grounds of prejudice and bad faith by Coventry. On January 4, 2007, the Motion to Amend was granted. *See* Jan. 4, 2007 Order.

On August 25, 2006, the Commerce Park Defendants filed in this case a Notice of Other Pending Actions or Proceedings that disclosed the (soon-to-be-withdrawn state court case initiated by Coventry) and a case captioned *Interstate Options, LLC, et al. v. A. Cardi Realty Assocs., et al.* (the "A. Cardi Realty case").[1] On October 24, 2006, the Commerce Park Defendants' counsel moved to withdraw from this case. *See* Mot. to Withdraw of Stephen H. Burke, Esq. He was quickly replaced by new counsel, who immediately requested (and received) an extension of the time to respond to Coventry's outstanding discovery requests. Despite this extension, Coventry was compelled to bring a motion to compel discovery and to extend the December 1, 2006 discovery closure date, which was granted. *See* Dec. 8, 2006 Order. The new Scheduling Order provided a discovery closure date of January 28, 2007. On January 16, 2007, Coventry was compelled to file a second Rule 37 motion and request a second extension of the Scheduling Order deadlines. *See* Mot. to Preclude. In the interim, the Commerce Park Defendants filed a motion to disqualify Coventry's attorneys.

Coventry was subsequently informed that the Commerce Park Defendants had terminated the services of their second attorney. New Counsel appeared for the Commerce Park Defendants and almost immediately requested an extension of the time to respond to Coventry's second Rule 37 motion. This motion for extension was granted. *See* February 9, 2007 Order.

[1] Presumably, this is the case that the Commerce Park Defendants refer to as the State Case throughout their memorandum.

## ARGUMENT

**PERMITTING THE COMMERCE PARK DEFENDANTS TO UNCONDITIONALLY DISMISS THEIR CROSS-CLAIM WOULD BE FUNDAMENTALLY UNFAIR AND RESULT IN PREJUDICE TO COVENTRY**

Rule 41(a)(2) of the Federal Court Rules of Civil Procedure prohibits a party from unilaterally withdrawing its claims after an answer has been filed except "upon order of the court and upon such terms and conditions as the court deems just and proper." Fed. R. Civ. P. 41(a)(2). "Judicial approval is required in order to assure the nonmovant will not be unfairly treated." *Boyd v. Rhode Island Dep't of Corrections*, 206 F.R.D. 36, 37 (D.R.I. 2001) (Torres, J.). If the nonmovant will be prejudiced by the dismissal, the district court should deny the motion. *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000).

The First Circuit has indicated that the following factors should be evaluated by a district court in deciding whether to grant a motion pursuant to Rule 41(a)(2): (1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Id.*; *Boyd*, 206 F.R.D. at 37. These factors are neither mandatory nor exclusive; rather they are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.*

### A. The First Circuit Factors Weigh Against Permitting A Voluntary Dismissal

#### 1. Coventry's Efforts And Expenses Have Been Considerable

Coventry has expended great effort and incurred significant expenses in defending the state law cross-claims all as a result of deliberate conduct by the Commerce Park Defendants. The Court's own efforts have not been insignificant. At a status conference, the Court scheduled

discovery and resolution of the state law cross-claims separately from the underlying CERCLA case. Accordingly, Coventry has undertaken discovery on those claims. Although Coventry's discovery requests were not onerous, the Commerce Park Defendants have consistently and repeatedly frustrated Coventry by refusing to adequately comply with those requests – often without any coherent explanation of the non-compliance. Coventry has written letters and emails regarding discovery, has met and conferred with the Commerce Park Defendants regarding discovery issues and has been forced to bring two Rule 37 motions.

Coventry also was forced to bring a motion to dismiss one of the state law counterclaims, even though that claim was the subject of a motion to dismiss by the other defendants and the Court's ruling made clear that the claim could not be maintained as matter of law and it should have been withdrawn. This required a second ruling by the Court. Coventry also voluntarily withdrew its own state court litigation regarding the Net Ground Lease in reliance on the Commerce Park Defendants' express desire to litigate those issues in this Court. It was then forced to move to amend its Answer in this case to capture the contract law theories that it had pled in that case – a motion that the Commerce Park Defendants opposed and on which the Court was required to issue a ruling.

The Commerce Park Defendants also moved to disqualify Coventry's attorneys on the basis of an inapplicable Rule of Professional Conduct, despite the fact that Coventry previously had informed the Commerce Park Defendants the rule was inapplicable and pointed them to the correct rule. This motion was made despite the fact that CPR had not made such a motion in other cases where Coventry's counsel represented the party adverse to CPR. Nevertheless, Coventry was compelled to respond to the motion and the Court has scheduled oral argument.

