UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | : | |
| v. | : | C.A. No. 05-346T |
| TOWN OF COVENTRY, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the Town of Coventry's Motion pursuant to Fed. R. Civ. P. 37(b) to (1) Preclude use of Undisclosed Evidence; (2) Dismiss; (3) Award Costs; and (4) Extend the Scheduling Order Deadlines (Document No. 64) filed on January 16, 2007. This Motion was referred to me on March 15, 2007 for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. A hearing was held on April 2, 2007. For the reasons discussed below, this Court recommends that the Town's Motion be GRANTED in part and DENIED in part as specified herein.

**Background**

On August 16, 2005, the Rhode Island Department of Environmental Management ("RIDEM") commenced this action under CERCLA to address the alleged presence of hazardous substances at the site of a former landfill in Coventry, Rhode Island. The Town of Coventry (the "Town"), owner of the landfill, is one of several defendants named in the original Complaint. On March 14, 2006, RIDEM filed a First Amended Complaint (Document No. 14) adding Commerce Park Associates 9, LLC and Commerce Park Realty, LLC (the "Commerce Park Defendants") as

defendants. On May 17, 2006, the Commerce Park Defendants answered and asserted cross-claims including one for contractual indemnification against the Town arising out of a 1999 ground release between the Town and Commerce Park Associates 9, LLC.

Following a Rule 16 conference before Judge Torres, a scheduling order was issued on August 29, 2006 setting a closure date of December 1, 2006 for "[d]iscovery with respect to the issue of indemnification between Defendant Town of Coventry and the Commerce Park Defendants." (Document No. 43). On or about September 28, 2006, the Town served eight document requests and thirteen interrogatories on the Commerce Park Defendants. The Town also noticed the depositions of Nicholas Cambio and the Commerce Park Defendants for October 30, and 31, 2006.

On October 24, 2006, the Commerce Park Defendants' attorney moved to withdraw citing nonpayment for his legal services. Attorney Richard H. James entered his appearance on November 1, 2006 for the Commerce Park Defendants and the pending Motion to Withdraw was granted. Also, on November 1, 2006, Attorney James served initial responses to the Town's discovery requests. The Town was dissatisfied with some of the responses and, on November 17, 2006, moved to compel further responses to four document requests (Nos. 1, 5 to 7) and six interrogatories (Nos. 4, 7 to 11). (Document No. 51). The Commerce Park Defendants did not object to the Town's Motion and it was granted absent opposition pursuant to LR Cv 7(b)(1) on December 8, 2006. The Commerce Park Defendants did, however, at about that same time, serve supplemental discovery responses on the Town.

The Town was still not satisfied with the supplemental responses and requested a discovery conference. The request for a conference was denied on December 28, 2006. (Document No. 58).

On January 16, 2007, the instant Motion for Sanctions was filed under Fed. R. Civ. P. 37(b). On January 11, 2007, Attorney Brian LaPlante entered his appearance for the Commerce Park Defendants. At the hearing, Attorney LaPlante represented that his entry of appearance came in connection with the "severance" of Attorney James as in-house counsel for the Commerce Park Defendants. Attorney LaPlante credibly represented to the Court that he has had "regular communications" regarding discovery with the Town's counsel since his appearance and, on February 16, 2007, served on the Town a second set of supplemental responses to the disputed discovery requests.

This February 16, 2007 production included over one thousand documents which had not previously been produced in this case. Attorney LaPlante conceded at the hearing that these documents were "certainly responsive" to the Town's original discovery requests and that such documents were available to Attorney James. However, in defense of Attorney James, he stated: "I don't believe Mr. James was in a position to understand that which was available to him to produce. I was in a better position."

**Discussion**

The Town made clear at the hearing that its Motion is brought under Fed. R. Civ. P. 37(b) and seeks various sanctions for the Commerce Park Defendants' failure to comply with this Court's December 8, 2006 Order. That Order required the Commerce Park Defendants to produce the requested discovery within twenty days pursuant to LR Cv 37(b). This Court finds that the Commerce Park Defendants failed to comply with its December 8, 2006 Order in a timely fashion.

It is undisputed that the Commerce Park Defendants supplemented their discovery responses a second time on February 16, 2007 and produced, according to Attorney LaPlante, over one

thousand documents previously produced to the Town in a state court action and "hundreds more that had never been produced." He was also forced to concede at the hearing that such documents were available to Attorney James (counsel of record as of December 8, 2006) and that the documents were "certainly responsive" to the Town's discovery requests. In other words, the discovery materials could have, and should have, been produced in a timely fashion. If the Commerce Park Defendants had done so initially, the Town likely would have been able to complete discovery by the original December 1, 2006 closure date. As it stands, the bulk of the discovery materials were not produced until February 16, 2007 – over two and one-half months after the original discovery deadline and over two weeks after the extended discovery deadline. Having concluded that the Commerce Park Defendants violated the December 8, 2006 Order, the next question is what sanctions, if any, should be imposed against them due to such noncompliance.

