**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | : | |
| vs. | : | C.A. No. 05-346T-LDA |
| TOWN OF COVENTRY, et al., Defendants. | : | |

**DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC'S MOTION FOR SEVERANCE PURSUANT TO FED. R. CIV. P. 42(b)**

Pursuant to Fed. R. Civ. P. 42(b), Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (the "Commerce Parties") respectfully request that this Honorable Court sever the trial of this matter, to separate the issue of liability from the issue of damages, with respect to the cross-claims of the Commerce Parties against Defendant Town of Coventry (the "Town") relating to the Town's indemnification of the Commerce Parties under a Net Ground Lease (the "Lease") between the parties. As grounds therefore, the Commerce Parties rely upon their Memorandum of Law in Support thereof, as well as the arguments made at the Hearing on this matter.

WHEREFORE, the Commerce Parties respectfully request that this Honorable Court:

1. Enter an Order severing the trial in the above-captioned matter into two (2) phases, the first phase dealing with the issue of liability under the indemnification provision of the Lease, and the second phase dealing with the issue of damages pursuant

to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.*; and

2. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,
Defendants,
Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their Attorneys,

/s/ Brian LaPlante

Brian LaPlante, Esq./#5861
Philip J. Laffey, Esq./#7292
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

**CERTIFICATION**

Gregory L. Benik, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David B. Graham, Esquire
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

Scott L. Hammer, Esquire
Hodosh Lyon & Hammer, Ltd.
1023 Post Road
Warwick, RI 02888

Mark O. Denehy, Esquire
Geoffrey W. Millsom, Esquire
Elizabeth McDonough Noonan, Esq.
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903

Anthony F. Muri, Esquire
Goldenberg & Muri LLP
10 Weybosset Street
Providence, RI 02903

Brian A. Wagner, Esquire
RI DEM
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Patrick J. Sullivan, Esquire
Law Offices of Patrick J. Sullivan, Esquire
505 Tiogue Avenue, Suite B
Coventry, RI 02816

Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 13th day of April 2007, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | : | |
| vs. | : | C.A. No. 05-346T-LDA |
| TOWN OF COVENTRY, et al., Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC'S MOTION FOR SEVERANCE PURSUANT TO FED. R. CIV. P. 42(b)**

Pursuant to Fed. R. Civ. P. 42(b), Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC (the "Commerce Parties") respectfully request that this Honorable Court sever the trial of this matter, to separate the issue of liability from the issue of damages, with respect to the cross-claims of the Commerce Parties against Defendant Town of Coventry (the "Town") relating to the Town's indemnification of the Commerce Parties under a Net Ground Lease between the parties (the "Lease"). Severance would simplify the issues, avoid confusion, and expedite the proceedings, as the issues of damages and liability are significantly distinguishable and have different discovery postures, the issues require the testimony of different witnesses and documentary proof, separate trials would be an efficient use of judicial resources, and severe prejudice will result if severance is not granted.

## **Factual and Procedural Background**[1]

The present action was instituted by the State of Rhode Island, by and through the Rhode Island Department of Environmental Management ("RIDEM"), in or about April 2005, against the Town and numerous other parties under several federal and state environmental laws, including the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), with respect to the presence of hazardous materials on and near the site of the former Town of Coventry landfill (the "Landfill Property"). Thereafter, RIDEM added the Commerce Parties as parties to the action, by virtue of Commerce Park Realty, LLC's position as owner of the property adjacent to the Landfill Property (the "Adjacent Property") and Commerce Park Associates 9, LLC's status as lessee of the Landfill Property.

The Commerce Parties filed cross-claims against the other defendants in this action, requesting that the Court declare that the Town, in the Lease, agreed to indemnify the Commerce Parties for any and all costs incurred as the result of the presence of hazardous materials at and/or emanating from the Landfill Property. The Commerce Parties also filed claims for breach of warranty, misrepresentation and fraud, and for statutory contribution under CERCLA. This Honorable Court entered a Scheduling Order on or about August 24, 2006 (the "Scheduling Order") solely with respect to discovery on the issue of the Town's indemnification obligations under the Lease. The remaining issues in the action are being held in abeyance pending the results of the remedial investigation of the hazardous condition of the Landfill Property and the

---

[1] In addition to the factual and procedural background set forth herein, the Commerce Parties also rely upon the detailed facts set forth in their *Memorandum of Law in Support of Opposition to Defendant Town of Coventry's Motion to Preclude Use of Undisclosed Evidence, to Dismiss, for an Award of Costs, and For an Extension of Scheduling Order Deadline* (Document 69), as well as the Commerce Parties' *Memorandum of Law in Support of Motion For Modification of Scheduling Order* and *Objection to the Honorable Magistrate Judge Almond's Report and Recommendation*, filed contemporaneously with the within Motion, as well as all defined and capitalized terms included therein.

Adjacent Property. Pursuant to the Scheduling Order, discovery was set to close on the limited issue of the Town's Lease indemnification obligations on December 1, 2006.

