**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | C.A. 05-346T-LDA |
| v. | |
| TOWN OF COVENTRY, et al., Defendants. | |

**TOWN OF COVENTRY'S RESPONSE TO OBJECTION OF COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC TO THE REPORT AND RECOMMENDATION OF THE HONORABLE MAGISTRATE JUDGE LINCOLN D. ALMOND DATED APRIL 4, 2007**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in response to the Objection of Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC("CPA-9") (collectively, "the Commerce Park Defendants") to the Report and Recommendation of The Honorable Magistrate Judge Lincoln D. Almond Dated April 4, 2007.

## INTRODUCTION

On April 4, 1997, the Honorable Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("Report and Recommendation") on Defendant Town of Coventry's Motion to Preclude Use of Undisclosed Evidence, to Dismiss, for an Award of Costs and an Extension of Scheduling Order Deadlines. (Document 73). The Commerce Park Defendants filed an objection to the Report and Recommendation on April 13, 2007.[1] (Document 78).

[1] The Commerce Park Defendants' Objection was procedurally deficient in that it included exhibits totaling in excess of 10 pages in the aggregate in violation of the Scheduling Order entered in this case (Document 43), which, by itself, could justify the denial or striking of the Objection. Notably, these exhibits included an affidavit that had not been presented to the Magistrate Judge, which is highly unusual, if not also procedurally improper.

Coventry files this memorandum in response to the above objection.

**STANDARD OF REVIEW**

Rule 72(a) of the Federal Rules of Civil Procedure governs objections to the order of a Magistrate Judge on pretrial, non-dispositive matters. Pursuant to Rule 72(a), a District Court Judge "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. "A finding is clearly erroneous when it is against the clear weight of the evidence, or when the court has a definite and firm conviction that a mistake has been committed." Blinzler v. Marriott Int'l, Inc., *857 F.Supp. 1, 2 (D.R.I. 1994) (internal quotations and citations omitted).* "Where there are two possible interpretations of the evidence, a court's choice of one of them cannot be clearly erroneous. *Id*.

**ARGUMENT**

The Report and Recommendation found that the Commerce Park Defendants failed to comply with this Court's December 8, 2006 Order requiring them to produce certain discovery on or before December 28, 2006. *Report and Recommendation, at 3*. Magistrate Judge Almond further found that these discovery materials could have and should have been produced in a timely fashion which would have enabled Coventry to complete discovery by the original December 1, 2006 closure date. *Id. at 4*. The Commerce Park Defendants do not object to these findings contained in the Report and Recommendation. Instead, they object to the sanctions imposed upon them by the Report and Recommendation.

First, the Commerce Park Defendants urge this Court to reject the recommendation requiring them to pay the reasonable expenses, including attorney fees, incurred by the Coventry in preparing and filing its Rule 37 Motions (Documents 51 and 64). It must be noted that Magistrate Judge Almond rejected the harsh sanction of dismissal and imposed this lesser

monetary sanction. The Commerce Park Defendants' objection now seems to be based on a Discovery Management Order issued by Magistrate Judge Almond on December 28, 2006 (Document 58). Coventry does not read the Discovery Management Order in the same manner as the Commerce Park Defendants and, apparently, neither does the author of the Discovery Management Order, Magistrate Judge Almond. The sanctions imposed by Magistrate Judge Almond are not clearly erroneous nor are they contrary to law based on the underlying discovery violations which are not challenged by the Commerce Park Defendants.

The Commerce Park Defendants next urge this Court to reject the recommendation that they be precluded from presenting expert witnesses with respect to the issues of damages. However, the Report and Recommendation does not preclude them from anything. It simply reiterates the requirements of the Federal Rules of Civil Procedure and of the Scheduling Order that expert witnesses must be identified promptly and before the discovery closure date. If those requirements are not complied with, then the expert does not testify. The Report and Recommendation does not preclude Commerce Park Defendants from presenting expert witnesses; rather, it is their own conduct in failing to comply with the Federal Rules of Civil Procedure and the Scheduling Order.

The Commerce Park Defendants' third and fourth objections to the Report and Recommendation concern the refusal of Magistrate Judge Almond to extend the discovery closure deadline and his extension of the dispositive motion deadline. Apparently, they seek an extension of the discovery deadline as it relates to their damage claim. This objection to the Report and Recommendation is curious because ***Coventry*** moved for the extension of the discovery closure deadline and the Commerce Park Defendants ***objected*** to the motion. Further, it is not clear to Coventry that this argument now made by the Commerce Park Defendants—to

extend the discovery deadline for damages only—was made to Magistrate Judge Almond. In fact, it appears to be a reaction to the Report and Recommendation as evidenced by their recently filed Motion for Modification of Scheduling Order, which is currently pending before this Court. Similarly, the Commerce Park Defendants do not object to the extension of the dispositive motion deadline. Their objection concerns only the subject matter of any potential dispositive motion—something which was not a part of the Coventry's motion or the Commerce Park Defendants' objection to the motion. The decisions of Magistrate Judge Almond on the closure of the discovery deadline, with the deposition stipulations referenced in the Report and Recommendation, and the extension of the dispositive motion deadline are not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons set forth herein and in Coventry's Motion to Preclude Use of Undisclosed Evidence, to Dismiss, for an Award of Costs and an Extension of Scheduling Order Deadlines (Document 64), Coventry respectfully requests that this Court deny the objections of the Commerce Park Defendants and adopt the Report and Recommendations of Magistrate Judge Almond dated April 4, 2007.

Dated: Providence, Rhode Island
April 20, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
gmillsom@apslaw.com

-- and --

Michael A. DeSisto
DESISTO LAW OFFICES
211 Angell St.
P.O. Box 2563
Providence, RI 02903
(401) 272-4422
Fax: (401) 272-9937
michael@desistolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Defendant Town Of Coventry's Response To Objection Of Commerce Park Realty, LLC And Commerce Park Associates 9, LLC To The Report And Recommendation Of The Honorable Magistrate Judge Lincoln D. Almond Dated April 4, 2007 and supporting memorandum through the ECF system on the 20th day of April, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

| | |
|---|---|
| Patrick J. Sullivan<br>Law Offices of Patrick J. Sullivan, Esq.<br>505 Tiogue Ave.<br>Suite B<br>Coventry, RI 02816 | |

/s/ Geoffrey W. Millsom