**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,

Plaintiff,

v.

TOWN OF COVENTRY, et al.,

Defendants.

C.A. 05-346T-LDA

**TOWN OF COVENTRY'S OBJECTION TO MOTIONS FOR SEVERANCE AND MODIFICATION OF THE SCHEDULING ORDER**

The Town of Coventry, Rhode Island ("Coventry") hereby objects to the Defendants Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC's ("CPA-9") Motions for (1) Severance Pursuant To Fed. R. Civ. P. 42(b) and (2) Modification Of Scheduling Order. The grounds for this Objection are set forth in the accompanying memorandum.

Dated: Providence, Rhode Island
April 20, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
gmillsom@apslaw.com

-- and --

Michael A. DeSisto
DESISTO LAW OFFICES
211 Angell St.
P.O. Box 2563
Providence, RI 02903
(401) 272-4422
Fax: (401) 272-9937
michael@desistolaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, | C.A. 05-346T-LDA |
| Plaintiff, | |
| v. | |
| TOWN OF COVENTRY, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF TOWN OF COVENTRY'S OBJECTION TO MOTIONS FOR SEVERANCE AND MODIFICATION OF THE SCHEDULING ORDER**

The Town of Coventry, Rhode Island ("Coventry") submits this memorandum in support of Defendants Commerce Park Realty, LLC ("CPR") and Commerce Park Associates 9, LLC's ("CPA-9") (collectively, "the Commerce Park Defendants") Motions for (1) Severance Pursuant To Fed. R. Civ. P. 42(b) and (2) Modification Of Scheduling Order.

## INTRODUCTION

At first blush, the true purpose of the Commerce Park Defendants' Motions for Severance and Modification of the Scheduling Order is not clear. Both motions are predicated on the same incorrect premise: that the case in its present posture cannot be tried without a substantial likelihood of jury confusion and great prejudice to the Commerce Park Defendants, who cannot "ascertain" their future damages. This premise evaporates when one considers that this is not a complex case that will be tried to a jury – a right that the Commerce Park Defendants waived long ago. It is a run of the mill contract case that the Court is well equipped to handle.

Similarly, the Commerce Park Defendants' mantra of unascertainable future damages flies in the face of the fact that they seek indemnification of their alleged damages, past and

future. There is no need for the Commerce Park Defendants to quantify their future damages in order to obtain a judicial declaration that they are entitled to indemnification for those damages from Coventry. As authority cited in their own brief makes clear, the Court may find that Coventry must indemnify the Commerce Park Defendants for future remediation costs and direct Coventry to provide such indemnification without ever requiring the Commerce Park Defendants to adduce any evidence of what those damages might be.

More curious still is the fact that the Commerce Park Defendants are aware of the fact that Coventry intends to seek the Court's permission to move for summary judgment. This proposed motion will place before the Court the issue of the validity and enforceability of the lease pursuant to which the Commerce Park Defendants seek indemnification. Regardless of how that motion is resolved, it will further simplify this straightforward case. Either the lease will be held invalid and the indemnification claims dismissed or the Court will find the lease enforceable and the trial will be limited to the issue of what, if any, claimed damages fall within the scope of the indemnification clause.

The illusory nature of the Commerce Park Defendants' arguments coupled with the strident tone with which they pursue them strongly suggest that true motivation is other than to obtain separate trials on liability and damages. One need look no further than Kent County in order to identify the true purpose of the Commerce Park Defendants' motions. They seek to accomplish what their motions for voluntary dismissal and their objection to Coventry's motion to preclude could not – a delay of this case until such time as they are able to press their claims to trial in the related, but (until recently) idle, state court action in which they still have time and the ability to retain and prepare expert witnesses to testify regarding their "lost value of the

leasehold interest" theory of damages. This is a request that has already been rejected by the Court and it is not within the contemplation of Rule 42 in any event.[1]

**ARGUMENT**

The Motion for Severance[2] and Modification of the Scheduling Order seek to have this Court hold separate trials for liability and damages. The First Circuit has offered little guidance on the use of separate trials, other than to instruct that "the procedure selected [under Rule 42(b)] should be conducive to expedition and economy." *Warner v. Rossignol*, 513 F.2d 678, 684 (1st Cir. 1975) (quotations omitted). This Court generally considers the following factors:

1. whether separate trials will help to simplify the issues and avoid confusion;
2. whether separate trials will result in duplication of evidence;
3. whether separate trials will create a risk of inconsistent verdicts;
4. whether separate trials will result in an efficient use of judicial resources;
5. whether separate trials will expedite or delay the proceedings; and
6. the effect on the parties' rights to a jury trial.

*Commonwealth Land Title Ins. Co. v. IDC Properties, Inc.*, No. C.A. 01-400T, 2007 WL 1040591, at *2 (D.R.I. April 3, 2007). The Commerce Park Defendants have not established that any of these factors weigh in favor of separate trials for liability and damages.

