**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| STATE OF RHODE ISLAND, by and through the RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Plaintiff, | |
| vs. | C.A. No. 05-346T-LDA |
| TOWN OF COVENTRY, et al., Defendants. | |

**DEFENDANTS COMMERCE PARK REALTY, LLC AND COMMERCE PARK ASSOCIATES 9, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR LIMITED OBJECTION TO DEFENDANT TOWN OF COVENTRY'S MOTION FOR AWARD OF EXPENSES, INCLUDING ATTORNEYS' FEES**

**Introduction**

Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC, (the "Commerce Parties") respectfully object, in part, to Defendant Town of Coventry's *Motion For Award of Expenses, Including Attorneys' Fees, Pursuant to Order of the Court dated June 13, 2007* (Document 83-1, attached hereto as Exhibit A), as set forth herein. The Commerce Parties, as well as the undersigned counsel, are certainly reluctant to make such objection in light of this Honorable Court having admonished the Commerce Parties not to object to a reasonable request for attorneys' fees by the Defendant Town of Coventry (the "Town"). The Commerce Parties are absolutely compelled to do so, however, based upon the unreasonable and excessive nature of the Town's request for attorneys' fees that it claims it incurred in the preparation and filing of its Rule 37 motions and conferring in an effort to obtain the requested discovery materials, as required by this Court in its June 13, 2007 Order. Such excessive request is, regrettably, contrary to this Honorable Court's admonition to the Town.

## Relevant Procedural Background

On or about November 17, 2007, the Town filed what was essentially a Motion to Compel more responsive answers and documents in response to the Town's discovery requests to the Commerce Parties. On or about January 16, 2007, the Town filed, *inter alia*, a Motion for an Award of Costs as a sanction for the Commerce Parties' perceived failure to comply with the Order of the Court granting the Motion to Compel. This Honorable Court, on or about June 13, 2007, accepted the April 4, 2007 Report and Recommendation of the Honorable Magistrate Judge Lincoln D. Almond that, "the District Court require the Commerce Park Defendants to pay the reasonable expenses, including attorneys' fees, incurred by the Town in preparing and filing its Rule 37 Motions (Document Nos. 51 and 64) and in conferring in an effort to obtain the requested discovery materials." Thereafter, the Town filed its *Motion Award of Expenses, Including Attorneys' Fees, Pursuant to Order of the Court dated June 13, 2007*, requesting that this Court require the Commerce Parties pay nearly Ten Thousand and 00/100 Dollars ($10,000.00) to the Town for attorneys' fees alone, as set forth in the Town's Motion.

## Argument

**I. The Town's request for attorneys' fees includes services clearly beyond the scope of that permitted by this Honorable Court.**

The Town's request for attorneys' fees of close to Ten Thousand and 00/100 Dollars ($10,000.00) is shocking and grossly excessive for "preparing and filing its Rule 37 Motions...and in conferring in an effort to obtain the requested discovery materials," as ordered by this Court. The Town's explanation of the time spent to that end, as set forth in its Motion, includes hours and hours of tasks that are wholly unrelated to the preparation and filing of motions and conferring with counsel for the Commerce Parties in an effort to obtain the

discovery responses from the Commerce Parties. For instance, the Town is requesting to be compensated for Three and One Half (3.5) hours of counsel reviewing discovery responses that were provided by the Commerce Parties after the filing of the motions by the Town. Surely this Court did not contemplate the Commerce Parties being required to pay for both providing the responses and for the Town's review of the responses.

