UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | : | |
| v. | : | C.A. No. 05-346T |
| TOWN OF COVENTRY, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the Town of Coventry's Motion for Award of Expenses, Including Attorneys' Fees (Document No. 83) filed on June 21, 2007. Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC ("the Commerce Defendants") filed an Objection to the Motion. (Document No. 88). The Motion was referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. For the reasons discussed below, the Court recommends that the Town's Motion be GRANTED in part and DENIED in part as specified herein.

**Background**

In a Report and Recommendation issued in April 2007, I recommended that District Judge Torres impose sanctions upon the Commerce Defendants for their failure to comply with an Order issued by this Court on December 8, 2006. Judge Torres accepted my recommendation that the "District Court require the Commerce Park Defendants to pay the reasonable expenses, including attorneys' fees, incurred by the Town in preparing and filing its Rule 37 Motions (Document Nos. 51 and 64) and in conferring in an effort to obtain the requested discovery materials." See Document

No. 73 and Minute Entry for Hearing held June 13, 2007. Thereafter, the Town moved for an award of expenses in the amount of $9,325.00. (Document No. 83). In support of its fee request, the Town submitted the Declaration of Elizabeth McDonough Noonan, Esq., a partner at Adler, Pollock & Sheehan ("AP&S") with the responsibility for billing the Town for fees and costs in this case. Ms. McDonough Noonan noted that the Town is billed for time spent on this case, "in accordance with the regular hourly rates AP&S ordinarily charges to its other fee-paying clients." See Id., ¶ 6. She also noted that those rates increased in January 2007, while this case was pending. Thus, the rates charged were $300.00 per hour for time billed by her partner Geoffrey Millsom prior to January 2007 and $325.00 per hour thereafter for his services. Her billing rate did not change in January 2007, therefore all of her time was billed at $350/hour.

The Town seeks an award of fees for 28.1 hours of time billed by Mr. Millsom and 1.1 hours of time billed by Ms. McDonough Noonan. See Id. ¶ 7. Ms. McDonough Noonan notes that the information contained in her declaration supporting the fee award "reflects the entries from actual invoices and billing records, but has been edited in order to remove any unrelated, privileged or sensitive information...[and] to remove descriptions of tasks unrelated to Coventry's efforts to obtain the requested discovery." Id. ¶ 9. Ms. McDonough Noonan concludes that "the fees and expenses incurred and detailed above are fair and reasonable and in accordance with Rule 1.5 of the Rhode Island Rules of Professional Conduct." Id. ¶ 11.

The Commerce Defendants' "Limited Objection" argues that the request for attorneys' fees is not reasonable, but is instead "shocking and grossly excessive." Document No. 88, p. 2. Additionally, the Commerce Defendants argue that the Town requests fees for time which is unrelated to the attempt to secure discovery responses from the Commerce Defendants. Id.

Accordingly, the Commerce Defendants request that the Court reduce the award to $4,322.50 for 13.8 hours of attorney time. Id. p. 3. The Commerce Defendants also argue that the Town's rates of $300.00 to 350.00 per hour are excessive, considering that this was a simple discovery dispute. Id. p. 3, n.1.

**Discussion**

The District Court has ordered the Commerce Defendants to pay the Town's "reasonable" attorneys' fees. Thus, the Court need only determine if the fees requested by the Town are reasonable and related to the discovery dispute in issue. In making its determination of the reasonableness of the request, the Court has reviewed the Declaration submitted by Ms. McDonough Noonan and considered the requested fees, including hours spent and hourly rates. Additionally, this Court looks to LR Cv 54.1 which sets forth the requirements placed upon a party seeking an award of attorneys' fees.

Local Rule Cv 54.1 requires that a party seeking attorneys' fees submit two separate affidavits in support of its fee request. The first affidavit must be from the counsel of record and include specific information pertaining to the fees requested by counsel. See LR Cv 54.1(b)(1)(A)-(E). The second affidavit must be from"a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases." See LR Cv 54.1(b)(2).

The Town did not submit the required affidavit from a disinterested attorney, but submitted only the declaration of Ms. McDonough Noonan, the partner at AP&S responsible for billing the Town for time spent on the case. Although the Court has already ordered that the Commerce

Defendants pay the Town's reasonable attorneys' fees, the Town was not excused from complying with the Local Rules of this Court which have been set forth for the purpose of aiding the Court's determination of a reasonable fee award. Since the Town failed to submit an affidavit that would have aided the Court's analysis, the Court is left to consider the issue before it based solely on the fee request made by counsel and the objection submitted by the Commerce Defendants.

In the Court's opinion, the Commerce Defendants have raised legitimate objections as to the amount of the billing rates and the hours expended in this matter. Also, the Commerce Defendants have raised a legitimate question as to why no time was expended by any less costly associates or paralegals on this discovery matter. Accordingly, I recommend that the Town's Motion for Attorneys' Fees be GRANTED, but that their request for an award in the amount of $9,325.00 be DENIED. Instead, I recommend that the Commerce Defendants be required to pay the Town $5,620.00 for its attorneys' fees in this matter. In making this recommendation, I have considered the hourly rates charged by two partners, the time descriptions provided by AP&S, the parties' actions throughout this discovery dispute and the failure of the Town to submit an affidavit as required by the Court's Local Rules.

First, as noted, I find that the rates of $300.00 to $350.00 per hour are excessive in light of the nature of this straightforward discovery dispute. Although a rate of $300.00 to $350.00 per hour may be reasonable for an experienced litigator in a complex environmental case, I recommend that the rate be reduced to $200.00 per hour for this discovery matter. Additionally, I have thoroughly reviewed the time entries submitted and note that Mr. Millsom, a partner at AP&S, spent 5.2 hours drafting the Motion to Compel, 5.5 hours on the Motion to Dismiss and 3.5 hours reviewing documents. Although these periods of time are not necessarily unreasonable, it is unclear to this

Court why a less costly associate or paralegal could not have performed most of this work under Mr. Millsom's supervision. Finally, in reviewing the time entries submitted by Ms. McDonough Noonan, the Court finds that the time she has billed is duplicative of the time billed by Mr. Millsom, and the Court does not find it reasonable to require the Commerce Defendants to reimburse the Town for the 1.1 hours of time for which she has submitted entries. From a review of her time entries, she is billing the Town for time spent reviewing the work completed by Mr. Millsom (.7 hours for "[a]ttention to motion to compel" and "[f]inal review of motion to preclude") and for reviewing documents submitted by opposing counsel and also reviewed by Mr. Millsom, and a conference with Mr. Millsom and the client (.4 hours for "[r]eview objection...filed by attorney LaPlante" and "[c]onference with client and co-counsel"). These time entries are duplicative of entries submitted by Mr. Millsom, a capable, seasoned litigator. Accordingly, I have excluded the time billed by Ms. McDonough Noonan from my recommended fee award. Although I have reduced the hourly rate for Mr. Millsom to $200.00 per hour, the Commerce Defendants have not convinced me that the time spent by Mr. Millsom on these matters was unreasonable. Therefore, I recommend that the Commerce Defendants be required to reimburse the Town for 28.1 hours of time at a rate of $ 200.00 per hour, for a total fee of $5,620.00.

**Conclusion**

For the reasons discussed above, this Court recommends that the Town's Motion (Document No. 83) be GRANTED in part and DENIED in part and that the Commerce Defendants be ordered to reimburse the Town in the amount of $5,620.00 for its legal expenses related to the instant discovery dispute. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR

Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 16, 2007