UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| | : | |
| v. | : | C.A. No. 05-346S |
| | : | |
| TOWN OF COVENTRY, et. al., | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is presently before the Court on Defendants Commerce Park Realty, LLC and Commerce Park Associates 9, LLC's ("Commerce") Motion to Confirm Attorneys' Fees and Expenses. (Document No. 116). In its Motion, Commerce seeks an award of fees in the amount of $129,207.03, plus accrued interest at a rate of 10% per annum. The Town of Coventry (the "Town") filed an Objection. (Document No. 117). Commerce subsequently filed a Supplemental Motion to Increase Attorneys' Fees and Expenses. (Document No. 121). In the Supplemental Motion, Commerce claimed entitlement to an additional $25,680.00 in fees and expenses. The Town objected to the Supplemental Motion. (Document No. 123).

The Motion to Confirm Attorneys' Fees and Expenses has been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on July 27, 2009. After listening to the arguments, reviewing the pleadings and performing independent research, this Court recommends that Commerce be awarded $108,671.03 for its reasonable attorneys fees' and expenses, plus interest at a rate of 10% per annum commencing on October 17, 2007.

**Background**

The State of Rhode Island Department of Environmental Management filed the present Comprehensive Environmental Compensation and Liability Act of 1980 ("CERCLA") matter in August 2005. The lawsuit concerns the alleged presence of hazardous materials at the site of the former Coventry landfill and surrounding properties. Commerce was not originally a named party to the lawsuit. However, when Commerce refused to allow access to the properties for environmental testing, the State added Commerce as a Defendant. Commerce occupied both the landfill, under a Net Ground Lease entered into with the Town of Coventry in 1999 and the surrounding properties by purchase in 2001. After Commerce was added as a Defendant, Commerce filed cross-claims against the Town of Coventry for contractual indemnification, breach of warranty, misrepresentation, CERCLA statutory contribution and common law contribution.

Judge Torres conducted a bench trial in 2007 and tried Commerce's cross-claims against the Town, including the contractual indemnification claim. On October 17, 2007, Judge Torres issued a Bench Decision regarding the Town's obligations to Commerce pursuant to the indemnification and warranty provisions of the Net Ground Lease (the "Lease"). In particular, Judge Torres held that the indemnification provision in the Lease requires the Town to reimburse Commerce for reasonable attorneys' fees and expenses (1) incurred as a result of any claims asserted against or imposed on Commerce because of hazardous materials located on the legal premises, i.e., the landfill, that were there prior to execution of the Lease or placed there afterward by the Town; and (2) arising out of Commerce's enforcement of its right to indemnification under the Lease. (See Document No. 116-3 at 20). Judge Torres' Decision excluded any fees and costs expended in connection with the dispute over property access.

**Applicable Law**

Commerce's Motion presents two issues. First, the Court must determine whether the particular fees and expenses by Commerce are reimbursable under the applicable indemnification provision as interpreted by Judge Torres. Second, if the fees and expenses are reimbursable, the Court must assess their reasonableness. In determining what constitutes a reasonable fee, the Court starts by calculating a lodestar. See Lipsett v. Blanco, 975 F.2d 934, (1st Cir. 1992). A lodestar is "the base amount of the fee to which the prevailing party is entitled...." Id. A lodestar is calculated by "multiplying the number of hours productively expended by counsel times a reasonable hourly rate." Id. In determining the lodestar, the first step requires ascertaining the number of hours spent by each attorney and then subtracting time that was "duplicative, unproductive, excessive, or otherwise unnecessary." Id., citing Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). Then, the Court must determine a reasonable hourly rate by "taking into account the 'prevailing rates in the community for comparably qualified attorneys.'" Id. (citation omitted). Finally, once the rate and the hours are determined, the fee is considered "reasonable" but can be subject to an upward or downward adjustment in certain circumstances. Id. "In fashioning the award, the records submitted by the attorneys are usually the starting point, but the court's determination is by no means circumscribed to what the attorneys submit is the time spent or the rate they charge." Sueiro Vazquez v. Torregrosa de la Rosa, 534 F. Supp. 2d 261, 264 (D.P.R. 2008).