2. The Commerce Park Defendants Have Delayed This Case And Failed To Prosecute Their Claim

The Commerce Park Defendants changed lawyers three times in three months for no apparent reason other than (in one case) their unwillingness to pay their legal bills. This caused delays as each new counsel requested extensions from Coventry or the Court or both. They have refused to provide discovery, necessitating multiple letters, emails and Rule 37 motions. All the while, the Commerce Park Defendants have failed to serve a single written discovery request, notice of deposition or otherwise take any affirmative action to advance their claims. There is no more telling indication of the level of diligence that has been employed by the Commerce Park Defendants than this last fact. The scoreboard reads:

| | |
|---|---|
| **Months Discovery Period Open** | **8** |
| **Sets Of Lawyers Appearing On Behalf Of The Commerce Park Defendants** | **3** |
| **Sets Of Discovery They Have Propounded** | **0** |

3. The Proffered Explanation of the Need to Take a Dismissal Defies Credibility And Is Not Persuasive In Any Event

The Commerce Park Defendants' explanation of their need for dismissal is curious. In the Motion for Voluntary Dismissal, they describe the state law cross-claims as "needlessly duplicative" of certain "substantially similar claims" pending in state court (presumably in the A. Cardi Realty case). Mem. Supp. Mot. Voluntary Dismissal at 1. They claim that the state law cross-claims were filed "out of an abundance of caution." Mem. Opp'n to Coventry's Mot. to Preclude at 2. The original attorney for the Commerce Park Defendants also represented them in the A. Cardi Realty case, yet he obviously did not deem the state law cross-claims needlessly duplicative, or he would not have brought them. Tellingly, even though the first attorney disclosed the A. Cardi Realty case to the Court, he never indicated at any point in time that the state law cross-claims were brought out of an abundance of caution. (Neither did the second

attorney of record for the Commerce Park Defendants). In light of these facts, the new attorney's claim to have discovered this pointless redundancy after a "comprehensive analysis" of this case, rings hollow.

The truth is the Commerce Park Defendants' new counsel probably reviewed the record of this case, saw that his client had taken no discovery, had lost motions to dismiss one of its claims, failed to oppose a motion to compel, lost a motion to amend, and faced a short-term discovery closure date and dispositive motion deadline and realized that there is a strong possibility the Commerce Park Defendants could lose a summary judgment motion that would invalidate the Net Ground Lease. Thus, even though the bulk of the claims asserted in the A. Cardi Realty case have been dismissed and the case has long been dormant (and perhaps abandoned), the current counsel must have decided that he would rather fight Coventry in that forum. It smacks of a strategic decision to forum shop and avoid the enforced Scheduling Orders and decisive rulings on dispositive motions that characterize federal court. This is not a compelling ground for voluntary dismissal.

4. Coventry's Motion for Summary Judgment Would Have Been Filed But For The Lack Of Discovery

The final prong of the First Circuit's Rule 41(a)(2) test nominally falls on the Commerce Park Defendants' side of the ledger in that Coventry does not have a summary judgment motion pending. This state of affairs, however, exists only because the Commerce Park Defendants have failed to provide discovery. Under the original scheduling order for this case, discovery closed on December 1, 2006 and the deadline for summary judgment motions was December 21, 2006. These dates were extended by 30 days by Order of Magistrate Judge Almond on December 8, 2006. Coventry, however, still has not been provided with full and complete discovery (most notably depositions). Absent such discovery, Coventry cannot move for summary judgment. Thus, even though there is no motion pending, to consider that fact as a

point in favor of dismissal would merely reward the Commerce Park Defendants for their discovery non-compliance and willful disregard of this Court's orders.

### B. Coventry's Amended Answer Includes A Request For Declaratory Relief

Under Rule 41 a voluntary dismissal by one litigant may not deprive the adverse party of its affirmative claims. Fed. R. Civ. P. 41(a)(2) ("If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court."). Although Coventry does not have a formal counterclaim, it did amend its answer to include several affirmative defenses that aver Coventry has a right to declare the Net Ground Lease void and unenforceable (i.e., failure of consideration, unconscionability, ultra vires, breach by CPA9) and the following affirmative request for declaratory judgment "WHEREFORE, Coventry requests judgment . . . declaring the Net Ground Lease void, invalid and unenforceable." Amended Answer at p. 10. This request precludes the dismissal of the Commerce Park Defendants' state law cross-claims.