Fed. R. Civ. P. 37(b)(2) states in relevant part: "If a party...fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule..., the court...may make such orders in regard to the failure as are just...." "The choice of sanctions for failing to comply with an order of the district court lies within the sound discretion of the court." Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1990).

In this case, the Town seeks an order dismissing with prejudice the cross-claims made against it by the Commerce Park Defendants. "Dismissal with prejudice is a harsh sanction which runs counter to [the] strong policy favoring the disposition of cases on the merits." Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990). (internal citations omitted). "[D]ismissal orders typically are measures of last resort, reserved for extreme cases." Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). When noncompliance with an order occurs, "the ordering court should

consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Reviewing the totality of events, the harsh sanction of dismissal is not warranted. Although the discovery materials in dispute should have been produced earlier than February 16, 2007, the Town has not shown that the Commerce Park Defendants engaged in a pattern of discovery abuses or that their delayed response to this Court's Order was sufficiently egregious to warrant dismissal. That is not to say, however, that no level of sanctions are warranted. Pursuant to Fed. R. Civ. P. 37(b)(2), this Court recommends that the District Court require the Commerce Park Defendants to pay the reasonable expenses, including attorneys' fees, incurred by the Town in preparing and filing its Rule 37 Motions (Document Nos. 51 and 64) and in conferring in an effort to obtain the requested discovery materials. Such a sanction is sufficient to remedy the consequences of the Commerce Park Defendants' failure to produce discovery in a timely fashion and to deter such behavior in the future.

The Town also seeks an order precluding the Commerce Park Defendants from using undisclosed evidence at trial. This Court recommends that the District Court preclude the Commerce Park Defendants from presenting expert witnesses but otherwise deny the request without prejudice.[1] As to expert witnesses, the Town sought their identity in Interrogatory No. 12 and the Commerce Park Defendants responded that "no expert witnesses have been retained or consulted...at this time [and they] retain the right to do so before trial and will, at that time, answer this question

[1] If the Commerce Park Defendants attempt to introduce undisclosed evidence at trial or in connection with any future motion or hearing, the Town would not be precluded from objecting to the admission of such evidence at that time on the basis that it was requested and not produced in discovery.

in full." The Commerce Park Defendants cannot, however, retain rights they do not have under the Federal Rules of Civil Procedure and Judge Torres' Scheduling Order. The Scheduling Order provides as follows regarding experts:

> 3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before Closure Date. In any event, disclosure shall be made within the times prescribed by Fed. R. Civ. P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause show.

Document No. 43 (emphasis in original).

At a March 9, 2007 hearing in this case, Judge Torres indicated that his Scheduling Order "makes it clear that, if those requirements aren't complied with, the expert doesn't testify." "It is settled law that a party flouts a court order at his peril." Torres-Vargas, 431 F.3d 393. Discovery has closed as to the indemnity cross-claim brought by the Commerce Park Defendants against the Town. There is no indication in the record that the Commerce Park Defendants have identified any expert witnesses or produced any expert witness reports. While the Commerce Park Defendants may be under the mistaken impression that they had retained the right to do so at any time before trial, Judge Torres' Scheduling Order simply does not afford them that right and provides for preclusion of undisclosed experts under these circumstances.

Finally, the Town again asks to extend the discovery closure date and the dispositive motion deadline due to the Commerce Park Defendants' discovery non-compliance. This Court does not see any basis for or need to reopen discovery and recommends that the District Court not extend the discovery closure deadline. It appears that the primary task remaining is for the Town to take the

depositions of Mr. Cambio and the Commerce Park Defendants which were noticed prior to the closure of discovery but never conducted. This Court recommends that the Town be given leave by the District Court to renotice these depositions to take place within thirty days. The Commerce Park Defendants offered no objection to conducting such depositions and, in fact, Attorney LaPlante stated that such depositions could be conducted "tomorrow." Further, the parties are reminded that Judge Torres' Scheduling Order permits post-closure discovery "by agreement of all counsel." As to the dispositive motion deadline, this Court recommends that the District Court extend that deadline by thirty days subject to the "prerequisites to filing" set forth in paragraph 7 of Judge Torres' Scheduling Order.

**Conclusion**

For the reasons discussed above, this Court recommends that the Town's Motion (Document No. 64) be GRANTED in part and DENIED in part as specified herein. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 4, 2007