## Discussion

This Court should grant the instant Motion for Severance of the issue of liability and the issue of the Commerce Parties' damages because severance would simplify the issues, avoid confusion, and expedite the proceedings, the issues of damages and liability are significantly distinguishable and have different discovery postures, the issues require the testimony of different witnesses and documentary proof, separate trials would be an efficient use of judicial resources, and severe prejudice will result if severance is not granted.

A motion to sever a claim is governed by Fed. R. Civ. P. 42(b), which provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, or third-party claim, or of any separate issue . . . always preserving involate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The Court should consider a number of factors in deciding whether to sever a claim and try it separately, including:

> (1) whether separate trials will help to simplify the issues and avoid confusion; (2) whether separate trials will result in duplication of evidence; (3) whether separate trials will create a risk of inconsistent verdicts; (4) whether separate trials will result in an efficient use of judicial resources; (5) whether separate trials will expedite or delay the proceedings; and (6) the effect on the parties' right to a jury trial.

<u>Commonwealth Land Title Ins. Co. v. IDC Properties, Inc.</u>, 2007 U.S. Dist. LEXIS 24557, at *8 (D.R.I. April 3, 2007).

Courts have indicated that severance is appropriate where bifurcation of the issues of liability and damages would <u>enhance</u> the jury's understanding of the issues in a complex case, would not result in repetition or waste of resources, and the damages issue is not inextricably

interwoven with the liability issue. Union Carbide Corp. v. Montell N.V., 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998).

This Court has indicated that severance of a trial on the issues of liability and damages is inappropriate where the underlying "dominant factual question" of the claims requested to be severed is the same, and where litigating the claims separately would require that the same evidence be presented twice or create a risk of inconsistent verdicts. See id., at *8-9. Other Courts have held that severance is inappropriate where it is likely that the evidence and witnesses on the issues requested to be severed will overlap. See Thorndike v. Daimlerchrysler Corp., 220 F.R.D. 6, 8 (D. Me. 2004).

In the present case, it was determined early on by virtue of the Scheduling Order that the issue of the Town's contractual indemnification obligations would be set apart from the other issues in the case, which issues are necessarily dependent upon the ongoing environmental investigation concerning the properties that are involved in this CERCLA action. As a result, the parties have already necessarily been treating the issues as separate and distinct, as is rightly so due to the fact that the full extent of the damages in this action simply cannot be ascertained at the present time in light of the ongoing environmental investigation.[2] Similarly, the information produced during discovery to date necessarily has only related to the damages as they may be ascertained at this time. Indeed, because the Commerce Parties' damages resulting from the hazardous condition upon the subject properties are unascertainable at this time, and will not be ascertained until such time as the environmental investigation and remediation are complete, discovery on the issue of damages may not be completed at this time. It is impossible to discover or calculate the true extent of the hazardous waste's detrimental effect on any party at

[2] The fact that the investigation is incomplete necessarily means that the remediation plan has not yet been formulated.

this time, without further investigation and analysis, which is ongoing. Furthermore, because the damages are unascertainable, the determination of all the parties' CERCLA contribution obligations is also an appropriate question for a second phase of the trial in this matter, and such phasing is implicit in this Honorable Court's Scheduling Order.

The determination of the Town's obligations in light of the indemnification provision of the Lease, however, is ripe for review at this time. In fact, the evidence and witnesses that may be presented on the predicate issue of enforceability as it is affected by the indemnification are wholly separate and apart from the evidence and witnesses that will be necessary to prove damages, once the ongoing damages are ascertainable. No duplication of evidence would result from a severance, because the damages issue is not inextricably interwoven with the liability issue, namely, whether the Town may present some basis for avoiding the express obligations contained in the Lease. In fact, the Commerce Parties' presentation of evidence that the Town owes an indemnification obligation under the Lease is entirely distinct from the evidence they will ultimately present regarding damages for which the Town is liable.[3] Moreover, separate trials would not create any risk of inconsistent verdicts, due to the fact that if the Court decides in the defendants' favor on the issue of liability, it will be unnecessary to go forward with the second phase of the trial on damages.

Bifurcation of the issues of liability and damages would enhance a jury's understanding of the issues involved in this complex case, would result in an efficient use of judicial resources, and would expedite the proceedings because all the evidence regarding liability is available now.

---

[3] To the extent the Court will require some showing of damages to confirm the indemnification is implicated, the Commerce Parties are certainly capable of doing so based upon the mere pendency of this CERCLA action, the investigation completed, and information made available to all parties, to date. See Boston Gas Co. v. Century Indemnity Co., 2006 U.S. Dist. LEXIS 41133, at *12 (D. Mass. June 21, 2006) (holding that a gas company was entitled to declaratory relief concerning whether it was indemnified for future costs associated with the cleanup of hazardous waste under an insurance contract, because the gas company had successfully established the essential facts entitling it to indemnification, without the need for proving the unascertainable future damages).