---

[1] The Commerce Park Defendants filed their Motions for Severance and Modification of the Scheduling Order after the closure date in violation of the Scheduling Order entered in this case (Document 43). Moreover, the Motion for Modification of the Scheduling Order included exhibits totaling in excess of 10 pages in the aggregate, which also violates the Scheduling Order. These procedural deficiencies, in and of themselves, could justify the denial or striking of the Commerce Park Defendants' motions.

[2] Although titled a motion for "severance" pursuant to Rule 42, the rule itself and the Commerce Park Defendants' motion actually concerns separate trials. Motions for severance are governed by Rule 21. One commentator explained the distinction as follows:

> The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials usually will result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereupon, independently.

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2387 (2d ed. 1995).

**A. This Is Not A Complex Case And There Is No Possibility Of Jury Confusion Because There Will Be No Jury**

The Commerce Park Defendants argue that separate trials are appropriate in this case because it will "enhance the jury's understanding of the issues involved in this complex case." Severance Br. at 5 (emphasis in original). This, however is not a complex case – it is a garden variety breach of contract case, where the Court – not a jury[3] – will be called upon to determine just two things: (1) whether the Net Ground Lease is valid, and, if so, (2) whether the Commerce Park Defendants have suffered or will suffer damages that fall within the scope of the lease's indemnification provision. As Commerce Park Defendants informed Magistrate Judge Almond: "The fact is this case is quite simple. This case is all about whether or not the indemnification provision is enforceable." Tr. of April 2, 2007 proceedings before Mag. J. Almond (Document 79) at 17. Clearly, the Commerce Park Defendants' apprehension of confusion by the trier of fact is both newly minted and unfounded.

Moreover, the Commerce Park Defendants' argument is knowingly predicated on the dubious proposition that both the issues of liability and damages will be the subject of a single trial. Coventry has informally and formally notified the Commerce Park defendants that it wishes to meet with them regarding summary judgment and intends to seek the Court's permission to move for summary judgment on the issue of the validity of the Net Ground Lease. *See, e.g.,* Tr. of April 2, 2007 proceedings before Mag. J. Almond (Document 79) at 27; *see also* Exhibit 1. Once Coventry's anticipated summary judgment motion is resolved the question of liability will be decided and this case will become even simpler. If Coventry prevails and the Net Ground Lease is invalidated, the Commerce Park Defendants' state law cross-claims will be dismissed and no trial will be required. It is only if the Court determines that the Net Ground

[3] Neither the Commerce Park Defendants, nor Coventry demanded a jury in this case. *See* The Commerce Park Defendants' Cross-claim and Coventry's Amended Answer. Similarly, RIDEM did not demand a jury in the underlying CERCLA action. *See* RIDEM's First Amended Complaint.

Lease is valid and enforceable that a trial is necessary, and any such trial would at that point be limited to the issue of whether the Commerce Park Defendants' alleged "damages" are covered by the lease's indemnification clause. Again, this is not a complex issue – it requires the Court only to decide whether, as a matter of fact, each specific item of damages was actually incurred by the Commerce Park Defendants and whether, as a matter of law, the language of the indemnification clause is broad enough to include that item of damages.

To the extent that the Commerce Park Defendants intended their motion to request only that the Court determine the issue of whether the Net Ground Lease is valid and enforceable prior to holding a trial on damages, Coventry certainly has no objection – although it believes that the procedure outlined in paragraph 7 of the Scheduling Order would have been a more appropriate means of accomplishing this objective. However, it appears more likely that the Commerce Park Defendants are attempting to create illusory issues of complexity and juror confusion in order to obtain a postponement of the trial in this Court and thereby avoid the repercussions of their failure to timely disclose expert witnesses and expert reports. Delaying the trial in this matter will permit the Commerce Park Defendants to press their state court case to trial (with the benefit of expert witnesses) and then invoke the doctrine of *res judicata*[4] to bar this Court's consideration of the state law issues.

This result, however, simply is not justified under Rule 42. Delay and postponement are not the purpose of the Rule. To the contrary, the First Circuit has instructed that Rule 42 should be invoked in order to ensure "expedition and economy." *Warner v. Rossignol*, 513 F.2d at 684.

---

[4] So anxious are the Commerce Park Defendants to delay proceedings in this Court in favor of state court that they have moved (unsuccessfully) to voluntarily dismiss their claims and have been less than fully candid about the progress of that action. Specifically, in the April 2, 2006 hearing before Magistrate Judge Almond, the Commerce Park Defendants represented that the claims at issue in this case are "going to trial very soon in the state court." See Tr. of April 2. 2007 proceeding before Mag. J. Almond (Document 79) at 25. In fact, at the time that representation was made, the state court action was not even on the Superior Court's trial calendar. The Commerce Park Defendants filed motions to place that case on the trial calendar and expedite it just 7 business days before they informed Judge Almond that the case was "going to trial very soon." As of the writing of this brief, the Superior Court had not yet heard these motions and the case was not on the trial calendar.

Expedition and economy will be best served if this case proceeds as it is presently constituted, not through the implementation of separate trials for liability and damages as the Commerce Park Defendants request.

**B. The Commerce Park Defendants' Claim That Their Damages Are Unascertainable Is Illusory And Inaccurate**

Throughout their brief, the Commerce Park Defendants repeatedly claim that they would be prejudiced if the trial on their damages is not delayed because their damages are - "unascertainable." Severance Br. at 4. This contention is factually inaccurate and inconsistent with the legal authority upon which the Commerce Park Defendants rely.

There are three categories of damages that the Commerce Park Defendants could conceivably claim as a result of the facts alleged in the Cross-claim:

1. past out-of-pocket costs covered under the lease's indemnification clause;
2. future out-of-pocket costs covered under the lease's indemnification clause; and
3. "lost value" of their interest in the leased premises and adjacent properties.

Indeed, these three categories are reflected in the Commerce Park Defendants' sworn interrogatory responses. *See* Exhibit 2, Nos. 7 & 8. Past out-of-pocket costs incurred as of the date of trial are obviously ascertainable. The Commerce Park Defendants do not appear to dispute this fact – their brief focuses on future costs.

Future out-of-pocket costs, however, need not be ascertained at trial as they will addressed in the context of the Court's interpretation of the Net Ground Lease. If the Court finds the lease valid and enforceable, Coventry will be obligated by virtue of the judgment to indemnify the Commerce Park Defendants and take responsibility for out-of pocket costs in the future. Indeed, this fact is demonstrated by the very case and parenthetical description cited by the Commerce Park Defendants in its brief. *See* Severance Br. at 5 n.3 ("*See Boston Gas Co v. Century Indemnity Co.*, 2006 U.S. Dist LEXIS 41133, at *12 (D. Mass. June 21, 2006) (holding

that a gas company was entitled to declaratory relief concerning whether it was indemnified for future costs associated with the cleanup of hazardous waste under an insurance contract, because the gas company had successfully established the essential facts entitling it to indemnification, without the need for proving the unascertainable future damages).”). In fact, the *Boston Gas* court specifically observed: “In cases involving ongoing cleanup operations and potential future government enforcement actions, courts have held that the insured is entitled to declaratory relief for all future associated cleanup costs.” *Boston Gas Co. v. Century Indem. Co.*, C.A. No. 02-12062-RWZ, 2006 WL 1738312, at *3 (D. Mass. June 21, 2006). Since future costs of remediation and clean-up and other varieties of this type of claimed “damages” will be shifted to Coventry if the Commerce Park Defendants establish liability, there is no need for those future costs to be quantified at trial.[5]

With respect to the final category of damages – lost value of the leasehold interest and/or adjacent properties – it will be no more difficult to prove damages at a trial in 2006 than it will be when the lease expires in approximately 267 years, which is presumably when the Commerce Park Defendants will be “ready” to try the damages phase of this lawsuit. Proof of these damages, however, will require expert testimony and that may well be the true nature of the Commerce Park Defendants’ concern. In his April 4, 2007 Report and Recommendation, Magistrate Judge Almond ruled that the Commerce Park Defendants’ failure to identify an expert witness or produce an expert report precluded use of an expert at trial. This ruling, if adopted by the Court, may well leave the Commerce Park Defendants’ “lost value” damages unproveable, but this fact does not justify an order postponing the trial until such time as the Commerce Park

[5] This is true even if the Commerce Park Defendants contend that they are entitled to conduct future remediation efforts themselves and submit bills to Coventry, because Counts I – III of their Cross-claim alleges that in such case they are entitled to a letter of credit or bond to cover the costs. *See* Cross-claim, Counts I – III. The precise amount of future costs need not be proved in order for the Court to determine an appropriate amount for any such letter of credit or bond.

Defendants feel their damages are "ascertainable" or until they can obtain a trial (with expert witnesses) in the Superior Court. Any prejudice to the Commerce Park Defendants as a result of Magistrate Judge Almond's ruling on expert witnesses flows from the Commerce Park Defendants' own litigation conduct, not from the nature of this case or their damages.

## CONCLUSION

For all the foregoing reasons, Coventry requests that the Commerce Park Defendants' Motions for (1) Severance Pursuant To Fed. R. Civ. P. 42(b) and (2) Modification Of Scheduling Order be denied in their entirety.

Dated: Providence, Rhode Island
April 20, 2007

TOWN OF COVENTRY, RHODE ISLAND
By its Attorneys,

/s/ Geoffrey W. Millsom
Mark O. Denehy (#3492)
Elizabeth McDonough Noonan (#4226)
Geoffrey W. Millsom (#6483)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604/ 351-4607
gmillsom@apslaw.com

-- and --

Michael A. DeSisto
DESISTO LAW OFFICES
211 Angell St.
P.O. Box 2563
Providence, RI 02903
(401) 272-4422
Fax: (401) 272-9937
michael@desistolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Objection To Motions For "Severance" And Modification Of The Scheduling Order and supporting memorandum through the ECF system on the 20th day of April, 2007, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case No. 05-346T-LDA and was sent by regular mail to the following counsel of record:

| | |
|---|---|
| Patrick J. Sullivan<br>Law Offices of Patrick J. Sullivan, Esq.<br>505 Tiogue Ave.<br>Suite B<br>Coventry, RI 02816 | |

/s/ Geoffrey W. Millsom

*415274_1.doc*