The total hours spent by the Town's counsel in preparing and filing the motions and conferring with counsel, according to the explanation provided by the Town, actually total, at most, Thirteen and 08/10 (13.8) hours, not the Twenty Nine and 02/100 (29.2) hours claimed by the Town. (See Declaration of Elizabeth Noonan in support of Town's Motion, attached hereto as Exhibit A, at pg. 3; 11/6/06 – 1/16/07.) In reality, the attorneys' fees for the hours spent on the tasks for which this Court awarded attorneys' fees are much, much less than the amount requested by the Town, totaling Four Thousand Three Hundred Twenty Two and 05/100 Dollars ($4,322.50), as set forth below:

6.9 hours in 2006 x $300/hour (Attorney Millsom)[1] = $2,070.00 (11/6/06 – 12/22/06)

5.8 hours in 2007 x $325/hour (Attorney Millsom) = $1,885.00 (1/2/07 – 1/16/07)

1.1 hours x $350.00/hour (Attorney Noonan) = $367.50 (1/9/07 – 1/16/07)

## II. Attorneys' Fees for the preparing and filing of Motions and conferring in an effort to obtain the discovery responses from the Commerce Parties totaled no more than $4,322.50

The two (2) motions filed by the Town in an effort to obtain the discovery responses from the Commerce Parties involved routine discovery and procedural issues, and were in no way substantive in nature. The motions did not involve complex issues concerning environmental

[1] It is important to note that all of the work performed on this simple discovery matter was performed by a partner and/or shareholder in the law firm, rather than by or with the assistance of an associate or paralegal. Furthermore, the rates charged for such routine discovery practice, $300 - $350 per hour, are certainly well in excess of those commonly charged to municipalities in the State of Rhode Island.

law or a dispute concerning environmental or scientific reports that would have required the Town to obtain specialized legal representation. Counsel for the Town simply prepared and filed routine discovery motions and conferred with opposing counsel concerning obtaining the requested discovery. These tasks in no event should demand compensation to the Town (or sanctioning upon the Commerce Parties) in excess of Five Thousand and 00/100 Dollars ($5,000.00).

Importantly, as Honorable Justice Torres recognized at the hearing on this matter, the undersigned counsel, immediately upon entering their appearance in this matter on behalf of the Commerce Parties, conferred with counsel for the Town and thereafter produced voluminous documents as well as supplemental answers to interrogatories that been propounded by the Town. The Town is requesting to be compensated in excess of Fifteen (15) hours for work that was performed outside the scope of the "preparing and filing of motions", and was done after the undersigned counsel had agreed to, and in fact did, provide additional significant discovery responses.

**Conclusion**

Based upon the foregoing, the Commerce Parties respectfully request that this Honorable Court deny, in part, the Town's request for attorneys' fees in the amount requested in the Town's Motion, and instead award an adjusted amount based upon its prior delineating the appropriate scope of reimbursement.

Respectfully submitted,
Defendants,
Commerce Park Realty, LLC and
Commerce Park Associates 9, LLC,
By their Attorneys,

/s/ Brian LaPlante

Brian LaPlante, Esq./#5861
Philip J. Laffey, Esq./#7292
LaPlante Sowa Goldman
67 Cedar Street
Providence, RI 02903
TEL: (401) 273-0200
FAX: (401) 273-0250

# CERTIFICATION

Gregory L. Benik, Esquire
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903

David B. Graham, Esquire
Kaufman & Canoles, P.C.
4801 Courthouse Street, Suite 300
Post Office Box 6000
Williamsburg, Virginia 23188

Scott L. Hammer, Esquire
Hodosh Lyon & Hammer, Ltd.
1023 Post Road
Warwick, RI 02888

Mark O. Denehy, Esquire
Geoffrey W. Millsom, Esquire
Elizabeth McDonough Noonan, Esquire
Adler Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI 02903

Anthony F. Muri, Esquire
Goldenberg & Muri LLP
10 Weybosset Street
Providence, RI 02903

Brian A. Wagner, Esquire
RI DEM
Office of Legal Services
235 Promenade Street
Providence, RI 02908

Patrick J. Sullivan, Esquire
Law Offices of Patrick J. Sullivan, Esquire
505 Tiogue Avenue, Suite B
Coventry, RI 02816

Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

I hereby certify that on this 9th day of July 2007, I caused a true and accurate copy of the within document to be sent via electronic means through the CM/EFC system of the United States District Court to the above-listed attorneys.

/s/ Brian LaPlante