**Analysis**

The Court must now determine whether the amounts requested by Commerce are both reimbursable and reasonable. The Court notes that Attorneys Brian LaPlante and Nicole Labonte submitted Affidavits to the Court along with itemized billing statements and other documentation to substantiate the type of work performed on each date and the time invested. Commerce claims

billing rates for Attorney LaPlante at rates ranging from $175.00 to $250.00 per hour, for Attorney Labonte at rates ranging from $135.00 to $200.00 per hour and for various law clerks at a rate of either $50.00 or $100.00 per hour. (Document No. 116-4 at 5). The Town did not object to these hourly rates, and the Court finds the rates claimed by Commerce's counsel to be appropriate and in accord with counsel's experience and qualifications and well within the prevailing rates in this District. Accordingly, the hourly rates claimed by Commerce are approved.

Next, the Court moves on to consider the hours reasonably expended by counsel for Commerce. As a preliminary matter, however, the Court notes that this case differs from the standard fee case in a few noteworthy ways. First, the matters at issue in the present case are also the subject of a related state court action. Thus, the Court must determine whether the fees claimed in connection with the state court action are compensable under Judge Torres' Decision. Second, the award of fees in this case is not a statutory mandate, but is instead a product of the parties' indemnification agreement. Thus, unlike a statutory-based fee award where the prevailing party is presumptively entitled to collect the reasonable fees incurred in the case, in this case not all of the fees generated are compensable under the Decision issued by Judge Torres. Thus, in analyzing the fee petition, the Court must determine if the requests fall within the parameters of Judge Torres' Decision and also whether application of the lodestar principles requires a reduction of the fees requested because they are excessive, unproductive, duplicative or otherwise disallowed.

The Court has conducted a thorough analysis of the documents submitted by the parties. To aid the Court's consideration of these issues, the Court is guided by the billing statements submitted by Commerce, as well as the analysis completed by the Town's expert, Jeffrey Schreck, Esquire. Attorney Schreck submitted a detailed analysis concerning his opinions as to the fees he deems not

covered by Judge Torres' Decision and fees he contends should be reduced or disallowed for different reasons. (See Document No. 120). The parties disagree concerning Commerce's entitlement to collect fees incurred in the related state court action, and the Town also contends that several categories of fees submitted in connection with the federal action should be reduced or disallowed. The Court considers each argument in turn.

### A. The State Court Litigation

The first area of dispute concerns the fees and expenses incurred in the related Rhode Island Superior Court litigation (the "State Case"). Commerce seeks indemnification for $50,211.49 in fees and expenses incurred in connection with the State Case. (Document No. 116-2 at 22). Commerce argues that Judge Torres' Decision "encompass[es] all those reasonable attorneys' fees and expenses incurred by Commerce Park" including those incurred in the State Case. (Document No. 116-2 at 19-20). Commerce notes, for example, that Judge Torres was aware of the pendency of the State Case and would have expressly excluded such fees and expenses, if he so intended. Attorney Schreck's analysis, on the other hand, opines that all of the work performed in the State Court case is "uncovered" and not compensable. (Document No. 120-2 at 5). At the fee hearing, counsel for the Town conceded that the Court should review the attorneys' fees and expenses claimed as to the State Case and determine if they were reasonably incurred relating to the indemnification claim. Counsel for the Town, however, argued that it "doesn't appear that any" of the fees claimed in the State Case actually relate to the indemnification issue.

Since counsel for both parties concur that the Court must first consider whether the time entries are compensable under Judge Torres' Decision, and his Decision does not limit a reimbursable expense to one incurred in connection with this case, the Court rejects Attorney

Schreck's opinion that none of the fees incurred in the State Case are reimbursable. Thus, the Court will consider the fees requested and determine if they fall within the scope of Judge Torres' Decision and then whether they should be reduced or disallowed for any other reason.

Upon reviewing the billing statements that Commerce submitted, the Court was unable to decipher some of the work completed because the descriptions supporting the time billed were significantly redacted, ostensibly to shield Commerce's privileged work product and/or attorney client information. The redactions, however, leave the Court unable to determine the type of work performed by Commerce, or any basis to justify the amount of time billed. For example, on an invoice dated November 19, 2003, there is an entry stating, "[a]nalysis of all file materials..." the remainder is redacted, and the charge has been reduced by Commerce from $418.50 to $209.25. (Document No. 116-6 at 6). On April 9, 2004, an entry for "[e]xhaustive analysis of documentation..." with the remainder redacted was reduced from $297.00 to $148.50. (Document No. 116-6 at 16). Another entry on May 28, 2004 states, "Analysis of ...pleadings, discovery, memoranda of law, periodical articles regarding landfill; DEM reports...discovery requests...." That charge was cut in half from $540.00 to $270.00. (Document No. 116-6 at 24). These are merely representative examples of the Court's inability to ascertain the work performed from some of Commerce's submissions. This short list is not an exhaustive compilation of each incomplete time description.[1] In light of the Court's inability to fully analyze these and other time entries, the Court reduces the entire fees requested in the State Case by $10,000.00, approximately 20% of the total award sought.

---

[1] This Court previously noted that the "District Court is not required to engage in a line-by-line review of time records or to 'drown in a rising tide of fee-generated minutiae.'" Sherwood Brands of R.I., Inc. v. Smith Enter., Inc., No. 00-287T, 2002 WL 32157515 at *2 (Sept. 5, 2002) (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 15 (1st Cir.1988)).

The second issue of concern with respect to the State Case is the attorneys' fees incurred in preparing and filing a Motion for Summary Judgment and related reply briefs and objections. The Court recognizes that this is a complex case and that the filing of a Motion for Summary Judgment necessarily requires the synthesis of discovery materials with legal arguments. Nevertheless, Commerce seeks reimbursement for fees in excess of $26,000.00 in connection with preparing and filing the Motion, as well as a reply brief and an objection. Although summary judgment practice can be time intensive, the number of hours spent by multiple attorneys (over 140 hours) appears unreasonable on its face, and Commerce has not shown any extraordinary circumstances for such a large investment of time. Moreover, there were several attorneys that billed time in connection with the Motion, and the billing statements do not fully describe the nature of the work performed by each attorney, including whether there was duplicative legal research and drafting. (See, e.g., Document No. 116-7 at 16, entries dated May 9, 2007; id. at 21, entries dated July 21, 2007 through July 25, 2007; id. at 23, entries dated September 4, 2007; id. at 25, entries dated September 10, 2007). Without more meaningful time descriptions, it is impossible for the Court to determine whether the attorneys' efforts were duplicative or excessive. Accordingly, a reduction of $9,000.00 or approximately one-third of the fees sought in connection with summary judgment practice in the State Case is warranted.

As noted, the total request for reimbursement in the State Case was $50,211.49. The Court is recommending that $10,000.00 be deducted because Commerce's redacted entries do not sufficiently identify the work completed or justify the hours expended. Additionally, the Court is recommending that $9,000.00 of the over $26,000.00 billed in connection with the summary judgment Motions be deducted, as the total requested is both excessive and not sufficiently

supported by the time entry descriptions. The total attorneys fees and expenses I recommend be awarded in connection with the State Case, therefore, is $31,211.49.

### B. The Federal Court Litigation

Having considered the attorneys' fees requested in connection with the State Case, the Court now moves on to a consideration of the fees requested in this case. Commerce seeks $78,995.54 in attorneys' fees and expenses incurred in this Federal Court litigation. (Document No. 116-2 at 18). In connection with its Objection to the Motion and its analysis of the fees requested, the Town identified seven distinct categories of time entries that it contends should be disallowed or reduced. The time categories include successor work, uncovered work, duplicative work, discovery disputes, unknown, perfunctory work and excessive. After reviewing the description of each of the categories and the time entries that fall into each category, the Court resolves the Town's objections as follows:

#### 1. Successor Work

The first category, "successor work," contains bills for fees that the Town alleges should be disallowed because the work performed by Attorney LaPlante's law firm was purportedly solely to review and reorganize work done by prior counsel. (See Document No. 120-2 at 16.) The Court has reviewed these time entry descriptions and disagrees. The work completed was reasonable and necessary and does not appear excessive. There is a relatively small amount of time billed that falls under this category, and the Court does not find the Town's arguments persuasive.

#### 2. Uncovered Work

The next category of work that the Town claims should be disallowed is work that is "uncovered," i.e., work that does not fall within the scope of reimbursement ordered by Judge Torres. The Court reviewed the entries placed in this category by the Town and finds persuasive

the Town's argument that the work performed by Commerce in preparing and arguing the Motion to Modify the Scheduling Order and the Motion to Sever the case should be disallowed. These Motions sought to have the Court conduct separate trials for liability and damages. As the Town noted in its Objection to these Motions, the issue was presented prematurely, and was premised on jury confusion, a matter irrelevant to this case, since the parties agreed to have a bench trial. At the hearing on these Motions, Judge Torres passed the Motions as moot. Thus, I do not find that Judge Torres' Order permits Commerce to recover fees for filing these unsupported and unsuccessful pretrial Motions. These entries occurred between April 9, 2007 and April 13, 2007 and are identified on Attorney Schreck's "Uncovered" list. (Document No. 120-2 at 17-20). The total amount of such fees requested, which I recommend be disallowed, is $4,425.00. I find that the remaining entries identified by the Town under this category reasonably fall within the scope of Judge Torres' reimbursement order.

### 3. Duplicative Work

Next, the Town contends that numerous time entries should be disallowed because they reflect duplicative work. For example, on January 30, 2007, Attorneys LaPlante and Laffey each billed time for case conferences. (Document No. 116-4 at 10). Similarly, on February 1, 2007, April 19, 2007 and September 21, 2007, there are fee requests by multiple attorneys for the same internal case conferences. (Id. at 10, 25-26, 34). There are two entries – one on April 19, 2007 and another on April 26, 2007 totaling $840.00 – for time spent traveling to and from Coventry Town Hall to obtain documents. (Id. at 25, 27). A final example are the multiple entries on February 15, 2007 concerning the preparation of documents in response to the Town's discovery requests. (Id. at 13). In sum, my review of the entries labeled "duplicative" by the Town confirms that, despite

Commerce's review and reduction of its requested fees, there is still some duplicative billing. Accordingly, the Court finds the Town's arguments persuasive and recommends that the total amount identified in the "duplicative" category, $3,842.00, be deducted from the final attorneys' fee awarded to Commerce.

  **4.  Discovery Disputes**

The next category encompasses work that the Town contends should be excluded from the amount Commerce can collect because it is uncovered and arises from discovery disputes stemming from Commerce's noncompliance with discovery orders and requirements. (See Document No. 120-2 at 16). The Court notes that some of the entries in this category are intertwined with entries that the Court previously recommended be excluded under the "uncovered" category. There appears to be some overlap in the subject matter of the fees identified by the Town in the "uncovered work" and "discovery dispute" categories. For example, the Court previously rejected Commerce's requests for fees in connection with its Motion to Sever and Motion to Modify Scheduling Order. There are new entries identified in this category that fall under that same subject matter. For example, a charge of $1,360.00 on April 12, 2007 for "Preparation of Motion to Modify Scheduling Order..." and an entry on June 13, 2007 for $600.00 concerning the Motion to Sever. (See Document No. 116-4 at 24, 28). Additionally, there are entries on April 5, 2007 concerning Commerce's response to a Report and Recommendation which recommended granting relief to the Town in a discovery dispute. Id. at 21. After reviewing the entries identified as "discovery disputes" the Court accepts the Town's argument and deems a reduction of $5,339.00 to be warranted.

  **5.  Other Miscellaneous Categories**

The Town categorizes some of the time sought by Commerce to be ineligible because the time entry descriptions are incomplete, i.e., the nature of the work is "unknown." Although I previously highlighted several examples where this was an issue in connection with the fees sought for the State Case, I find the information provided by Commerce in connection with the additional examples cited by the Town to be sufficient to support a finding that the entries are compensable. Accordingly, I reject the Town's arguments in this regard. I similarly reject the Town's argument that certain work performed by Commerce's attorneys was "perfunctory" and thus a nonlegal function. After a thorough review of the fees billed, this Court finds that the fees disputed by the Town as "perfunctory" are de minimis and appear to be linked with other more substantive legal work.

In conclusion, Commerce requested a total of $78,995.54 in fees and expenses in connection with this Federal Court litigation. After thoroughly reviewing the claimed fees and expenses, I recommend that the Court GRANT Commerce's Motion with the following recommended reductions in fees: $4,425.00 for uncovered work; $3,482.00 for duplicative work; and $5,339.00 for matters that relate to uncovered discovery disputes. Thus, the Court recommends that a total of $65,749.54 be awarded to Commerce in connection with the Federal Court litigation.

### C.     **Supplemental Memorandum for Attorneys Fees**

On September 11, 2009, Commerce filed a Supplemental Motion to Increase Attorneys' Fees and Expenses. (Document No. 121). In the Motion, Commerce claims it is entitled to recover an additional $25,680.00 beyond the $129, 207.03 claimed in its original Motion filed on June 6, 2009. Commerce notes that it has "had no choice but to continue to enforce its indemnification rights against the Town, and to thereby incur further attorneys' fees and expenses, due to the Town's

incessant refusal to reimburse Commerce Park any monies whatsoever..." (Document No. 122 at 2). Although Commerce filed a "supplemental" motion and indicated that "further" fees were incurred, the overwhelming majority of the fees and expenses set forth in the Exhibits to the Motion were incurred prior to June 6, 2009, the date of the original Motion. Thus, this Supplemental Motion does not seek to allow Commerce to recover additional and/or new fees incurred since the original Motion was filed, but instead seeks to add previously incurred expenses into the Court's equation after the initial Motion was fully briefed and heard before the Court. Commerce provides no justification or explanation for its failure to include all of the fees it incurred through June 2009 in its original Motion. Commerce's attempt at piecemeal submissions of its legal fees is inefficient and prevents the Court and the parties to this matter from gaining any finality if Commerce is permitted to repeatedly return to the Court seeking an award of previously-incurred fees. In other words, its request would potentially become a perpetual moving target.

Commerce certainly is entitled to submit requests for reimbursement for fees incurred after filing its June 6, 2009 Motion, as long as the fees and expenses fall within the scope of Judge Torres' Order and are otherwise reasonable. Accordingly, the Court recommends that the District Court deny the Supplemental Motion as to any fees and expenses that were incurred on or prior to June 6, 2009. Any fees incurred from June 7, 2009 to the present are compensable only if they fall within Judge Torres' reimbursement Order and are otherwise reasonable. The Court has considered the expenses incurred post-June 6, 2009 and concludes that those expenses are reasonable and compensable. Thus, Commerce is entitled to an award of $7,410.00 for its fees and expenses incurred from June 7, 2009 through September 10, 2009.

    **D.**    **Whether Commerce is Entitled to Interest**

Finally, the parties dispute whether Commerce is entitled to an award of interest on the amount of attorneys' fees and expenses awarded. The Payment and Indemnification Provision of the Lease provides for 10% interest concerning the Town's indemnification obligations. (See Document No. 116-9, Sec. 13.3, p. 19). Thus, it is clear to this Court that the Town does have a contractual obligation to pay interest as to its indemnification obligations.

The next issue, therefore, is a determination of the date from which the interest began to accrue. Commerce argues that it made its first indemnification demand in August 2002, and contends interest should accrue from that date. The Court disagrees. In its earliest fee request, Commerce made claims for indemnification that far exceeded the eventual scope of Judge Torres' Decision. In fact, in his Decision, Judge Torres observed that Commerce, "apparently not understanding what indemnification is, has asserted a claim for millions of dollars in damages for what it asserts is the diminution in the value of its leasehold interest in the premises, a former dump site used for composting for which it pays $1 a year in rent and its interest in some adjoining property, which is not even the subject of the lease." (Document No. 116-3 at 5). Accordingly, principles of equity do not require the Town to pay interest prior to the entry of Judge Torres' Decision. Once the Decision was issued to the parties, however, the Town was on notice of the scope of its obligation to indemnify, and the Town could have tendered full or partial payment to Commerce, but chose not to and accepted the risk that interest would be awarded. Accordingly, pursuant to the contract bargained for by both parties, I recommend that the Town be ordered to pay interest at the rate of 10% per annum on the attorneys' fees and expenses awarded to Commerce, commencing on October 17, 2007, the date of Judge Torres' Decision.

**Conclusion**

For the reasons discussed above, I recommend that Commerce's Motion to Confirm Attorneys' Fees and Expenses (Document No. 116) and its Supplemental Motion to Increase Attorneys' Fees and Expenses (Document No. 121) be GRANTED in part and DENIED in part. In particular, I recommend Commerce be awarded $104,371.03 in attorneys' fees and expenses incurred through September 10, 2009. This figure includes $31,211.49 for the State Case, $65,749.54 for the Federal Court litigation and $7,410.00 in supplemental fees and expenses. Additionally, I recommend that Commerce be awarded interest on its award of fees and expenses at the contract rate of 10% per annum accruing as of October 17, 2007.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 7, 2009