The Declaratory Judgments Act, 28 U.S.C. § 2201 authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." The liberal notice pleading rules, Rule 8 of the Federal Rules of Civil Procedure, requires only that claims for relief include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ P. 8(a) & (f) ("All pleadings shall be so construed as to do substantial justice."). Coventry's allegations (in the form of its affirmative defenses) and its prayer for relief satisfy this liberal standard.

To hold otherwise would be an elevation of form over function. The Declaratory Judgments Act does not create an affirmative cause of action, but rather provides a procedural device that permits a party to elicit a ruling from a federal court in a case in which an actual case

or controversy exists. *Atlantic Meat Co. v. R.F.C.*, 166 F.2d 51, 54 (1st Cir. 1948). ("That Act confers no additional jurisdiction on the district courts but merely adds a new procedural device."). Where, as here, a defendant is sued on the grounds of substantive claims, the litigation constitutes the "case or controversy" contemplated under the Declaratory Judgment Act. Since the case or controversy has already been brought, the procedural utility of the Declaratory Judgments Act is unnecessary and a declaratory judgment counterclaim would be redundant. Stated otherwise, there is no requirement under contract law or federal procedural law for a defendant in a breach of contract case to affirmatively plead a counterclaim for declaratory judgment in order to obtain a judgment from the court invalidating the contract, if the defendant can prove the grounds for such invalidation.

In light of the fact that Coventry has affirmatively requested declaratory relief and pled the requisite grounds, Rule 41(a)(2) precludes a voluntary dismissal by the Commerce Park Defendants, unless Coventry's request can remain pending.

### C. In The Event The Court Permits Dismissal, Coventry Should Be Awarded Its Litigation Costs And Legal Fees

Under Rule 41, the Court may permit dismissal only upon "such terms and conditions" as it deems proper. Fed. R. Civ. P. 41(a)(2). "The terms and conditions imposed by the district court upon the granting of a motion for a voluntary dismissal under Rule 41(a)(2) generally are for the protection of the defendant" and "usually at least should require that the plaintiff pay the costs of the litigation." Wright & Miller, *Federal Practice and Proedure*, § 2366 at 304-07. These costs can include attorneys' fees and other litigation disbursements, which appear to be routinely awarded in this district. *See Kalfian v. Matrixx Initiatives, Inc.*, C.A. No. 04-119 ML, 2006 WL 561508 (D.R.I. Jan. 20, 2006); *Lloyd v. Horton*, C.A. No. 87-0205 P, 1988 WL 159179 (D.R.I. Oct. 5, 1988).

The Commerce Park Defendants argue that conditioning dismissal on payment of Coventry's litigation costs, including attorneys' fees, is inappropriate because the activity conducted in the matter by Coventry may be useful in another proceeding. Mem. Supp. Mot. for Voluntary Dismissal at 5-6. This argument relies on a fundamental mischaracterization of the proceedings in this case. Coventry has expended the bulk of its efforts attempting (largely unsuccessfully) to obtain discovery, frame the issues in this case and respond to ethical attacks on its counsel set forth in multiple pleadings. Coventry's efforts with respect to discovery would only be useful in another case if one assumes that the Commerce Park Defendants will needlessly delay, hinder and frustrate Coventry's discovery in that case as they have done in this case, employ a "revolving door" for their own counsel – each who have their own opinion of the forum in which they wish to litigate – as they have done in this case, and initiate unjustified *ad hominem* attacks on Coventry's counsel as their have done in this case. Surely there is no reason to assume that the Commerce Park Defendants will employ the same tactics in another case.

Given what hopefully is a unique set of circumstances that caused Coventry to take extraordinary steps and incur unusually high costs for a litigation with a Scheduling Order as compact as the one in this case, it is only fair to award Coventry its costs. Such an award may have the ancillary benefit of encouraging the Commerce Park Defendants not to initiate litigation in the future that they may later seek to characterize as "needlessly duplicative" and to more dutifully adhere to discovery rules and court orders so as not to cause other potential defendants to waste time and effort in defending claims that the Commerce Park Defendants ultimately may seek to voluntarily dismiss.

## CONCLUSION

For all the foregoing reasons, Coventry requests that Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC's Motion for Voluntary Dismissal be denied.

Dated: Providence, Rhode Island
February 23, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Objection To Motion For Voluntary Dismissal and supporting memorandum through the ECF system on the 23rd day of February, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

| | |
|---|---|
| Patrick J. Sullivan<br>Law Offices of Patrick J. Sullivan, Esq.<br>505 Tiogue Ave.<br>Suite B<br>Coventry, RI 02816 | |

/s/ Geoffrey W. Millsom

*409025_1.doc*