The issue of liability under the indemnification provision is more properly addressed in an expedited fashion, as the issue in no way hinges upon the damages that the Commerce Parties have suffered. Review of the issue of damages and contribution at this time would delay the proceedings in that the actual extent of the damages caused by the hazardous waste in this case cannot be determined until the investigation is complete.

Moreover, separate adjudication of liability and damages promotes the overall policy of CERCLA, which speaks to the facilitation of expeditious cleanup of hazardous waste. Parties subject to liability under CERCLA are liable for:

> (A) all costs of removal or remedial action incurred by the United States Government . . .; (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and (D) the costs of any health assessment or health effects study carried out under [CERCLA]. 42 U.S.C. § 9607(a).

With respect to the separate issues of liability and damages in the context of CERCLA actions, numerous courts have held that a party may seek a declaratory judgment that there is liability under CERCLA, even before any cleanup plan has been approved or begun, and may recover for future damages despite that they cannot be ascertained at the time of trial. See Rockwell Int'l Corp. v. IU Int'l Corp., 702 F. Supp. 1388, 1387-88 (N.D. Ill. 1988). Similarly, in an action for recovery for ongoing environmental damages in which the main issue concerning liability was whether a potentially responsible party was entitled to indemnification under an insurance contract, the court held that the insured was entitled to a declaratory judgment regarding indemnification, despite that future damages could not be ascertained, because the essential facts supporting the insured's entitlement to indemnification had already been

established. Boston Gas Co. v. Century Indemnity Co., 2006 U.S. Dist. LEXIS 41133, at *12 (D. Mass. June 21, 2006).

Furthermore, one purpose of a declaratory action in the CERCLA context is to provide understanding to the parties regarding their rights and liabilities so that they may adjust their future action to avoid unnecessary damages. Rockwell Int'l Corp., 702 F. Supp. at 1388. "It is therefore clear that the adjudication of all of the issues arising out of a request for declaratory relief will not and need not result in any actual calculation or immediate payment of damages." Id. The Commerce Parties should be permitted to adjudicate the issue of liability indemnification pursuant to the Lease now, despite that any actual calculation, ascertainment, or proof of damages will be impossible until a later date.

In the present case, the subject indemnification clause subjects the Town to liability for a myriad of costs and damages associated with this action and the subject properties. The Commerce Parties are entitled to broad recovery under the Lease. To compel the Commerce Parties to attempt to ascertain and prove their damages caused by the hazardous waste when all other parties are permitted by the Scheduling Order to appropriately present their CERCLA contribution claims at a later date, after the investigation and remediation plan is complete, is unnecessarily prejudicial and unconstitutionally infringes upon the Commerce Parties' contractual indemnification rights. See Boston Gas Co. v. Century Indemnity Co., 2006 U.S. Dist. LEXIS 41133, at *12-13 (D. Mass. June 21, 2006); Rockwell Int'l Corp. v. IU Int'l Corp., 702 F. Supp. 1384, 1388-90 (N.D. Ill. 1988).

This Honorable Court's full and fair adjudication of the Commerce Parties' recovery rights under the Lease indemnification is not feasible while the true extent of the damages cannot be determined. This Honorable Court would preserve judicial economy by determining the issue

of liability as it relates to the indemnification provision in the Lease, while holding in abeyance the issue of damages and contribution under the Lease, as it is doing for the CERCLA contribution claims. Should this Court grant the instant Motion, it would only be following along the path already set forth by this Court in the Scheduling Order, which ordered that all other issues besides the issue of indemnification under the Lease were to be treated separately and at a later time.

Finally, severe prejudice would result should this Court deny this request. No party, and certainly not the Commerce Parties, would be able to prove the full extent of their damages, and full recovery could not be had given the incomplete status of the investigation and anticipated remediation. Based upon the foregoing, as well as the arguments to be made at the hearing on this matter, the Commerce Parties respectfully request that this Court sever the issue of liability under the Lease indemnification from the issue of damages flowing therefrom, pursuant to Fed. R. Civ. P. 42(b).

Respectfully submitted,
Defendants,
Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their Attorneys,

/s/ Brian LaPlante
Brian LaPlante, Esq./#5861
Philip J. Laffey, Esq./#7292
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

**CERTIFICATION**

Gregory L. Benik, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David B. Graham, Esquire
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

Scott L. Hammer, Esquire
Hodosh Lyon & Hammer, Ltd.
1023 Post Road
Warwick, RI 02888

Mark O. Denehy, Esquire
Geoffrey W. Millsom, Esquire
Elizabeth McDonough Noonan, Esquire
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903

Anthony F. Muri, Esquire
Goldenberg & Muri LLP
10 Weybosset Street
Providence, RI 02903

Brian A. Wagner, Esquire
RI DEM
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Patrick J. Sullivan, Esquire
Law Offices of Patrick J. Sullivan, Esquire
505 Tiogue Avenue, Suite B
Coventry, RI 02816

Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 13th day of April 2007, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante